CCR0961
Page:   4

# Vallie Bowman-English

Clerk

Journal

Toledo Municipal Court
555 N. Erie Street
Toledo, Ohio  43604

(419)936-3650

# Certified Journal Report

CITY OF TOLEDO
Vs.
BOSS, JOSEPH

Plea:  PLEA3-NO CONTEST

Judge:
Prosecutor:

Clerk of Court:
Attorney for Defendant:

SCHAEFER, LYNN H
CITY OF TOLEDO

Vallie Bowman-English
DEFENDER, PUBLIC

12/05/2007      Release form printed on 12/05/2007 09:07 by user GOODWIN,VICTORIA L on station 36.
                Clerk entry.    Journalized on: 12/05/2007 09:07 By: TMCLGOO2

I, Vallie Bowman-English, Clerk of The Toledo Municipal Court, do hereby certify that the foregoing is a true and correct copy of the
Journal Entry made in the above entitled cause as appears on record.
Given under my hand and seal of this court this 18 day of January, 2013.

By TROMPETER,MARCIA L
Deputy Clerk

Defendant's Exhibit 8.A, page 4

# Vallie Bowman-English

### Clerk of Court

, Toledo Municipal Court
555 North Erie Street
Toledo, OH 43624

Civil Branch (419) 245-1927
www.tmc-clerk.com
clerk@tmc-clerk.com

## Case Number: CRA-07-13711-0101

| Defendant | Case Number | Date of Birth | Charge |
|---|---|---|---|
| SHAYKIN, MARK RONALD | CRA-07-13711-0101 | 01/28/1964 | CONSPIRACY WITH ANOTHER PERSON OR PERSONS PLAN OR AID IN PLANNING COMMISSION OF SPECIFIED OFFENSES |

## Journal Details

| Date | ActivityRecord |
|---|---|
| 06/17/2007 | Affidavit Filed 06/17/2007 21:54. Warrant returned, service made. Defendant arrested and booked into Lucas County Corrections Center on 06/17/2007 21:00, Booking Number LCCC0688361. Scheduled for arraignment on 06/18/2007 09:00 in court room 3. |
| 06/18/2007 | Bond set at $50,000.00 at no percent. |
| 06/18/2007 | At the request of defendant, case continued to 06/19/2007 09:00 in courtroom 3 for Attorney. |
| 06/19/2007 | Defendant present with attorney DEFENDER, PUBLIC , #9999. |
| 06/19/2007 | Defendant requests a public defender. |
| 06/19/2007 | Defendant found indigent by Court and public defender assigned. |
| 06/19/2007 | Bond continued. |
| 06/19/2007 | At request of the Defendant, preliminary hearing set for 06/27/2007 09:00 in courtroom 3. Clerk to notify Officer/Complainant. |
| 06/20/2007 | Praecipe filed 06/20/2007 20:42 by Officer. Subpoena issued to ALLEN OLIVER 06/21/2007 08:59.. |
| 06/27/2007 | Defendant present with attorney PUBLIC DEFENDER, #9999. |
| 06/27/2007 | Bond continued. |
| 06/27/2007 | Defendant objects. |
| 06/27/2007 | At the request of prosecutor, case continued to 06/28/2007 09:00 in courtroom 3. |
| 06/28/2007 | Defendant present with attorney PUBLIC DEFENDER, #9999. |
| 06/28/2007 | Nolle prosequi entered / indictment. |

**General Disclaimer**
The case information contained within this web site is generated from computerized records maintained by the Toledo Municipal Clerk of Court, and is deemed to be public information. While every effort is made to assure the data is accurate and current, it must be accepted and used by the recipient with the understanding that no warranties, expressed or implied, concerning the accuracy, reliability or suitability of this data have been made. The Court, Clerk of Court, their agents, and the developers of this web site assume no liability whatsoever associated with the use or misuse of the data contained herein. If you would like a copy of the certified journal of a case, please call (419) 936-3650.

Defendant's Exhibit 9

555 NORTH ERIE STREET
TOLEDO, OHIO 43604
PHONE (419) 936-3650
FAX (419) 245-1801



**VALLIE BOWMAN-ENGLISH**
**CLERK OF COURT**
**TOLEDO MUNICIPAL COURT**

CRIMINAL TRAFFIC DIVISION 936-3650
CIVIL DIVISION – GENERAL 245-1927
SMALL CLAIMS 245-1926
TRUSTEESHIP 245-1924

### SUBPOENA TO TESTIFY [Crim. R. 17(A)]
### TOLMCT COPY

To: ALLEN OLIVER

**CASE NUMBER**
CRA-07-13711-0101

You are hereby commanded to appear in the Toledo Municipal Court, 555 North Erie St., Toledo, Ohio 43604, on June 27, 2007 at 9:00 am, in courtroom 3 to testify in the case of:

STATE OF OHIO Vs. SHAYKIN, MARK RONALD

this subpoena is issued on behalf of STATE OF OHIO. If you have any questions regarding this subpoena, please contact issuing party. Failure to appear as commanded may result in your being found in contempt of court.

Report to the Clerk's office on the first floor immediately after testifying.

*Vallie Bowman-English*

By: SCHWARTZ,JULI
Deputy Clerk
06/21/2007

SPECIAL INSTRUCTIONS:

RETURN OF SERVICE OF SUBPOENA (PERSONAL / RESIDENCE)

I received this subpoena on: _____, 20_____, at _____,

and made residence service of it upon _____, by leaving at

his/her usual place of residence with _____, a person of suitable age

and discretion then residing therein, a copy of the subpoena on: _____, 20_____.

Serving Officer, Title: _____

Date return made: _____, 20_____.

RETURN OF SERVICE OF SUBPOENA (FAILURE OF SERVICE)

I received this subpoena on: _____, 20_____, at _____,

with instructions to make personal/ residence service upon _____,
and I was unable to serve a copy of the subpoena on him/her for the following reasons:

_____

Serving Officer, Title: _____

Date return made: _____, 20_____.

Defendant's Exhibit 10, page 2

FILED
LUCAS COUNTY

2013 FEB 13 P 3: 37

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

Defendant's Exhibit 11, page 1

# IN THE COMMON PLEAS COURT OF LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | * | Case No. CR200702344 |
| | * | |
| vs. | * | Honorable Gene A. Zmuda |
| | * | |
| | * | **JUDGMENT ENTRY AND** |
| | * | **ORDER** |
| MARK SHAYKIN, | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on defendant's Motion to Compel Production of Allen Oliver Grand Jury Testimony filed pro se on December 27, 2012. The State of Ohio filed its Opposition to Defendant's Motion for Release of Grand Jury Testimony on January 9, 2013. The matter is now decisional.

On June 27, 2007, the Lucas County Grand Jury returned an indictment against the defendant for one count of conspiracy to commit kidnaping, a felony of the third degree and one count of possession of criminal tools, a felony of the fifth degree. On May 28, 2008, a nolle

prosequi was entered in this matter and the State of Ohio proceeded with an information against the defendant charging him with one count of attempted abduction, a felony of the fourth degree. The information was assigned case number CR200802214.  The defendant then entered a guilty plea  pursuant to North Carolina v. Alford to the charge of attempted abduction in violation of R.C. 2923.02 & 2905.02(A)(2)&(B) a felony of the 4th degree.  This Court sentenced the defendant to the Ohio Department of Rehabilitation for a period of 16 months and was granted 346 days for credit for time served.  Defendant was released from the Ohio Department of Rehabilitation and Corrections on October 14, 2008.  The defendant did not file an appeal in this matter.

Upon defendant's release from the Ohio state penitentiary, defendant was tried in Michigan and was convicted of conspiracy to commit unlawful imprisonment, two counts of solicitation of unlawful imprisonment and one count of using a computer to solicit unlawful imprisonment.  Evidence at trial indicated that defendant sought the assistance of three individuals, one of which was Allen Oliver, to help kidnap the victim.  Allen Oliver failed to, appear at trial, therefore, the Court allowed his testimony from a preliminary examination be read into the record.  Defendant is now serving a life sentence in the Michigan Department of Corrections.  Defendant did appeal his case with Michigan's Court of Appeals who later affirmed Defendant's convictions.

Defendant is seeking the testimony of Allen Oliver before the Grand Jury in the Ohio matter.  Defendant is assuming that Mr. Oliver testified based on a subpoena that was issued during the preliminary stage at the Toledo Municipal Court.  Defendant is requesting said transcript to impeach Mr. Oliver in the Michigan proceedings, in order to have a "complete

Defendant's Exhibit 11, page 2

record" to an "effective appeal".

The State argues that Mr. Oliver did not testify in the grand jury proceedings in this matter; further, the State of Ohio finds no particularized need of having the testimony of Mr. Oliver released to defendant and finally, Crim.R.16 does not support grand jury testimony to be released.

The grand jury docket indicates that only one person testified in the matter of State of Ohio v. Mark Shaykin and that person was not Allen Oliver. Therefore, this Court cannot provide this defendant with a transcript if one does not exist. Further, defendant's motion lacks to demonstrate a particularized need for the transcript other than to have a "complete record" to an "effective appeal". A "particular need" is shown "when the circumstances reveal a probability that the failure to provide the grand jury testimony will deny the defendant a fair trial." See *State v. Sellards,* 17 Ohio St.3d 169, 173, 478 N.E.2d 781(1985). As previously stated, Defendant did not file an appeal in the Ohio matter or any post conviction motion. Further, Defendant's case was already appealed and affirmed by the Michigan Court of Appeals. Finally, Crim.R. 16 does not support the granting of request of grand jury records. The Rule is intended and particularly used during pre-trial stages of a case. It is more of a procedural device.

Therefore, as reasons set forth, it is the ORDER of this Court that Defendant's Motion to Compel Production of Allen Oliver Grand Jury Testimony be denied.

IT IS SO ORDERED

_____
Judge Gene A Zmuda

Defendant's Exhibit 11, page 3

LUCAS COUNTY COURT OF COMMON PLEAS
J. BERNIE QUILTER, CLERK
700 ADAMS STREET
TOLEDO, OHIO

TIME:  8:35:28 AM
DATE:  5/12/2008

CASE:  G-4801  -CR  -200003114-000

TITLE:  S/O V ALLEN OLIVER

JUDGE: STACY L COOK

FILING DATE:  12/6/2000

CASE TYPE:  CR      CRIMINAL

---

MONETARY AMOUNT:
ORIGINAL COURT:
PREVIOUS CASE NUMBER:

DOCKET/PAGE:
TAX TYPE:
STATE OF OHIO NUMBER:

---

| Party | Counsel | Prosecutor |
|---|---|---|
| Defendant 1:<br>OLIVER ALLEN<br>3740 CAVALEAR<br>TOLEDO, OH  43606 | DONALD H. CAMERON<br>4192550571<br>413 NORTH MICHIGAN<br>STREET<br>TOLEDO, OH  436241606 | JAMES E. VAIL |

---

| COUNT | PARTY | DESCRIPTION | ABBREV. |
|---|---|---|---|
| 1 | (D -1)OLIVER ALLEN | FAILURE TO APPEAR | F4 |
| 2 | (D -1)OLIVER ALLEN | ESCAPE | F2 |

---

| DATE | SEQ | EVENT |
|---|---|---|
| 12/1/2000 | 1 | Title : OPN:JUVENILE CERTIF'D AS ADULT<br>VIOLATION OF O.R. RELEASE (DOCKETED 2/6/2001)<br>PARTY : D1 - OLIVER ALLEN |
| 12/1/2000 | 2 | Title : BND:BOND SET<br>$10,000.00 NO 10% (DOCKETED 2/6/01)<br>PARTY : D1 - OLIVER ALLEN |
| 12/6/2000 | 1 | Title : OPN:ORIG INDICTMENT FILED<br>C-184-684<br>PARTY : D1 - OLIVER ALLEN |
| 12/6/2000 | 2 | Title : BND:NO BOND SET (CLERKS)<br>PARTY : D1 - OLIVER ALLEN |
| 12/6/2000 | 4 | Title : JRE:EXISTING PENDING CASE<br>CR00-1525<br>PARTY : - |
| 12/11/2000 | 1 | Title : WAR:WARRANT ISSUED BY CLERK<br>C02-02592 issued by CDD (8930) WAR:WARRANT ISSUED BY CLERK<br>PARTY : D1 - OLIVER ALLEN |
| 12/11/2000 | 2 | Title : HRG:ARRAIGNMENT SET<br>December 14, 2000 at 10:00 a.m.<br>PARTY : D1 - OLIVER ALLEN |
| 12/12/2000 | 1 | Title : WAR:WARRANT RETURN FILED<br>SERVED ON 12/12/00<br>PARTY : D1 - OLIVER ALLEN |
| 12/12/2000 | 2 | Title : WAR:WARRANT SERVED ON DEFENDNT<br>PARTY : D1 - OLIVER ALLEN |

Defendant's Exhibit 12, page 1

14/2000  1  Title : MIS:CASE CONT AT DEF REQUEST
772-29078 issued by ALW (GENERAL CONTINUANCE FOR CRIMINAL CA
Dated December 14, 2000. Court Reporter VERN NELSON
ordered. State of Ohio: JAMES VAIL. Indigency hearing held
DONALD H. CAMERON not present and appointed as counsel on
behalf of the defendant. Defendant, ALLEN OLIVER present in
court.
Matter called for Arraignment. Pursuant to the request of
Defendant, matter rescheduled for Arraignment and appearance
of appointed counsel on Friday, December 15, 2000 at 9:30
a.m.
Bond is set at $10,000.00 no 10% x 2.
JUDGE WILLIAM J. SKOW
**PARTY : D1 - OLIVER ALLEN**

12/14/2000  3  Title : ORD:ATTORNEY APPOINTED
Don Cameron
**PARTY : D1 - OLIVER ALLEN**

12/15/2000  1  Title : ARR HELD AND COUNSEL APPOINTED
770-03367 issued by ALW (ARR HELD AND COUNSEL APPOINTED)
Dated December 15, 2000. Court Reporter VERN NELSON
ordered. State of Ohio: JAMES VAIL. Defendant, ALLEN OLIVER
present in court. Indigency hearing held DONALD H. CAMERON
appointed as counsel. Counsel present and matter proceeded
to arraignment.
Defendant acknowledged receipt of a copy of the indictment,
waived any defects as to time, place or manner of service,
and waived its reading in open Court. Defendant entered a
plea of Not Guilty.
At the request of the Defendant, matter set for Pretrial on
Friday, December 22, 2000 at 9:30 a.m.
Bond is continued.
JUDGE WILLIAM J. SKOW
**PARTY : D1 - OLIVER ALLEN**

12/18/2000  1  Title : EVT:ORD FILE/JOUR$ THRU9/23/03
RESCHEDULED ARRAIGNMENT C-184-1600
**PARTY : D1 - OLIVER ALLEN**

12/18/2000  2  Title : EVT:ORD FILE/JOUR$ THRU9/23/03
ARRAIGNMENT C-184-1677
**PARTY : D1 - OLIVER ALLEN**

12/22/2000  1  Title : MIS:CASE CONT AT DEF REQUEST
772-29276 issued by CDM (GENERAL CONTINUANCE FOR CRIMINAL CA
Dated December 12, 2000. Court Reporter VERN NELSON
ordered. State of Ohio: TIM BRAUN. DONALD H. CAMERON
present on behalf of the defendant. Defendant, ALLEN OLIVER
present in court.
Matter called for Pretrial. Pursuant to the request of
Defendant matter rescheduled for Pretrial on January 5, 2001
at 9:30 a.m.
Defendant waived time constraints in writing and in open
court.
Bond is continued.
JUDGE WILLIAM J. SKOW
**PARTY : D1 - OLIVER ALLEN**

12/22/2000  3  Title : EVT:WAIVER TIME FILED/JOURNAL
C-185-370
**PARTY : D1 - OLIVER ALLEN**

Defendant's Exhibit 12, page 2

2/27/2000   1   Title : EVT:ORD FILE/JOUR$ THRU9/23/03
RESCHEDULED PRETRIAL C-185-485
**PARTY : D1 - OLIVER ALLEN**

1/5/2001   1   Title : MIS:CASE CONT AT DEF REQUEST
772-29483 issued by CDM (GENERAL CONTINUANCE FOR CRIMINAL CA
Dated January 5, 2001. Court Reporter VERN NELSON ordered.
State of Ohio: TIM BRAUN. DONALD H. CAMERON present on
behalf of the defendant. Defendant, ALLEN OLIVER present in
court.
Matter called for Pretrial. Pursuant to the request of
Defendant matter rescheduled for Pretrial on January 8, 2001
at 2:00 p.m.
Bond is continued.
JUDGE WILLIAM J. SKOW
**PARTY : D1 - OLIVER ALLEN**

1/8/2001   1   Title : SB2 PLEA ENTERED
796-00579 issued by CDM (ALFORD PLEA ENTERED)
Dated January 8, 2001. Court Reporter VERN NELSON ordered.
State of Ohio: TIM BRAUN. DONALD H. CAMERON present on
behalf of the defendant. Defendant, ALLEN OLIVER present in
court.
The Defendant in open Court, orally and in writing waived
right to trial by jury or to the Court, withdrew the
previous plea of not guilty, and entered a plea of Guilty
pursuant to North Carolina v. Alford to the offense of
Failure to Appear in violation of Revised Code Section
2937.29 & 2937.99(A)(B) a Felony of the Fourth degree. Plea
accepted and ordered filed and pursuant to statements made
by the State of Ohio, finding of guilt made.
Defendant referred to the Pretrial/Presentence Department
for a Presentence investigation and report.
Matter set for sentencing on February 1, 2001 at 10:00 a.m.
Bond continued.
JUDGE WILLIAM J. SKOW
**PARTY : D1 - OLIVER ALLEN**

1/9/2001   1   Title : EVT:ORD FILE/JOUR$ THRU9/23/03
PLEA HEARING C-185-1307
**PARTY : D1 - OLIVER ALLEN**

1/9/2001   2   Title : EVT:PLEA FILED & JOURNALIZED
C-185-1308
**PARTY : D1 - OLIVER ALLEN**

1/9/2001   3   Title : EVT:ORD FILE/JOUR$ THRU9/23/03
RESCHEDULED PRETRIAL C-185-1326
**PARTY : D1 - OLIVER ALLEN**

1/31/2001   1   Title : MIS:REC'D PSI/PV/CCV REPORT
**PARTY : D1 - OLIVER ALLEN**

2/1/2001   1   Title : SENTENCED TO JAIL (SB2)
781-01391 issued by 413 (SB2 INCARCERATION FOR F4/F5)
On February 1, 2001, defendant's sentencing hearing was held
pursuant to R.C. 2929.19. Court reporter VERN NELSON,
defense attorney DONALD H. CAMERON and the State's attorney
TIMOTHY BRAUN were present as was the defendant who was
afforded all rights pursuant to Crim.R. 32. The Court has
considered the record, oral statements, any victim impact
statement and presentence report prepared, as well as the

Defendant's Exhibit 12, page 3

principles and purposes of sentencing under R.C. 2929.11,
and has balanced the seriousness and recidivism factors
under R.C. 2929.12.
The Court finds that defendant has been convicted of Count
One, Failure to Appear, a violation of R.C. 2937.29 &
2937.99 (A)(B), a felony of the 4th degree.
The Court further finds pursuant to R.C. 2929.13(B)
defendant would re-offend if not given a State sentence and
past criminal history.
The Court further finds the defendant is not amenable to
community control and that prison is consistent with the
purposes of R.C. 2929.11.
It is ORDERED that defendant serve a term of 12 months in
prison.
This sentence is ordered to be served concurrently to the
sentence imposed in CR00-1525.
Defendant has been given notice under R.C. 2929.19(B)(3)
and of appellate rights under R.C. 2953.08.
Pursuant to the request of the State of Ohio a nolle
prosequi is entered as to Count Two.
Defendant is ORDERED conveyed to the custody of the Ohio
Department of Rehabilitation and Corrections forthwith.
Credit for zero (0) days is granted as of this date along
with future custody days while defendant awaits
transportation to the appropriate state institution.
Defendant is ordered to pay any restitution, all prosecution
costs, court appointed counsel costs and any fees permitted
pursuant to R.C. 2929.18(A)(4). Defendant is remanded into
the custody of the Lucas County Sheriff's Department.
JUDGE WILLIAM J. SKOW
**PARTY : D1 - OLIVER ALLEN**

2/5/2001     1     Title : EVT:JE FILE/JOUR $ THRU9/23/03
                  SENTENCE C-187-457
                  **PARTY : D1 - OLIVER ALLEN**

2/9/2001     1     Title : WAR:COMMIT TO CRC
                  JT3-02480 issued by JAR (8918) WAR:COMMIT TO CRC
                  **PARTY : D1 - OLIVER ALLEN**

2/22/2005    1     Title : JRE:CORRECT JUDGE DESIGNATION
                  **PARTY : -**

3/8/2006     1     Title : ORD:NUNC PRO TUNC
                  715-00275 issued by 203 ()
                  Nunc Pro Tunc Judgment Entry correcting the sentencing
                  entry to reflect the Defendant having been given notice of
                  appellate rights under R.C. 2953.08 and post release
                  control notice under R.C. 2929.19(B)(3) and R.C. 2967.28.
                  On February 1, 2001, defendant's sentencing hearing was
                  held pursuant to R.C. 2929.19. Court reporter VERN
                  NELSON, defense attorney DONALD H. CAMERON and the
                  State's attorney TIMOTHY BRAUN were present as was the
                  defendant who was afforded all rights pursuant to Crim. R.
                  32. The Court has considered the record, oral statements,
                  any victim impact statement and presentence report
                  prepared, as well as the principles and purposes of
                  sentencing under R.C. 2929.11, and has balanced the
                  seriousness and recidivism factors under R.C. 2929.12.
                  The Court finds that defendant has been convicted of Count
                  One, Failure to Appear, a violation of R.C. 2937.29 &
                  2937.99 (A)(B), a felony of the 4th degree.

Defendant's Exhibit 12, page 4

The Court further finds pursuant to R.C. 2929.13(B)
defendant would re-offend if not given a State sentence
and past criminal history.
The Court further finds the defendant is not amenable to
community control and that prison is consistent with the
purposes of R.C. 2929.11.
It is ORDERED that defendant serve a term of 12 months in
prison.
This sentence is ordered to be served concurrently to the
sentence imposed in CR00-1525.
Defendant given notice of appellate rights under R.C.
2953.08 and post release control notice under R.C.
2929.19(B)(3) and R.C. 2967.28.
Pursuant to the request of the State of Ohio a nolle
prosequi is entered as to Count Two.
Defendant is ORDERED conveyed to the custody of the Ohio
Department of Rehabilitation and Corrections forthwith.
Credit for zero (0) days is granted as of this date along
with future custody days while defendant awaits
transportation to the appropriate state institution.
Defendant is ordered to pay any restitution, all
prosecution costs, court appointed counsel costs and any
fees permitted pursuant to R.C. 2929.18(A)(4). Defendant
is remanded into the custody of the Lucas County Sheriff's
Department.
Dated:JUDGE JACK ZOUHARY
**PARTY : D1 - OLIVER ALLEN**

3/8/2006   2   Title : EVT:ORDER FILED & JOURNAL NO $
NUNC PRO TUNC IN RE: TO POST RELEASE CONTROL C-300-142
**PARTY : D1 - OLIVER ALLEN**

3/10/2006   1   Title : EVT:CERTIFIED COPY SENT
NUNC PRO TUNC JE IN RE: TO POST RELEASE CONTROL
BUREAU OF SENTENCE COMPUTATION
P.O. BOX 450
ORIENT, OH 43146-0450
GREGORY TROUT
ATTN: HERNANDEZ
1050 FREEWAY DRIVE NORTH
COLUMBUS, OH 43229
**PARTY : D1 - OLIVER ALLEN**

5/22/2006   1   Title : JRE:PROCESSING JUDGE CHANGE
**PARTY : -**

1/2/2007   1   Title : JRE:PROCESSING JUDGE CHANGE
**PARTY : -**

5/22/2007   1   Title : EVT:TYPE 1 COLLECTION LTR MAIL
**PARTY : D1 - OLIVER ALLEN**

7/26/2007   1   Title : EVT:TREASURER 25% COLLECT FEE
**PARTY : D1 - OLIVER ALLEN**

7/26/2007   2   Title : EVT:TYPE 2 COLLECTION LTR MAIL
**PARTY : D1 - OLIVER ALLEN**

Disclaimer : The public record information available here reflects the docket entries and journals required by Ohio law to be kept by the Lucas County Clerk of the Court of Common Pleas. This information reflects the actual documents filed and kept at the Clerk of Courts Legal Division, located in the Lucas County Courthouse, at Adams and Erie Streets in Toledo, Ohio, 43624. The data entry, though generally deemed reliable, cannot be guaranteed. The information may appear on the Internet Docket before the entry is actually signed and journalized. Of course the proposed action is official only when signed and journalized. In no event shall the Lucas County Clerk of the Court of Common Pleas, or any other Lucas County department, agency, or official be held liable for damage of any nature, direct or indirect, arising from the use of this Internet product; including loss of profits, loss of savings, or other incidental or consequential damages.

*Defendant's Exhibit 12, page 5*

http://apps.co.lucas.oh.us/onlinedockets/Docket.aspx?STYPE=1&PAR=CR200003114-00...   5/12/2008

FILED
LUCAS COUNTY

2001 FEB -5 P 2:01

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

IN THE COMMON PLEAS COURT, LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | * | CASE NO: |
| Plaintiff. | * | G-4801-CR-0200003114 |
| | * | |
| v. | * | JUDGMENT ENTRY |
| | * | |
| ALLEN OLIVER | * | |
| Defendant. | * | JUDGE WILLIAM J. SKOW |
| | * | |
| | * | |

* * * * * * *

On February 1, 2001, defendant's sentencing hearing was held pursuant to R.C. 2929.19. Court reporter VERN NELSON, defense attorney DONALD H. CAMERON and the State's attorney TIMOTHY BRAUN were present as was the defendant who was afforded all rights pursuant to Crim.R. 32. The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.

The Court finds that defendant has been convicted of Count One, Failure to Appear, a violation of R.C. 2937.29 & 2937.99 (A)(B), a felony of the 4th degree.

The Court further finds pursuant to R.C. 2929.13(B) defendant would re-offend if not given a State sentence and past criminal history.

The Court further finds the defendant is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11.

It is ORDERED that defendant serve a  term of 12 months in prison.     **JOURNALIZED**

This sentence is ordered to be served concurrently to the sentence imposed in CR80015 2001

Cassette 187
P.G. 457

Defendant's Exhibit 12.A, page 1

Defendant has been given notice under R.C. 2929.19(B)(3) and of appellate rights under R.C. 2953.08.

Pursuant to the request of the State of Ohio a nolle prosequi is entered as to Count Two.

Defendant is ORDERED conveyed to the custody of the Ohio Department of Rehabilitation and Corrections forthwith. Credit for zero (0) days is granted as of this date along with future custody days while defendant awaits transportation to the appropriate state institution. Defendant is ordered to pay any restitution, all prosecution costs, court appointed counsel costs and any fees permitted pursuant to R.C. 2929.18(A)(4). Defendant is remanded into the custody of the Lucas County Sheriff's Department.

JUDGE WILLIAM J. SKOW

FILED
LUCAS COUNTY

2001 FEB -5 P 2: 01

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

Defendant's Exhibit 12.A, page 2

**JOURNALIZED**

FEB 0 5 2001

Cassette ___ 187

P.G. ___ 457

THE  STATE OF OHIO, LUCAS COUNTY, ss.

I, J. BERNIE QUILTER, Clerk of the Court of Common Pleas in and for said County, do hereby certify that the within and foregoing is a full, true and correct copy of the original indictment, together with the instruments thereon, now on file in my office.

WITNESS my hand and seal of said Court at Toledo, Ohio, this_____day of_____, 2007.

J. BERNIE QUILTER, Clerk.

By:_____, Deputy.

FILED
LUCAS COUNTY

2007 APR 25 P 1: 59

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

No. CR07-01877

Lucas County Common Pleas Court

THE STATE OF OHIO

vs.

Allen Oliver

INDICTMENT FOR

FAILURE TO NOTIFY-§2950.05(E)(1) and §2950.99(A)

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

, ISSUE WARRANT
PROSECUTING ATTORNEY

Julia R. Bates

PROSECUTING ATTORNEY

ORIGINAL

FILED
LUCAS COUNTY

2007 MAY 30 A 8: 52

ORIGINAL

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

## IN THE COURT OF COMMON PLEAS
## LUCAS COUNTY, OHIO

State of Ohio,

    Plaintiff,

vs.

Allen Oliver,

    Defendant.

)  Case No. CR 2007-1877

)  Judge: Linda Jennings

)  **WRITTEN PLEA OF NOT GUILTY**
   **BY REASON OF INSANITY**

)
   Daniel C. Arnold (0081024)
)  Gregory L. Arnold & Associates Ltd.
   Attorney For Defendant
)  608 Madison Avenue
   Suite 1400
)  Toledo, Ohio 43604
   419-241-4441 P
   419-246-5764 F

* * *

Now comes the Defendant, Allen Oliver, by and through his attorney and enters a plea of Not Guilty by Reason of Insanity.

Daniel C. Arnold
Attorney for Defendant

1

Defendant's Exhibit 14

FILED
LUCAS COUNTY

2007 AUG 31 P 3: 40

MMON PLEAS COURT

IN THE COMMON PLEAS COURT, LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | * | CASE NO: |
| Plaintiff. | * | G-4801-CR-0200701877-000 |
| | * | |
| v. | * | ORDER |
| | * | |
| ALLEN OLIVER | * | |
| Defendant. | * | JUDGE LINDA J JENNINGS |
| | * | |
| | * | |

\* \* \* \* \* \* \* \*

Dated August 29, 2007. Court Reporter KENDRA LAKE, Assistant Prosecutor BRUCE SORG, DANIEL ARNOLD, on behalf of Defendant, and Defendant ALLEN OLIVER present in court.

Hearing held on defendant's competence to stand trial pursuant to R.C. 2945.37 and 2945.38 on this date. The report from CD&TC dated August 15, 2007, prepared by Thomas Sherman, M.D., received and admitted into evidence without objection, as Court's Exhibit "A".

Defendant found incompetent to stand trial. Based upon the evidence, court found that there is substantial probability that the defendant will become competent to stand trial within one year if provided with a course of treatment. Having considered the dangerousness of defendant to himself and others, the need for security, and the type of crime involved, the Court found that the least restrictive placement alternative available that is consistent with public safety and treatment goals is treatment at Northcoast Behavioral Healthcare System, Toledo Campus. NBHS ordered to submit reports as required by R.C. 2945.38(E)(1) through (4).

Hearing to be set pursuant to statute.

Bond Revoked. Defendant is remanded into the custody of the Lucas County Sheriff's Department for transportation to Northcoast Behavioral Healthcare System, Toledo Campus.

JUDGE LINDA J JENNINGS

E - JOURNALIZED
LUCAS COUNTY IMAGING
SYSTEM JOURNALIZED
JOURNALIZED: 9/4/2007
JOURNAL ID: 1937311

Defendant's Exhibit 15

FILED
<br>
`AS COUNTY`

`.. .. -2  A . 42`

`URT`
<br>
`. 5`

IN THE COMMON PLEAS COURT, LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | * | CASE NO: |
| Plaintiff. | * | G-4801-CR-0200701877-000 |
| | * | |
| v. | * | ORDER |
| | * | |
| ALLEN OLIVER | * | |
| Defendant. | * | JUDGE LINDA J JENNINGS |
| | * | |
| | * | |

\* \* \* \* \* \* \*

The Sheriff of Lucas County is ordered to convey the defendant, ALLEN OLIVER, from the Northcoast Behavioral Healthcare System, Toledo Campus, to the Lucas County Court of Common Pleas on Wednesday, November 7, 2007, at 1:30 p.m. for the purpose of competency hearing before the Honorable LINDA J JENNINGS. The defendant has been charged with the offense of Failure to Comply w/An Order or Signal of a Police Officer.

DEFENDANT TO BE HELD AT LCCC UNTIL FURTHER ORDER OF THIS COURT.

JUDGE LINDA J JENNINGS

Dated: 11-1-07

E - JOURNALIZED **JURNALIZED**
LUCAS COUNTY IMAGING
SYSTEM
JOURNALIZED: 11/2/2007 2007
JOURNAL ID: 2019077

Defendant's Exhibit 16



IN THE COMMON PLEAS COURT, LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | * | CASE NO: |
|     Plaintiff. | * |    G-4801-CR-0200701877-000 |
| | * | |
| v. | * | ORDER |
| | * | |
| ALLEN OLIVER | * | |
|     Defendant. | * | JUDGE LINDA J JENNINGS |
| | * | |
| | * | |

\* \* \* \* \* \* \*

Dated November 14, 2007. Court Reporter KENDRA LAKE ordered. State of Ohio: BRUCE SORG. Defendant present and represented by DANIEL ARNOLD.

A hearing was held on defendant's competence to stand trial pursuant to R.C. 2945.37 and 2945.38. The report from Northcoast Behavioral Healthcare System dated November 9, 2007, prepared by Colleen Snitch, was received and admitted into evidence. Based upon the report, the defendant is found competent to stand trial.

Defendant referred to Court Diagnostic and Treatment Center pursuant to O.R.C. Section 2945.371(G)(4)/Criminal Responsibility-Insanity).

Matter scheduled for Hearing on NGRI on December 12, 2007 at 1:30 p.m.

Bond continued. Defendant is remanded into the custody of the Lucas County Sheriff's Department.

JUDGE LINDA J JENNINGS

E - JOURNALIZED
LUCAS COUNTY IMAGING
SYSTEM
JOURNALIZED: 11/19/2007
JOURNAL ID: 2044602

G-4801-CR-0200701877-000-ALLEN OLIVER-November 14, 2007-570 - 00499- Page 1

Defendant's Exhibit 17

Defendant's Exhibit 18, page 1

IN THE COMMON PLEAS COURT, LUCAS COUNTY, OHIO

STATE OF OHIO
        Plaintiff.

v.

ALLEN OLIVER
        Defendant.

        \*   CASE NO:
        \*     G-4801-CR-0200701877-000
        \*
        \*   JUDGMENT ENTRY
        \*
        \*
        \*   JUDGE LINDA J JENNINGS
        \*
        \*

\* \* \* \* \* \* \*

On January 30, 2008 defendant's sentencing hearing was held pursuant to R.C. 2929.19. Court reporter KENDRA LAKE, defense attorney DANIEL ARNOLD and the State's attorney MARLA OSGOOD were present as was the defendant who was afforded all rights pursuant to Crim.R. 32. The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.

The Court finds that defendant has been convicted of Failure to Notify, a violation of R.C. 2950.05(E)(1)&.99(A), being a felony of the 3rd degree.

The Court further finds the defendant is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11.

It is ORDERED that defendant serve a term of TWO years in prison.

Defendant given notice of appellate rights under R.C. 2953.08 and post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28.

Court Diagnostic Report dated January 22, 2007 prepared by Thomas Sherman, MD., is

E - JOURNALIZED
LUCAS COUNTY IMAGING
SYSTEM JOURNALIZED
JOURNALIZED: 2/4/2008
JOURNAL ID: 2145842
FEB - 4 2008

G-4801-CR-0200701877-000-ALLEN OLIVER-January 30, 2008-779 - 01390- Page 1

marked and admitted into evidence.

The Court further finds pursuant to RC 2929.14(K), the defendant is NOT a proper candidate for placement in a program of shock incarceration or the intensive program prison.

Defendant is ORDERED conveyed to the custody of the Ohio Department of Rehabilitation and Corrections. Credit for 135 days is granted as of this date along with future custody days while defendant awaits transportation to the appropriate state institution.

Defendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law. Defendant ordered to reimburse the State of Ohio and Lucas County for such costs. This order of reimbursement is a judgment enforceable pursuant to law by the parties in whose favor it is entered. Defendant further ordered to pay the cost assessed pursuant to R.C. 9.92(C), 2929.18 and 2951.021. Notification pursuant to R.C. 2947.23 given.

Defendant ordered remanded into custody of Lucas County Sheriff for immediate transportation to appropriate state institution.

JUDGE LINDA L. JENNINGS

G-4801-CR-0200701877-000-ALLEN OLIVER-January 30, 2008-779 - 01890- Page 2

Defendant's Exhibit 18, page 2

LUCAS COUNTY COURT OF COMMON PLEAS
J. BERNIE QUILTER, CLERK
700 ADAMS STREET
TOLEDO, OHIO

TIME: 8:35:02 AM
DATE: 5/12/2008

CASE: G-4801 -CR -200001525-000

TITLE: S/O V ALLEN OLIVER

JUDGE: STACY L COOK

FILING DATE: 3/28/2000

CASE TYPE: CR     CRIMINAL

MONETARY AMOUNT:

ORIGINAL COURT:

PREVIOUS CASE NUMBER:

DOCKET/PAGE:

TAX TYPE:

STATE OF OHIO NUMBER:

| Party | Counsel | Prosecutor |
|---|---|---|
| Defendant 1:<br>OLIVER ALLEN<br>3740 CAVALEAR<br>TOLEDO, OH 43606 | DONALD H. CAMERON<br>4192550571<br>413 NORTH MICHIGAN<br>STREET<br>TOLEDO, OH 436241606 | THOMAS N TOMCZAK |

| COUNT | PARTY | DESCRIPTION | ABBREV. |
|---|---|---|---|
| 1 | (D -1)OLIVER ALLEN | KIDNAPPING & 2941.147 SPEC | F1 |
| 2 | (D -1)OLIVER ALLEN | RAPE | F1 |

| DATE | SEQ | EVENT |
|---|---|---|
| 3/15/2000 | 1 | Title : OPN:JUVENILE CERTIF'D AS ADULT<br>RAPE<br>**PARTY : D1 - OLIVER ALLEN** |
| 3/15/2000 | 2 | Title : BND:BOND SET<br>$50,000.00; NO 10%<br>**PARTY : D1 - OLIVER ALLEN** |
| 3/15/2000 | 3 | Title : OPN:JUVENILE CERTIF'D AS ADULT<br>KIDNAPPING<br>**PARTY : D1 - OLIVER ALLEN** |
| 3/15/2000 | 4 | Title : BND:BOND SET<br>$35,000.00; NO 10%<br>**PARTY : D1 - OLIVER ALLEN** |
| 3/28/2000 | 1 | Title : OPN:INDICTMENT FILED<br>C-171-493<br>**PARTY : D1 - OLIVER ALLEN** |
| 3/28/2000 | 3 | Title : MTN:BLOOD TESTING<br>FILED BY PROSECUTOR<br>**PARTY : D1 - OLIVER ALLEN** |
| 3/29/2000 | 1 | Title : WAR:WARRANT ISSUED BY CLERK<br>C02-01849 issued by CDD (8930) WAR:WARRANT ISSUED BY CLERK<br>**PARTY : D1 - OLIVER ALLEN** |
| 3/29/2000 | 2 | Title : HRG:ARRAIGNMENT SET<br>March 30, 2000 at 10:00 A.M.<br>**PARTY : D1 - OLIVER ALLEN** |
| 3/30/2000 | 1 | Title : ------------------------------<br>772-23115 issued by ALW (GENERAL CONTINUANCE FOR CRIMINAL CA |

Defendant's Exhibit 19, page 1

PARTY : D1 - OLIVER ALLEN

/2000   2   Title : MIS:CR, S/O, DEF PRESENT
NELSON/TOMCZAK
ATTY G. GERKEN
PARTY : D1 - OLIVER ALLEN

3/30/2000   3   Title : ORD:DEFENDANT FOUND INDIGENT
PARTY : D1 - OLIVER ALLEN

3/30/2000   4   Title : ORD:ATTORNEY APPOINTED
G. GERKEN
PARTY : D1 - OLIVER ALLEN

3/30/2000   5   Title : MIS:CASE CONT AT DEF REQUEST
PARTY : D1 - OLIVER ALLEN

3/30/2000   6   Title : HRG:ARRAIGNMENT SET
FRI., MAR. 31, 2000 AT 9:30 A.M.
PARTY : D1 - OLIVER ALLEN

3/30/2000   7   Title : BND:BOND SET
AT $25,000.00 NO 10%, AS TO EACH OF THE 2 COUNTS.
PARTY : D1 - OLIVER ALLEN

3/30/2000   8   Title : -------------------------------
-------------------------------
PARTY : D1 - OLIVER ALLEN

3/30/2000   9   Title : WAR:DEFD'T ARREST WARR/CAPIAS
PARTY : D1 - OLIVER ALLEN

3/30/2000   10   Title : WAR:WARRANT SERVED ON DEFENDNT
PARTY : D1 - OLIVER ALLEN

3/31/2000   1   Title : WAR:WARRANT RETURN FILED
SERVED ON 3/30/2000
PARTY : D1 - OLIVER ALLEN

3/31/2000   2   Title : -------------------------------
801-01317 issued by DMS (ARRAIGNMENT)
PARTY : D1 - OLIVER ALLEN

3/31/2000   3   Title : MIS:CR, S/O, ATTY, DEF PRESEN
COURT REPORTER VERN NELSON
ATTY G. GERKEN
PARTY : D1 - OLIVER ALLEN

3/31/2000   4   Title : HRG:ARRAIGNMENT HELD
PARTY : D1 - OLIVER ALLEN

3/31/2000   5   Title : NOT GUILTY PLEA ENTERED
PARTY : D1 - OLIVER ALLEN

3/31/2000   6   Title : HRG:PRETRIAL SET
4/3/00 AT 9:30 A.M.
PARTY : D1 - OLIVER ALLEN

3/31/2000   7   Title : BND:BOND CONTINUED
PARTY : D1 - OLIVER ALLEN

3/31/2000   8   Title : HRG:BOND HEARING SET
4/3/00 AT 9:30 A.M.
PARTY : D1 - OLIVER ALLEN

3/31/2000   9   Title : -------------------------------
PARTY : D1 - OLIVER ALLEN

Defendant's Exhibit 19, page 2

| | | |
|---|---|---|
| 000 | 1 | Title : ------------------------------<br>771-04335 issued by JML (PRETRIAL HELD)<br>**PARTY : D1 - OLIVER ALLEN** |
| 4/3/2000 | 2 | Title : MIS:CR, S/O, ATTY, DEF PRESEN<br>V. Nelson; T. Tomczak; G. Gerken<br>**PARTY : D1 - OLIVER ALLEN** |
| 4/3/2000 | 3 | Title : HRG:PRETRIAL HEARING HELD<br>**PARTY : D1 - OLIVER ALLEN** |
| 4/3/2000 | 4 | Title : JURY TRIAL SET<br>May 22, 2000 at 9:00 a.m.<br>**PARTY : D1 - OLIVER ALLEN** |
| 4/3/2000 | 5 | Title : BND:BOND CONTINUED<br>**PARTY : D1 - OLIVER ALLEN** |
| 4/3/2000 | 6 | Title : ------------------------------<br>**PARTY : D1 - OLIVER ALLEN** |
| 4/3/2000 | 7 | Title : MTN:BILL OF PARTICULARS FILED<br>**PARTY : D1 - OLIVER ALLEN** |
| 4/3/2000 | 8 | Title : MTN:TO COMPEL FILED<br>REQUEST AND ALTERNATE DISCOVERY<br>**PARTY : D1 - OLIVER ALLEN** |
| 4/3/2000 | 9 | Title : MTN:FOR DISCOVERY FILED<br>FILED BY PROSECUTOR<br>**PARTY : D1 - OLIVER ALLEN** |
| 4/3/2000 | 10 | Title : EVT:ORD FILE/JOUR$ THRU9/23/03<br>PRETRIAL C-171-889<br>**PARTY : D1 - OLIVER ALLEN** |
| 4/3/2000 | 11 | Title : EVT:ORD FILE/JOUR$ THRU9/23/03<br>RESCHEDULED ARRAIGNMENT C-171-890<br>**PARTY : D1 - OLIVER ALLEN** |
| 4/3/2000 | 12 | Title : EVT:J.E. FILED & JOURNALIZED<br>BLOOD TESTING C-171-895<br>**PARTY : D1 - OLIVER ALLEN** |
| 4/4/2000 | 1 | Title : EVT:ORD FILE/JOUR$ THRU9/23/03<br>ARRAIGNMENT C-171-1011<br>**PARTY : D1 - OLIVER ALLEN** |
| 4/27/2000 | 1 | Title : FRM:HIV RESULTS SENT DEF<br>501-00060 issued by 203 (1ST AIDS LETTER TO DEFENDANT & VICT<br>**PARTY : D1 - OLIVER ALLEN** |
| 4/27/2000 | 2 | Title : FRM:NOTICE TO VICTIM/HIV AVAIL<br>**PARTY : D1 - OLIVER ALLEN** |
| 5/22/2000 | 1 | Title : MIS:CASE CONT AT DEF REQUEST<br>772-24338 issued by CDM (GENERAL CONTINUANCE FOR CRIMINAL CA<br>Dated May 22, 2000. Court Reporter VERN NELSON ordered.<br>State of Ohio: BRUCE SORG. GEORGE GERKEN present on behalf<br>of the defendant. Defendant, ALLEN OLIVER present in court.<br>Matter called for Trial. Pursuant to the request of<br>Defendant matter rescheduled for Trial on June 28, 2000 at<br>9:00 a.m.<br>Defendant waived time constraints in writing and in open<br>court. |

Defendant's Exhibit 19, page 3

Bond is continued.
JUDGE WILLIAM J. SKOW
**PARTY** : D1 - OLIVER ALLEN

5/22/2000   3   Title : EVT:ORD FILE/JOUR$ THRU9/23/03
RESCHEDULED TRIAL C-174-79
**PARTY** : D1 - OLIVER ALLEN

5/22/2000   4   Title : EVT:WAIVER TIME FILED/JOURNAL
C-174-80
**PARTY** : D1 - OLIVER ALLEN

5/22/2000   6   Title : CAL:TRIAL
Calendar Posting on 07-27-2000
**PARTY** : -

6/28/2000   1   Title : MIS:CASE CONT AT DEF REQUEST
772-25093 issued by CDM (GENERAL CONTINUANCE FOR CRIMINAL CA
Dated June 28, 2000. Court Reporter VERN NELSON ordered.
State of Ohio: CHRISTOPHER ANDERSON. GEORGE GERKEN present
on behalf of the defendant. Defendant, ALLEN OLIVER present
in court.
Matter called for Trial. Pursuant to the request of
Defendant matter rescheduled for Pretrial on July 14, 2000
at 9:30 a.m.
Bond is re-set at S/OR with Electronic Monitoring with no
victim contact with Leslie Watson and is to reside with
mother at 1502 Western Ave; and $20,000.00 with 10% approved
as to count two.
JUDGE WILLIAM J. SKOW
**PARTY** : D1 - OLIVER ALLEN

6/29/2000   1   Title : EVT:ORD FILE/JOUR$ THRU9/23/03
RESCHEDULED PRETRIAL C-175-1338
**PARTY** : D1 - OLIVER ALLEN

7/6/2000   4   Title : BND:SUPERVISED OR BOND ISSUED
W/ELECTRONIC MONITORING
**PARTY** : D1 - OLIVER ALLEN

7/6/2000   5   Title : BND:10% CASH BOND ISSUED
$20,000.00 @ 10% =$2,000.00 AS TO COUNT 2
**PARTY** : D1 - OLIVER ALLEN

7/14/2000   1   Title : HRG:PRETRIAL HEARING HELD
771-04733 issued by CDM (PRETRIAL HELD)
Dated July 14, 2000. Court Reporter VERN NELSON ordered.
State of Ohio: TOM TOMCZAK. GEORGE GERKEN present on behalf
of the defendant. Defendant, ALLEN OLIVER present in court.
Matter called for Pretrial Hearing. Pretrial had. Matter
set for Trial on August 21, 2000 at 9:00 a.m.
Defendant waived time constraints in writing and in open
court.
Bond is continued.
JUDGE WILLIAM J. SKOW
**PARTY** : D1 - OLIVER ALLEN

7/14/2000   3   Title : EVT:WAIVER TIME FILED/JOURNAL
C-176-981
**PARTY** : D1 - OLIVER ALLEN

7/18/2000   1   Title : EVT:ORD FILE/JOUR$ THRU9/23/03
PRETRIAL C-176-1298
**PARTY** : D1 - OLIVER ALLEN

Defendant's Exhibit 19, page 4

.00       1      Title : HRG:PRETRIAL SET
                 Pretrial set on July 27, 2000 at 10:00 a.m.
                 **PARTY : D1 - OLIVER ALLEN**

7/24/2000   2    Title : ORD: JOURNAL ENTRY
                 500-01150 issued by 203 (BLANK J.E. FOR CRIMINAL CASES)
                 For good cause shown, it is ORDERED that the defendant be
                 placed in the Juris Monitoring program, and that the
                 requisite equipment be provided to the alleged victim
                 herein. It is further ORDERED that the cost thereof - both
                 as to the defendant and the alleged victim - be billed as
                 court costs in this case.
                 Date:
                 JUDGE WILLIAM J. SKOW
                 **PARTY : D1 - OLIVER ALLEN**

7/24/2000   3    Title : EVT:J.E. FILED & JOURNALIZED
                 MONITORING C-177-197
                 **PARTY : D1 - OLIVER ALLEN**

7/27/2000   1    Title : HRG:PRETRIAL HEARING HELD
                 771-04798 issued by LLG (PRETRIAL HELD)
                 Dated July 27, 2000. Court Reporter V. NELSON ordered.
                 State of Ohio: S. MESSINGER. GEORGE GERKEN present on
                 behalf of the defendant. Defendant, ALLEN OLIVER present in
                 court.
                 Matter called for Pretrial Hearing. Pretrial had. Matter
                 set for Trial on September 5, 2000 at 9:00 a.m. Defendant
                 waived time constraints in writing and in open court. Trial
                 date of August 21, 2000 is ordered vacated.
                 Bond is continued.
                 JUDGE WILLIAM J. SKOW
                 **PARTY : D1 - OLIVER ALLEN**

7/31/2000   1    Title : EVT:WAIVER TIME FILED/JOURNAL
                 C-177-747
                 **PARTY : D1 - OLIVER ALLEN**

7/31/2000   2    Title : EVT:ORD FILE/JOUR$ THRU9/23/03
                 PRETRIAL C-177-748
                 **PARTY : D1 - OLIVER ALLEN**

8/16/2000   1    Title : WAR:CAPIAS ORDERED
                 803-00537 issued by 203 (CAPIAS REQUEST GRANTED)
                 Pursuant to the request of The Court and Electronic
                 Monitoring a capias is ordered issued. Bond is set at
                 $75,000.00 no 10% as to each of the two counts.
                 JUDGE WILLIAM J. SKOW
                 **PARTY : D1 - OLIVER ALLEN**

8/16/2000   2    Title : EVT:ORDER FILED & JOURNALIZED
                 CAPIAS C-178-467
                 **PARTY : D1 - OLIVER ALLEN**

8/16/2000   3    Title : WAR:CAPIAS ISSUED BY CLERK
                 C01-02337 issued by 575 (8931) WAR:CAPIAS ISSUED BY CLERK
                 **PARTY : D1 - OLIVER ALLEN**

8/18/2000   1    Title : EVT:ORDER FILED & JOURNALIZED
                 STATUS REPORT C-178-841
                 **PARTY : D1 - OLIVER ALLEN**

9/5/2000    1    Title : ORD: JOURNAL ENTRY

Defendant's Exhibit 19, page 5

500-01185 issued by 203 (BLANK J.E. FOR CRIMINAL CASES)
Case called for Trial. Court Reporter VERN NELSON ordered.
State of Ohio TOM TOMCZAK present. GEORGE GERKEN present on
behalf of defendant. Defendant failed to appear. Capias
previously issued is ordered confirmed.
Date:
JUDGE WILLIAM J. SKOW
PARTY : D1 - OLIVER ALLEN

9/11/2000    1    Title : EVT:J.E. FILED & JOURNALIZED
CAPIAS CONFIRMED C-179-1211
PARTY : D1 - OLIVER ALLEN

9/22/2000    1    Title : ORD:ORDER
500-01190 issued by CDM (BLANK J.E. FOR CRIMINAL CASES)
In light of the fact, that the defendant herein has been
previously certified as an adult in the above case, it is
ORDERED that he be held in the Lucas County Correction
Center during the pendency of this case, with bond
established at $75,000 no 10% as to each of the two counts.
Further, it is ORDERED that this defendant be escorted to
Juvenille Court (and returned) for any unrelated Juvenille
Court appearances he might have.
Date:
JUDGE WILLIAM J. SKOW
PARTY : D1 - OLIVER ALLEN

9/22/2000    2    Title : WAR:DEFD'T ARREST WARR/CAPIAS
PARTY : D1 - OLIVER ALLEN

9/22/2000    3    Title : WAR:CAPIAS SERVED ON DEFENDANT
PARTY : D1 - OLIVER ALLEN

9/22/2000    4    Title : HRG:PRETRIAL SET
September 28, 2000 at 10:00 a.m.
PARTY : D1 - OLIVER ALLEN

9/25/2000    1    Title : WAR:CAPIAS RETURN FILED
SERVED 9-22-00
PARTY : D1 - OLIVER ALLEN

9/28/2000    1    Title : MIS:CASE CONT AT DEF REQUEST
772-27277 issued by CDM (GENERAL CONTINUANCE FOR CRIMINAL CA
Dated September 28, 2000. Court Reporter KIM KOHL ordered.
State of Ohio: TIM BRAUN. GEORGE GERKEN present on behalf
of the defendant. Defendant, ALLEN OLIVER present in court.
Matter called for Pretrial. Pursuant to the request of
Defendant matter rescheduled for Pretrial on November 3,
2000 at 9:30 a.m. Matter is further set for trial on
December 4, 2000 at 9:00 a.m.
Defendant waived time constraints in writing and in open
court.
Bond is continued.
JUDGE WILLIAM J. SKOW
PARTY : D1 - OLIVER ALLEN

10/3/2000    1    Title : EVT:ORD FILE/JOUR$ THRU9/23/03
RESCHEDULED PRETRIAL C-181-65
PARTY : D1 - OLIVER ALLEN

11/3/2000    1    Title : HRG:PRETRIAL HEARING HELD
771-05240 issued by CDM (PRETRIAL HELD)
Dated November 3, 2000. Court Reporter VERN NELSON ordered.
State of Ohio: TIM BRAUN. GEORGE GERKEN present on behalf

Defendant's Exhibit 19, page 6

of the defendant. Defendant, ALLEN OLIVER present in court.
Matter called for Pretrial Hearing. Pretrial had. Trial
date of December 4, 2000 at 9:00 a.m confirmed.
Defendant waived time constraints in writing and in open
court.
Bond is continued.
JUDGE WILLIAM J. SKOW
**PARTY : D1 - OLIVER ALLEN**

11/9/2000  1  Title : EVT:JE FILE/JOUR $ THRU9/23/03
PRETRIAL C-183-230
**PARTY : D1 - OLIVER ALLEN**

11/9/2000  2  Title : EVT:WAIVER TIME FILED/JOURNAL
WAIVER C-183-254
**PARTY : D1 - OLIVER ALLEN**

12/4/2000  8  Title : MIS:CASE CONT AT DEF REQUEST
772-28820 issued by CDM (GENERAL CONTINUANCE FOR CRIMINAL CA
Dated December 4, 2000. Court Reporter VERN NELSON ordered.
State of Ohio: TIM BRAUN. DON CAMERON present and appointed
on behalf of the defendant. Defendant, ALLEN OLIVER present
in court.
Matter called for Trial. Pursuant to the request of
Defendant matter rescheduled for Pretrial on December 22,
2000 at 9:30 a.m. George Gerken is granted leave to
withdraw as counsel instanter. Trial date of December 4,
2000 is vacated.
Defendant waived time constraints in writing and in open
court.
Bond is continued.
JUDGE WILLIAM J. SKOW
**PARTY : D1 - OLIVER ALLEN**

12/4/2000  12  Title : ORD:ATTORNEY APPOINTED
Don Cameron
**PARTY : D1 - OLIVER ALLEN**

12/5/2000  1  Title : EVT:WAIVER TIME FILED/JOURNAL
C-184-426
**PARTY : D1 - OLIVER ALLEN**

12/6/2000  1  Title : EVT:ORD FILE/JOUR$ THRU9/23/03
PRETRIAL RESCHEDULED C-184-650
**PARTY : D1 - OLIVER ALLEN**

12/22/2000  1  Title : MIS:CASE CONT AT DEF REQUEST
772-29277 issued by CDM (GENERAL CONTINUANCE FOR CRIMINAL CA
Dated December 22, 2000. Court Reporter VERN NELSON
ordered. State of Ohio: TIM BRAUN. DONALD H. CAMERON
present on behalf of the defendant. Defendant, ALLEN OLIVER
present in court.
Matter called for Pretrial. Pursuant to the request of
Defendant matter rescheduled for Pretrial on January 5, 2001
at 9:30 a.m.
Defendant waived time constraints in writing and in open
court.
Bond is continued.
JUDGE WILLIAM J. SKOW
**PARTY : D1 - OLIVER ALLEN**

12/22/2000  3  Title : EVT:WAIVER TIME FILED/JOURNAL
C-185-369

Defendant's Exhibit 19, page 7

PARTY : D1 - OLIVER ALLEN

/27/2000  1  Title : EVT:ORD FILE/JOUR$ THRU9/23/03
RESCHEDULED PRETRIAL C-185-488
PARTY : D1 - OLIVER ALLEN

1/5/2001  1  Title : MIS:CASE CONT AT DEF REQUEST
772-29484 issued by CDM (GENERAL CONTINUANCE FOR CRIMINAL CA
Dated January 5, 2001. Court Reporter VERN NELSON ordered.
State of Ohio: TIM BRAUN. DONALD H. CAMERON present on
behalf of the defendant. Defendant, ALLEN OLIVER present in
court.
Matter called for Pretrial. Pursuant to the request of
Defendant matter rescheduled for Pretrial on January 8, 2001
at 2:00 p.m.
Bond is continued.
JUDGE WILLIAM J. SKOW
PARTY : D1 - OLIVER ALLEN

1/8/2001  1  Title : SB2 PLEA ENTERED
796-00578 issued by CDM (ALFORD PLEA ENTERED)
Dated January 8, 2001. Court Reporter VERN NELSON ordered.
State of Ohio: TIM BRAUN. DONALD H. CAMERON present on
behalf of the defendant. Defendant, ALLEN OLIVER present in
court.
The Defendant in open Court, orally and in writing waived
right to trial by jury or to the Court, withdrew the
previous plea of not guilty, and entered a plea of Guilty
pursuant to North Carolina v. Alford to the offense of Count
1, Kidnapping in violation of Revised Code Section
2905.01(A)(4) a Felony of the First degree and Count 2, Rape
in violation of Revised Code Section 2907.02(A)(2) a Felony
of the First degree. Plea accepted and ordered filed and
pursuant to statements made by the State of Ohio, finding of
guilt made.
Defendant referred to the Pretrial/Presentence Department
for a Presentence investigation and report. Defendant is
further rererred to the Court Diagnostic and Treatment
Center for evaluation pursuant to O.R.C. 2951.03
(presentence evaluation) and O.R.C. 2950 (Sex offender
Classificaiton (HB 180)).
Matter set for sentencing on February 1, 2001 at 10:00 a.m.
Bond continued.
JUDGE WILLIAM J. SKOW
PARTY : D1 - OLIVER ALLEN

1/9/2001  1  Title : EVT:PLEA FILED & JOURNALIZED
C-185-1305
PARTY : D1 - OLIVER ALLEN

1/9/2001  2  Title : EVT:ORD FILE/JOUR$ THRU9/23/03
PLEA HEARING C-185-1306
PARTY : D1 - OLIVER ALLEN

1/9/2001  3  Title : EVT:ORD FILE/JOUR$ THRU9/23/03
RESCHEDULED PRETRIAL C-185-1327
PARTY : D1 - OLIVER ALLEN

1/31/2001  1  Title : MIS:REC'D PSI/PV/CCV REPORT
PARTY : D1 - OLIVER ALLEN

2/1/2001  1  Title : SENTENCED TO JAIL (SB2)
777-00693 issued by 413 (SB2 INCARCERATION FOR A F1/F2 OR RE

Defendant's Exhibit 19, page 8

On February 1, 2001, defendant's sentencing hearing was held pursuant to R.C. 2929.19. Court reporter VERN NELSON, defense attorney DONALD H. CAMERON and the State's attorney TIMOTHY BRAUN were present as was the defendant who was afforded all rights pursuant to Crim.R. 32. The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.

The Court finds that defendant has been convicted of Count One, Kidnapping, a violation of R.C. 2905.01 (A)(4) and Count Two, Rape, a violation of R.C. 2907.02 (A)(2), each being a felony of the 1st degree.

It is ORDERED that defendant serve a term of five (5) years as to Count One and four (4) years as to Count Two in prison.

The sentences are ordered to be served concurrently to each other and to the sentence imposed in CR00-3114.

Defendant has been given notice under R.C. 2929.19(B)(3) and of appellate rights under R.C. 2953.08.

Defendant, having been convicted of a sexually oriented offense, hearing was held pursuant to R.C. 2950.09. The report dated January 18, 2001, by Barbara McIntyre, Ph.D. is admitted as evidence. The Court finds by clear and convincing evidence that:

Defendant IS a SEXUAL PREDATOR as defined by R.C. 2950.01(E), and the victim of this offense was an adult.

The DNA specimen is ORDERED pursuant to R.C. 2929.13(H). Registration and verification of defendant's address is ORDERED every 90 days for life.

Defendant was notified at sentencing of classification duties and the Court ORDERS the Sheriff of Lucas County, Ohio to perform all duties contained in Chapter 2950 of the Revised Code.

Defendant is therefore ORDERED conveyed to the custody of the Ohio Department of Rehabilitation and Corrections forthwith. Credit for 289 days is granted as of this date along with future custody days while defendant awaits transportation to the appropriate state institution.

Defendant is ordered to pay any restitution, all prosecution costs, court appointed counsel costs and any fees permitted pursuant to R.C. 2929.18(A)(4). Defendant is remanded into the custody of the Lucas County Sheriff's Department.

JUDGE WILLIAM J. SKOW

**PARTY :** D1 - OLIVER ALLEN

2/5/2001   1   Title : EVT:JE FILE/JOUR $ THRU9/23/03
SENTENCE C-187-456
**PARTY :** D1 - OLIVER ALLEN

2/5/2001   4   Title : WAR:COMMIT TO CRC
JT3-02469 issued by JAR (8918) WAR:COMMIT TO CRC
**PARTY :** D1 - OLIVER ALLEN

2/5/2001   8   Title : EVT:FIFA FOR COSTS ISSUED
**PARTY :** D1 - OLIVER ALLEN

2/22/2001   1   Title : WAR:WARRANT TO COMMIT RETURNED
INMATE #404-573 RECEIVED AT INSTITUTION 02/06/2001
**PARTY :** D1 - OLIVER ALLEN

Defendant's Exhibit 19, page 9

1    Title : JRE:CORRECT JUDGE DESIGNATION
     PARTY : -

/2006    1    Title : ORD:NUNC PRO TUNC
     715-00276 issued by 203 ()
     Nunc Pro Tunc Judgment Entry correcting the sentencing
     entry to reflect the Defendant having been given notice of
     appellate rights under R.C. 2953.08 and post release
     control notice under R.C. 2929.19(B)(3) and R.C. 2967.28.
     On February 1, 2001, defendant's sentencing hearing was
     held pursuant to R.C. 2929.19. Court reporter VERN
     NELSON, defense attorney DONALD H. CAMERON and the
     State's attorney TIMOTHY BRAUN were present as was the
     defendant who was afforded all rights pursuant to Crim. R.
     32. The Court has considered the record, oral statements,
     any victim impact statement and presentence report
     prepared, as well as the principles and purposes of
     sentencing under R.C. 2929.11, and has balanced the
     seriousness and recidivism factors under R.C. 2929.12.
     The Court finds that defendant has been convicted of Count
     One, Kidnapping, a violation of R.C. 2905.01 (A)(4) and
     Count Two, Rape, a violation of R.C. 2907.02 (A)(2), each
     being a felony of the 1st degree.
     It is ORDERED that defendant serve a term of five (5)
     years as to Count One and four (4) years as to Count Two
     in prison.
     The sentences are ordered to be served concurrently to
     each other and to the sentence imposed in CR00-3114.
     Defendant given notice of appellate rights under R.C.
     2953.08 and post release control notice under R.C.
     2929.19(B)(3) and R.C. 2967.28.
     Defendant, having been convicted of a sexually oriented
     offense, hearing was held pursuant to R.C. 2950.09. The
     report dated January 18, 2001, by Barbara McIntyre, Ph.
     D. is admitted as evidence. The Court finds by clear
     and convincing evidence that:
     Defendant IS a SEXUAL PREDATOR as defined by R.C.
     2950.01(E), and the victim of this offense was an adult.
     The DNA specimen is ORDERED pursuant to R.C. 2929.13(H).
     Registration and verification of defendant's address is
     ORDERED every 90 days for life.
     Defendant was notified at sentencing of classification
     duties and the Court ORDERS the Sheriff of Lucas County,
     Ohio to perform all duties contained in Chapter 2950 of
     the Revised Code. Defendant is therefore ORDERED
     conveyed to the custody of the Ohio Department of
     Rehabilitation and Corrections forthwith. Credit for 289
     days is granted as of this date along with future custody
     days while defendant awaits transportation to the
     appropriate state institution.
     Defendant is ordered to pay any restitution, all
     prosecution costs, court appointed counsel costs and any
     fees permitted pursuant to R.C. 2929.18(A)(4). Defendant
     is remanded into the custody of the Lucas County Sheriff's
     Department.
     Dated:JUDGE JACK ZOUHARY
     PARTY : D1 - OLIVER ALLEN

3/8/2006    2    Title : EVT:ORDER FILED & JOURNAL NO $
     NUNC PRO TUNC IN RE: TO POST RELEASE CONTROL C-300-143
     PARTY : D1 - OLIVER ALLEN

Defendant's Exhibit 19, page 10

006    1    Title : EVT:CERTIFIED COPY SENT
NUNC PRO TUNC JE IN RE: TO POST RELEASE CONTROL
BUREAU OF SENTENCE COMPUTATION
P.O. BOX 450
ORIENT, OH 43146-0450
GREGORY TROUT
ATTN: HERNANDEZ
1050 FREEWAY DRIVE NORTH
COLUMBUS, OH 43229
**PARTY : D1 - OLIVER ALLEN**

5/22/2006    1    Title : JRE:PROCESSING JUDGE CHANGE
**PARTY : -**

1/2/2007    1    Title : JRE:PROCESSING JUDGE CHANGE
**PARTY : -**

5/22/2007    1    Title : EVT:TYPE 1 COLLECTION LTR MAIL
**PARTY : D1 - OLIVER ALLEN**

7/26/2007    1    Title : EVT:TREASURER 25% COLLECT FEE
**PARTY : D1 - OLIVER ALLEN**

7/26/2007    2    Title : EVT:TYPE 2 COLLECTION LTR MAIL
**PARTY : D1 - OLIVER ALLEN**

Disclaimer : The public record information available here reflects the docket entries and journals required by Ohio law to be kept by the Lucas County Clerk of the Court of Common Pleas. This information reflects the actual documents filed and kept at the Clerk of Courts Legal Division, located in the Lucas County Courthouse, at Adams and Erie Streets in Toledo, Ohio, 43624. The data entry, though generally deemed reliable, cannot be guaranteed. The information may appear on the Internet Docket before the entry is actually signed and journalized. Of course the proposed action is official only when signed and journalized. In no event shall the Lucas County Clerk of the Court of Common Pleas, or any other Lucas County department, agency, or official be held liable for damage of any nature, direct or indirect, arising from the use of this Internet product; including loss of profits, loss of savings, or other incidental or consequential damages.

Defendant's Exhibit 19, page 11

**ORIGINAL**

No. CR00 1525

Lucas County Common
Pleas Court

THE STATE OF OHIO

vs.

Allen Oliver

INDICTMENT FOR

KIDNAPPING-§2905.01(A)(4)-with specification §2941.147;
RAPE-§2907.02(A)(2)

A TRUE BILL.

*[signature]*

FOREPERSON OF THE GRAND JURY

/ ISSUE WARRANT
PROSECUTING ATTORNEY

Julia R. Bates
PROSECUTING ATTORNEY

Defendant's Exhibit 19.A, page 1

FILED
LUCAS COUNTY

2000 MAR 28 P 2:58

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

THE STATE OF OHIO, LUCAS COUNTY, ss.

I, J. BERNIE QUILTER, Clerk of the Court of Common Pleas in and for said
county, do hereby certify that the within and foregoing is a full, true and correct
copy of the original indictment, together with the instruments thereon, now on file
in my office.

WITNESS my hand and seal of said court at
Toledo, Ohio, this _____ day of _____, 2000.

J. BERNIE QUILTER, Clerk.

By: _____, Deputy.

JOURNALIZED

MAR 2 8 2000
Cassette 171
PG. 443

ORIGINAL

# INDICTMENT

========

### THE STATE OF OHIO,
**Lucas County, } ss.**

*Of the January, Term of 2000, A.D.*

THE JURORS OF THE GRAND JURY of the State of Ohio, within and for Lucas County, Ohio, on their oaths, in the name and by the authority of the State of Ohio, do find and present that **ALLEN OLIVER**, on or about the 14th day of January, 2000, in Lucas County, Ohio, by force, threat or deception, or by any means to a victim under the age of thirteen (13) or mentally incompetent, did knowingly remove another from the place where the other person was found, or restrain another of the other person's liberty, with purpose to engage in sexual activity, as defined in §2907.01 of the Revised Code, with the victim against the victim's will, in violation of **§2905.01(A)(4) OF THE OHIO REVISED CODE, KIDNAPPING, BEING A FELONY OF THE FIRST DEGREE**, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.

### SPECIFICATION OF SEXUAL MOTIVATION-§2941.147

The Grand Jurors further find and specify that the offender committed the offense with a sexual motivation.

### SECOND COUNT

THE JURORS OF THE GRAND JURY of the State of Ohio, within and for Lucas County, Ohio, on their oaths, in the name and by the authority of the State of Ohio, do find and present that **ALLEN OLIVER**, on or about the 14th day of January, 2000, in Lucas County, Ohio, did engage in sexual

JOURNALIZED

MAR 2 8 2000
Cassette 171
PG. 493

Defendant's Exhibit 19.A, page 2

ORIGINAL

conduct with another when the offender purposely compelled the other person to submit by force or threat of force, in violation of **§2907.02(A)(2) OF THE OHIO REVISED CODE, RAPE, BEING A FELONY OF THE FIRST DEGREE**, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.

_Julia R. Bates_
Julia R. Bates
Lucas County Prosecutor

Defendant's Exhibit 19.A, page 3

JOURNALIZED

MAR 2 8 2000
Cassette _171_
PG. _493_

FILED
LUCAS COUNTY

2001 FEB -5  P 2: 01

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

IN THE COMMON PLEAS COURT, LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | * | CASE NO: |
| Plaintiff. | * | G-4801-CR-0200001525 |
| | * | |
| v. | * | JUDGMENT ENTRY |
| | * | |
| ALLEN OLIVER | * | |
| Defendant. | * | JUDGE WILLIAM J. SKOW |
| | * | |
| | * | |

\* \* \* \* \* \* \*

On February 1, 2001, defendant's sentencing hearing was held pursuant to R.C. 2929.19. Court reporter VERN NELSON, defense attorney DONALD H. CAMERON and the State's attorney TIMOTHY BRAUN were present as was the defendant who was afforded all rights pursuant to Crim.R. 32. The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.

The Court finds that defendant has been convicted of Count One, Kidnapping, a violation of R.C. 2905.01 (A)(4) and Count Two, Rape, a violation of R.C. 2907.02 (A)(2), each being a felony of the 1st degree.

It is ORDERED that defendant serve a term of five (5) years as to Count One and four (4) years as to Count Two in prison.

The sentences are ordered to be served concurrently to each other and to the sentence imposed in CR00-3114.

Defendant has been given notice under R.C. 2929.19(B)(3) and of appellate rights under R.C. 2953.08.

**JOURNALIZED**

FEB 0 5 2001

Cassette _187_

P.G. _456_

Defendant's Exhibit 19.B, page 1

Defendant, having been convicted of a sexually oriented offense, hearing was held pursuant to R.C. 2950.09. The report dated January 18, 2001, by Barbara McIntyre, Ph.D. is admitted as evidence. The Court finds by clear and convincing evidence that:

Defendant IS a SEXUAL PREDATOR as defined by R.C. 2950.01(E), and the victim of this offense was an adult. The DNA specimen is ORDERED pursuant to R.C. 2929.13(H). Registration and verification of defendant's address is ORDERED every 90 days for life.

Defendant was notified at sentencing of classification duties and the Court ORDERS the Sheriff of Lucas County, Ohio to perform all duties contained in Chapter 2950 of the Revised Code.

Defendant is therefore ORDERED conveyed to the custody of the Ohio Department of Rehabilitation and Corrections forthwith. Credit for 289 days is granted as of this date along with future custody days while defendant awaits transportation to the appropriate state institution. Defendant is ordered to pay any restitution, all prosecution costs, court appointed counsel costs and any fees permitted pursuant to R.C. 2929.18(A)(4). Defendant is remanded into the custody of the Lucas County Sheriff's Department.

JUDGE WILLIAM J. SKOW

FILED
LUCAS COUNTY

2001 FEB -5 P 2: 01

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

Defendant's Exhibit 19.B, page 2

JOURNALIZED

FEB 0 5 2001

Cassette 187
P.G. 456



# Lucas County
### Sheriff James A. Telb, Ph. D.



## Sex Offender Search

### Email Alert Program
To register to receive an email notification whenever an offender registers within one mile of an address of your choosing click here.

Use of this information to commit a criminal act may subject the user to criminal prosecution and penalties and may further hamper the purpose of this disclosure to the public.

**Name:** Oliver,Allen

**Aliases:** Joseph Allen Boss,

**Age :** 22   **Sex:** M   **Height:** 5.11   **Reg. No:** 16071   **Weight:** 160

**Race:** Caucasian   **Hair:** Brown   **Eyes:** Brown

**Address:** 3740 CAVALEAR DR(Click to view map)
TOLEDO,OH43606-1147

**Scars/Tattoos:** Tattooonupper arm( - Swastika "WAR") , TattooonChest( - "AMO" Bolts) , Tattooonupper arm( - "SWP" Iron Cross)

**Comments:** Sexual Predator, victim: Adult Female. File last modified 2007-05-17

**Photo**

| Offenses: Date | Description | Convicted | Released | Details |
|---|---|---|---|---|
| 01/14/2000 | 2907.02 - Rape | | | Committed |
| 01/14/2000 | 2905.01 - Kidnapping | | | Committed |

### Email Alert Program
To register to receive an email notification whenever an offender registers within one mile of an address of your choosing click here.

**Technical Problems**
If you experience technical problems using this site, please click here to let us know.

Defendant's Exhibit 20

| | | |
|---|---|---|
| m 35.1(e) Rev. 3/97 | 4. Location of Occurrence<br>883 Colburn | 5. R.A. |

Narrative)<br>TO KIDNAP

ate/Bias Give Type

7. Type of Premises or Business Where Offense Was Committed<br>Residence / Street

COPY

039117-07

| | | |
|---|---|---|
| 8. Victim Injured | 9. Date and Time Occurred<br>6/17/07 1730 | 10. Date and Time Reported<br>6/17/07 1730 |

ATED ☐<br>BAR ☐

Treatment:

| 11. Reporting Person's Name (Last, First, Middle)<br>Below Sgt | 12. Victim's Race | Sex | Age | D.O.B | Social Security Number |
|---|---|---|---|---|---|

OFFICER<br>ASSAULTED ☐

| 13. Reporting Person's Residence Address | 14. Res. Phone | 15. Victim's Residence Address | City | Zip | 16. Res. Phone |
|---|---|---|---|---|---|

CRIME<br>ANALYSIS ☐

| 17. Reporting Person's Business Address | 18. Bus. Phone | 19. Victim's Business Address | City | Zip | 20. Bus. Phone |
|---|---|---|---|---|---|

| 21. WITNESS NO. 1 NAME (Last, First, Middle)<br>Oliver, Allen | Age<br>22 | Residence Address<br>3740 Cavalear | 43606 | Zip Code | Res. Phone | Bus. Phone |
|---|---|---|---|---|---|---|
| WITNESS NO. 2 NAME (Last, First, Middle)<br>Snoderly, Josh | Age<br>18 | Residence Address<br>1307 Colburn | 43609 | Zip Code | Res. Phone | Bus. Phone |

| 22. VEHICLE | Color<br>Grn | Year | Make<br>Dodge | Model<br>Neon | Style<br>4dr. | M3942 | License No. (State, Year) | V.I.N. |
|---|---|---|---|---|---|---|---|---|

| Registered Owner's Name<br>Mark Shaykin | Registered Owner's Address | HOLDER | TOWED BY: |
|---|---|---|---|

| 23. SUSPECT NO. 1 - NAME (Last, First, Middle)<br>Shaykin, Mark | 24. Race<br>W | 25. Sex<br>M | 26. Age<br>43 | 27. D.O.B.<br>1/28/64 | 28. Hgt.<br>5'10" | 29. Weight<br>230 | 30. Hair<br>BRN | 31. Eyes<br>BRN |
|---|---|---|---|---|---|---|---|---|

| 32. Address (Apt. No.)<br>411 Springbrook  Adrian Mi. 49221 | Zip Code | Phone | 33. Date and Time of Arrest<br>6/17/07 2100 | 34. F.C.O./Summons Crt. Date |
|---|---|---|---|---|

| 35. Relation to Victim | 36. Social Security #<br>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 | 37. Arrest<br>on view  warrant/ attachment  T.P.O. | 38. Arrest Number |
|---|---|---|---|

39. Clothing and Other Identifiers (Scars, Marks, Tattos)  40. Weapon(s)

| 2. Records Use Only<br>039117-07 | SUSPECT NO. 2 - NAME (Last, First, Middle) | 24 Race | 25 Sex | 26. Age | 27. D.O.B. | 28 Hgt. | 29.Wgt | 30.Hair | 31.Eyes |
|---|---|---|---|---|---|---|---|---|---|

| 32. Address (Apt.) | Zip Code | Phone | 33. Date and Time of Arrest | 34. F.C.O./Summons Crt.Date |
|---|---|---|---|---|

| 35. Relation to Victim | 36. Social Security # | 37. Arrest<br>on view  warrant/ attachment  T.P.O. | 38. Arrest Number |
|---|---|---|---|

39. Clothing and Other Identifiers (Scars, Marks, Tattos)  40. Weapon(s)

**41. PREMISES TYPE**

1. ☒ Single Family
2. ☐ Apt/Duplex
3. ☐ Hotel/Motel
4. ☐ School
5. ☐ Church
6. ☐ Bar/Restaurant
7. ☐ Bank
8. ☐ Hospital/Medical
9. ☐ Office Bldg
10. ☐ Manufacturer
11. ☐ Shopping Mall
12. ☐ Chain Store
13. ☐ Small Business
14. ☐ Gas/convenience Store
15. ☐ Parking Lot/Garage
16. ☐ Park/Playground
17. ☒ Highway/Street
18. ☐ Field/Woods
19. ☐ Other

**42. POINT OF ENTRY**

1. ☐ Door
2. ☐ Window
3. ☐ Garage Door
4. ☐ Adjacent Premise
5. ☐ Wall
6. ☐ Upper Floor
7. ☐ Other

**43. LOCATION**

1. ☐ Front
2. ☐ Rear
3. ☐ Side
4. ☐ Roof
5. ☐ Other

**44. METHOD USED**

1. ☐ Open/Unlocked
2. ☐ Body/Force
3. ☐ Pry/Cutting
4. ☐ Break Glass
5. ☐ Other Method
6. ☐ Unknown

**45. PROPERTY**

| QTY. | S R D | PROPERTY DESCRIPTION | MODEL | SERIAL OR OAN# | VALUE |
|---|---|---|---|---|---|
| | S☐R☐D☐ | | | | |
| | S☐R☐D☐ | | | | |
| | S☐R☐D☐ | | | | |
| | S☐R☐D☐ | | | | |
| | | | | TOTAL | $0.00 |

46. WHO NOTIFIED/AT SCENE:

| 47. Report Made By:<br>Sgt. G. Smith #1549 U-911 | Officer(s) Names(s) I.D. # Unit No./Section | 48. Officer Assigned to Case | 49. Supervisor's Approval |
|---|---|---|---|

50. DISPOSITION: A☐Death of Offender B☐Prosecution Declined C☐Extradition Denied D☐Victim Refuses to Cooperate E☐Juvenile/No Custody F☐Cleared by Arrest - Adult
G☐Cleared by Arrest - Juvenile H☐Warrant Issued I☐Investigation Pending J☐Inactive K☐Unfounded L☐Adjusted U☐Unknown

Defendant's Exhibit 21, page 1

(Where Found, By Whom, Disposition)

~plemental

**32. NARRATIVE ITEM**

**DETAILS:** (Address the categories listed below, where applicable, In the order they appear)

(1) List additional victims/crimes  (2) List additional witnesses  (3) List additional suspects, descriptions, charges.

(4) If juvenile involved as victim or suspect, list parent's (last, first, middle), phone number, school attended, and whether notified.

(5) Indicate time and location where victims and witnesses may be contacted for later follow-up.

(6) Itemize additional property taken: give name, brand, model, serial no., caliber of guns, identifying marks and value of each item.

(7) List additional physical evidence, where found, by whom, disposition and identifying marks.

(8) Provide additional description on vehicle (unusual paint, body, marks or damage). Describe additional vehicles.

(9) If vehicle stolen, give Title number and value. Car unlocked, keys in ignition? List name of insurance and/or finance company.

(10) If offense was hate/bias oriented, explain circumstances.

(11) Reconstruct the incident - include all necessary elements of the crime.

| | |
|---|---|
| 1 | Victim # 2 Clark, Ashley WF 18 9/7/88 5'1" 126 Brn Brn. 105 Spring St. Hudson, Mi. |
| 2. | Wit.# 3 Sancrant, Leo 15 1502 Western 43609 |
| | Wit. # 4 Rosales, Virginia 883 Colburn 419-243-3611 |
| | Wit. # 5 Miller, Stacy 883 Colburn |
| 1 | On 6/17/07 at 1700 hrs. I received a call from Allen Oliver. Oliver stated that he had been "hired" to snatch a girl off the street. He further stated that his brother and a friend were supposed to help him. They didn't want to do it but the were scared of the guy who wanted it done. Oliver told me the girl was supposed to be at 883 Colburn ( her name was Ashley ) and she might be with a girl named Stacy. Oliver, Snoderly and Soncrant went to 883 Colburn and told the resident, Virginia Rosales what they were hired to do. She knows the girls but didn't really believe Oliver. Oliver told me he was supposed to come back in an hour and if Ashley was there they would take her by force ( Stacy also ). They were supposed to take her to the alley where the suspect would be waiting in the green Neon. I went to 883 Colburn and while I was trying to speak to Rosalez, Oliver, Snodderly and Soncrant arrived. They said the guy who hired them was down the street in the Neon. Units 722, 505 and 801 stopped the listed vehicle with the suspect, Shaykin driving. I asked Shaykin why he sent the three "kids" to 883 Colburn. He said they were going to get a girl to come outside for him. Shaykin said this girl, Ashley, was extorting money from him. Suspect and witnesses were brought to Central ISB. Det. Johnson assigned to the case. |

Defendant's Exhibit 21, page 2

rk Shaykin - Toledo P.D., dated 05/19/08, by Officer Lanford (continued):

HEN YOU WAS ALL NICE AND FRIENDLY, BUT NOW YOU'RE ALL PISSY MAD AT HER. IGHT.

GS: OKAY, LET'S GO BACK TO THE OTHER ROOM.

MS: WANT ME TO GIVE YOU SOME INFORMATION ON THINGS?

GS: ON WHAT THINGS? (UNABLE TO TRANSCRIBE).

MS: NO ON FURNITURE, STOLEN PROPERTY.

WJ: THAT'S HERE IN TOLEDO.

MS: YEAH, MY SON, YOU KNOW MICHAEL LEE DAVIS. YOU GUYS ARRESTED HIM.

WJ: WE'LL COME BACK--WE'LL COME BACK AND TALK RIGHT. I DON'T KNOW IF I WANNA TALK TO YOU ANYMORE MAN, CAUSE YOU AIN'T TELLING ME THE TRUTH. WHY NOT--IF YOU'RE NOT TELLING ME THE TRUTH ABOUT THIS.

MS: CAN I CALL MY MOM?

GS: YEAH YOU CAN CALL YOUR MOTHER FROM UP HERE. WHAT'S YOUR MOTHER'S NUMBER?

END OF TAPE.

Interview of Allen Oliver, dated 05/28/08, by Officer Lanford:

SUSPECT/DEFENDANT NAME: MARK SHAYKIN

INTERVIEW WITH DETECTIVE WILLIE JOHNSON, SGT. GREG SMITH, AND ALLEN OLIVER.

AO: AND I'LL TESTIFY FOR Y'ALL CAUSE LOOK, I GOTTA GO TO COURT COMING UP PRETTY SOON ANYWAYS.

GS: OKAY.

AO: AND I'M TRYING TO GET MY LIFE TOGETHER, SO.

GS: WELL THIS COULD DO NOTHING BUT HELP YOU.

AO: AND THAT'S WHAT I'M HOPING. OH WAIT A MINUTE. I GOT ONE MORE CASSETTE TAPE. THIS IS FOR YOU TOO. THIS IS HER UH PHONE MESSAGES. NOW IT GOT A LITTLE MESSED UP IN MY POCKET.

GS: WHO'S PHONE?--IT'S HER PHONE MESSAGES THAT YOU GOT FROM HIM.

AO: UMH HUH.

Defendant's Exhibit 22, page 1

Copyright (c) 1988-2008 by DDP Police Services, Inc.

Police Depart ent

ch Street, Adrian, MI 49221 U.S.A

n Oliver, dated 05/28/08, by Officer Lanford (continued):

E GAVE--WHAT SHE LEFT HIM PHONE MESSAGES.

O: YEP. YEP. SHE LEFT HIM ALL KINDS OF STUFF. NOW ON THAT TAPE RECORDER YOU'VE GOT, IT'S JUST A LITTLE BIT OF DIALOGUE IN THE BEGINNING. I TAPED IT. IT'S HARD FOR YOU GUYS TO HEAR. IT'S GONNA TELL US HOW HE GOT AHOLD OF HER, REVERSE PHONE NUMBERS, I WAS A DETECTIVE.

GS: WHICH TAPE RECORDER DO WE GOT?

AO: IT'S--IT'S SITTING OUT THERE. HE'S GOT IT.

GS: OKAY. DID YOU HAVE THAT?

AO: YEAH.

GS: BECAUSE HE'S GOT--HE'S GOT A TAPE RECORDER OF HIS OWN.

AO: YEAH, I STOLE THAT ONE FROM HIM.

GS: OKAY. NOW.

AO: YEAH, THAT--THAT TAPE RECORDER I HAVE RIGHT NOW, I STOLE IT AND PUT IT IN MY POCKET AND IT WAS RECORDING HIM TALKING TO US ABOUT TWENTY MINUTES OR AN HOUR BEFORE THE SHIT HAPPENED.

GS: YEAH.

AO: I WAS SO SCARED. I'M LIKE DAMN, SO I TOLD EM I'M GOING DOWN THE STREET TO CALL SOMEBODY, SEE IF I CAN GET SOME WEED FROM EM CAUSE YOU KNOW HE--HE DON'T--HE DON'T DO DRUGS BUT LIKE HE'LL KEEP SOME WEED ON HIM OR SOMETHING LIKE THAT IN CASE HE GETS KIDS AND HE CAN USE EM TO DO THINGS FOR HIM. THAT'S BASICALLY WHY HE PICKED US UP.

GS: 1722. YEAH, THEY CAN-- I MEAN IF THEY WANNA BOOK IT.

AO: THAT'S WHAT HE WANTS.

GS: YEAH WE'LL--WE'LL DO IT ALL. I'LL BOOK ALL THE--I'LL BOOK EVERYTHING. I'LL TAKE IT ALL.

(?) DO YOU WANT THEM TO DO A G-O?

GS: NO I'LL DO THE G-O CAUSE I KNOW IT.

(?) SO SET IT ON YOUR--IN YOUR DESK DRAWER.

GS: YEAH, OR DOWN--YEAH, PUT IT ON MY DESK. AND THEN UH--IF YOU DO A SUPP TO WHAT

Defendant's Exhibit 22, page 2

Copyright (c) 1988-2008 by DDP Police Services, Inc.

| of Adrian Police Department | Incident No: 07-007081 |
| 100 E. Church Street, Adrian, MI 49221 U.S.A | Page No:   54 |

Interview of Allen Oliver, dated 05/28/08, by Officer Lanford (continued):

AO: YEAH, YEAH. THEY'LL COME OVER THERE SOMETIMES AND TALK TO ME AND SHIT, BUT I WON'T NEVER GO DO NOTHING WITH HIM YOU KNOW BECAUSE I GOT MY BABY SISTER AT THE HOUSE AND SHIT LIKE THAT, BUT SOMETIMES THEY'LL SELL ME SHIT IF THEY GET SOMETHING LIKE CLOTHES OR SOMETHING THEY'VE SOLD ME BEFORE SHIT LIKE THAT. YOU KNOW I'VE BOUGHT SHIT OFF OF EM UHM--BUT ANYWAYS HE CAME TO ME. HE SAID LOOK UH--HOW LONG YOU BEEN KNOWING MIKE, BLAH, BLAH, BLAH. I'M LIKE YOU KNOW FOR A MINUTE YOU KNOW.

GS: SO IVORY'S SAYING THIS?

AO: NO, THIS IS HIS DAD. THAT'S THIS DUDE RIGHT HERE, CAME TO THE HOUSE AND SAID HOW LONG HAVE YOU BEEN KNOWING MIKE, BLAH, BLAH, BLAH. I'M BIG MIKE. I'M HIS DAD, LA, LA, LA. HE WAS LIKE YOU KNOW,--JUST TALKING TO ME, GETTING ACQUAINTED WITH ME, AND UH--HE KNEW THAT I'D BEEN LOCKED UP BEFORE AND HE PROBABLY FIGURED YOU KNOW I'M NOT--I WON'T SNITCH. I WON'T SAY NOTHING LIKE THAT, AND UH--SO HE FIGURED IT WAS COOL TO TALK TO ME. IT WAS LIKE LOOK REALLY I GOT THIS PROBLEM I'M TRYING TO GET TAKEN CARE OF AND MIKE WAS GONNA HELP ME TAKE CARE OF IT, BUT HE GOT LOCKED UP AND IVORY GOT LOCKED UP AND TOMMY'S TOO AFRAID TO DO IT. THIS IS ANOTHER GUY--TWO-TONE, IS ANOTHER DUDE FROM THE HOOD. HE WAS SUPPOSED TO DO IT. WELL HE COULDN'T DO IT. SO HE SAID TO ME, HE'S LIKE WELL I NEED YOU TO--WHY DON'T YOU HELP ME TAKE CARE OF THIS. THIS WAS LIKE A WEEK AGO. I'M LIKE ALRIGHT YOU KNOW JUST COME TO ME, HOLLER TO ME ABOUT IT. I DIDN'T THINK HE WAS GONNA COME THROUGH. SURE ENOUGH HE SHOWED UP ON FRIDAY JUST LIKE HE SAID HE WAS. HE'S LIKE LOOK--I GOT THIS GIRL YOU KNOW, SHE'S TRYING TO EXTORT MONEY FROM ME AND SHIT LIKE THAT. HE SAID YOU KNOW, WE WAS TOGETHER AND SHE'S TRYING TO MAKE IT LOOK CRAZY, AND SHE'S TRYING TO USE ME, SO HE PLAYED SOME TAPES AND YOU KNOW, SURE ENOUGH, THIS BITCH WAS TRYING TO GET SOME MONEY OUT OF HIM YOU KNOW, SHE WAS. BUT HE SAID I WANNA SNATCH THIS BITCH UP AND TEACH HER A LESSON, YOU KNOW WHAT I MEAN. I CAUGHT HER SMOKING CRACK IN MY HOUSE AND THIS AND THAT AND THE OTHER. HE SAID HE AIN'T ON THAT, BUT IF Y'ALL SEARCH HIS APARTMENT, I'LL BET YOU'LL FIND SOMETHING LIKE THAT THERE.

GS: UH HUH.

AO: YOU KNOW WHAT I'M SAYING, BECAUSE HE USES DRUGS OR WHATEVER FOR PEOPLE BECAUSE HE KEPT TRYING TO GIVE US DRUGS. I SWEAR TO GOD HE WAS TRYING TO GIVE US WEED LIKE AS MUCH AS HE COULD, LIKE HERE MAN TAKE THIS WEED. TAKE THIS WEED. YOU KNOW I'M COOL MAN--I--I AIN'T HOLDING THIS SHIT MAN CAUSE YOU KNOW WHAT I'M SAYING CAUSE I GOTTA GO TO COURT YOU KNOW WHAT I MEAN, AND IF I GET TESTED FOR SOMETHING LIKE THAT AND I COME BACK WITH SHIT LIKE THAT, I'M BURNT YOU KNOW. I'M TRYING TO GET MY SHIT TOGETHER SO, HE KEPT TRYING TO GIVE US WEED AND HE'S LIKE YEAH IF YOU DO THIS FOR ME, I'M GONNA GIVE Y'ALL TEN THOUSAND DOLLARS. THAT'S WHAT HE TOLD US, STRAIGHT UP. HE SAID HE'S GONNA ROB THIS DUDE WHO GOT A MONEY BAG THAT COMES IN AND OUT OF THIS PLACE. HE'S BEEN CASING IT OUT. HE'S GONNA GIVE US TEN STACKS. ALL WE GOTTA DO IS PUT THIS BITCH IN HIS CAR AND THAT'S HIS EXACT WORDS. WELL YOU KNOW, HE SAID SHE'S GONNA BE AFRAID OF YOU, BLAH, BLAH, BLAH. THEN HE TOOK US TO HIS APARTMENT UP THERE IN UH--IN UH--IN MICHIGAN. IT WAS LIKE IN

Defendant's Exhibit 22, page 3

Copyright (c) 1988-2008 by DDP Police Services, Inc.

City of Adrian Police Department

100 E. Church Street, Adrian, MI 49221 U.S.A

| | |
|---|---|
| Incident No: | 07-007081 |
| Page No: | 61 |

Interview of Allen Oliver, dated 05/28/08, by Officer Lanford (continued):

AO: HE WANTED SOME ACTION SO YOU COULD TELL HE HAD BEEN PLANNING THIS SHIT CAUSE YOU KNOW, HE DIDN'T COME IN LIKE UH--LIKE HE DIDN'T KNOW WHAT HE WAS DOING, LIKE HE HAD BEEN PAST THE HOUSE. HE HAD SEEN HER WALKING. HE HAD PULLED UP, ALL KINDS OF STUFF.

WJ: UH HUH.

AO: HE WAS LIKE THESE ARE THE NEIGHBORHOODS SHE'S IN AND ALL THIS AND THAT AND, YOU KNOW.

WJ: WELL WHAT'S THEIR RELATIONSHIP? DO YOU KNOW?

AO: HE WAS HAVING A RELATIONSHIP, A SEXUAL RELATIONSHIP WITH HER AS YOU WILL CLEARLY SEE YOU KNOW, AS A PARTNER IN THAT DVD WHEN SHE'S IN THERE, YOU KNOW, BUT SHE WAS TELLING EVERYBODY THAT THAT WAS HER UNCLE. SHE DID NOT REALIZE HOW CRAZY THIS DUDE WAS.

WJ: YOU TALKED TO HER?

AO: NO. I'VE NEVER SPOKEN TO HER. I'VE NEVER MET HER, BUT YOU KNOW, I JUST GOT ALL THIS SHIT FROM HIM SO I GUESS I KNOW HER NOW.

WJ: OKAY.

AO: AND I'LL TESTIFY IF Y'ALL NEED ME TO OR WHATEVER YOU KNOW, AS LONG AS I CAN--YOU KNOW I'M SURE THAT THESE GUYS AIN'T GONNA COME BACK ON ME.

WJ: YOU AIN'T GOTTA WORRY ABOUT IT.

AO: THEY AIN'T GONNA TRY TO COME TO MY HOUSE.

GS: I THINK YOU'RE ALRIGHT THERE.

AO: UH HUH.

GS: YOU WANNA TALK TO THE OTHER TWO GUYS OR NOT?

WJ: YEAH.

GS: WHY DON'T YOU SEND ONE OF EM IN. SEND--WHO'S THE OLDER ONE?

AO: UH--JOSH.

GS: SEND JOSH IN. HOW OLD IS YOUR BROTHER?

AO: HE'S LIKE SIXTEEN.

Copyright (c) 1983-2005 by DDP Police Services, Inc.

Defendant's Exhibit 22, page 4

City of Adrian Police Department
100 E. Church Street, Adrian, MI 49221 U.S.A

Incident No: 07-007081

Page No:   64

Interview of Josh Snoderly, dated 05/29/08, by Officer Lanford (continued):

YESTERDAY.

JS:  YEAH.

GS:  BUT--WAS THIS GUY WITH HIM?

JS:  YEAH, HE CAME DOWN TO THE CAR AND HE GOES WELL THIS--THIS DUDE YOU KNOW IS TALKING.  AT FIRST IT WASN'T YOU KNOW KIDNAPPING, THIS AND THAT YOU KNOW, ALL THIS AND WHAT NOT.  IT WAS A SIMPLE BOOST JOB.

GS:  WHAT'S A SIMPLE BOOST JOB, JUST GRAB HER?  A BOOST?

WJ:  WHAT'S A BOOST JOB?

GS:  LIKE YOU KNOW--BECAUSE THERE'S THIS ABANDONED WAREHOUSE LIKE RIGHT WHERE HE STAYS AT.  HE GOES YOU KNOW THERE'S A BUNCH OF TOOLS--I WANT YOU GUYS TO DO THAT.  WE GOT THERE AND AT FIRST I THOUGHT HE WAS UNDERCOVER.

WJ:  GOT OUT WHERE?

JS:  OUT TO MICHIGAN.

GS:  TO HIS PLACE.

JS:  YEAH, HE DROVE US OUT--ALL THE WAY OUT THERE AND WENT TO HIS PLACE.  HE DROVE US AROUND THE WHOLE NEIGHBORHOOD SHOWING US WHERE HIS MOM'S HOUSE WAS OR HIS OTHER HOUSE  OR HOUSE HE OWNED.  I DON'T KNOW.

GS:  WHERE IN MICHIGAN?

JS:  YEAH.

GS:  OKAY.

JS:  HE SHOWED US HIS APARTMENT.  AND HE TOOK US DOWN THIS ROAD BY THE UH--THE WAREHOUSE. HE GOES YOU KNOW THIS AND THAT, YA DA, YA DA, YA DA, AND WHEN ME AND THE OTHER GUY UP THERE LEO, WE GOT OUT OF THE CAR AND WALKED AROUND YOU KNOW, SURVEYED IT AND ALL THAT CRAP AND WE WALKED BACK TO THE APARTMENT BUILDING WHERE HE TOLD US WHERE IT WAS, AND BY THE TIME WE GOT THERE THIS WAS ON AND I THOUGHT HE WAS JUST LIKE WATCHING YOU KNOW PORN OR SOMETHING, (UNABLE TO TRANSCRIBE) AND THEN HE STARTED TALKING ABOUT THIS IS THE GIRL I WANT HIT YOU KNOW AND THIS AND THAT AND ALL THAT RANDOM CRAP, AND THE NEXT THING I KNOW, WE GO BACK TO MY HOUSE AFTER HE GETS DONE SHOWING US ALL THIS.

GS:  THIS IS STILL LAST NIGHT?

JS:  YEAH, AND HE SHOWED US ON THE COMPUTER LIKE OVERHEAD LIKE--LIKE MAPS OF THE

Copyright (c) 1988-2008 by DDP Police Services, Inc.

Defendant's Exhibit 22, page 5

Interview of Josh Snoderly, dated 05/29/08, by Officer Lanford (continued):

HOUSE YOU KNOW, LIKE--HE BROUGHT A LIST OF NUMBERS. I DON'T KNOW IF THE LIST OF NUMBERS ARE IN THERE, BUT HE HAD A YELLOW FOLDER WHICH MIGHT BE IN HIS CAR, HAS A BUNCH OF STUFF ON THERE TOO, LIKE PHONE RECORDS, ALL THIS GOOD STUFF AND IT SHOWS ALL THAT ALL ON THE COMPUTER YOU KNOW. (UNABLE TO TRANSCRIBE) AND THEN WE WENT BACK TO THE HOUSE. WE WANTED TO (UNABLE TO TRANSCRIBE) THE HOUSE CAUSE YOU KNOW IF WE GET PULLED OVER IT KINDA (UNABLE TO TRANSCRIBE) SO WE GO BACK DOWN TO THE HOUSE AND HE ENDED UP SPENDING THE NIGHT THERE AND HE WAS JUST LIKE I CAN'T GO BACK TO THE HOUSE AND THIS AND THAT YOU KNOW. SO HE SPENDS THE NIGHT. HE LEAVES IN THE MORNING FOR SOMETHING. I DON'T REALLY KNOW BUT HE LEFT REALLY EARLY AND THEN HE COMES BACK AND HE GOES YOU READY AND I'M LIKE WE'RE DOING IT TODAY AND HE GOES ALRIGHT, SO ME AND ALLEN WILL TAKE TWO HUNDRED DOLLARS TO THE NEIGHBOR'S HOUSE AND CALL YOU GUYS. YOU KNOW, A SIMPLE CRACK BIT LIKE WE'RE DOING A BANDANA PUT OVER OUR FACE YOU KNOW. HE PULLED---HE'S GOT A CLUB, LIKE LATEX GLOVES.

GS: WAIT, HE'S GOT A TRUCK OR A?

JS: OPENS HIS TRUNK.

GS: OPENS HIS TRUNK.

JS: LIKE A (UNABLE TO TRANSCRIBE) A BUNCH OF STUFF YOU KNOW, JUST GOT THAT YOU KNOW.

GS: STUFF IN HIS TRUNK?

JS: A BUNCH OF STUFF YOU KNOW, JUST GOT IT LIKE YOU KNOW, (UNABLE TO TRANSCRIBE) LIKE IT'S ALREADY IN HIS TRUNK.

WJ: WE GOT HIS CAR?

GS: WE LEFT IT PARKED.

JS: AND IT'S GOT--AND WE GOT IN THE CAR AND WE WENT THERE AND ALLEN GOT ARRESTED YOU KNOW. YOU WERE THERE AND FROM THEN ON YOU GUYS KNOW EVERYTHING ELSE.

WJ: ALRIGHT.

GS: SO WHERE'D YOU SPEND LAST NIGHT? YOU SPENT THE NIGHT AT--IN MICHIGAN OR AT YOUR PLACE?

JS: WE SPENT HALF THE NIGHT IN MICHIGAN AND WE CAME BACK TO MY HOUSE.

GS: OKAY. AND YOU CAME BACK WITH HIM?

JS: YEAH, YEAH. HE'S THE ONE THAT DROVE US BACK.

Defendant's Exhibit 22, page 6

Copyright (c) 1988-2003 by DDP Police Services, Inc.

f Adrian Police Department

0 E. Church Street, Adrian, MI 49221 U.S.A

Incident No: 07-007081

Page No: 68

Interview of Josh Snoderly, dated 05/29/08, by Officer Lanford (continued):

WJ: DOES UH ALLEN HAVE ONE?

JS: I DON'T KNOW. I DON'T KNOW IF HE HAS ONE BECAUSE I'M LIKE OKAY,

GS: OKAY BUT THEY'RE IN HIS CAR?

JS: I DON'T KNOW. I THINK WE WERE ACTUALLY, WE'RE JUST-- WE WERE JUST GONNA TAKE EM FROM HIM AND KEEP EM OURSELVES.

GS: HOW MANY ARE THERE?

JS: THAT'S THE ONE. THAT'S THE ONE I WAS USING.

GS: ALRIGHT.

WJ: YOU DIDN'T BLOW YOUR NOSE ON THIS DID YA?

JS: NO.

WJ: SO HE BROUGHT THIS UP LAST NIGHT WHILE YOU WERE AT THE APARTMENT GOING THROUGH THE PLAN THAT THEY MADE.

JS: AT THE TIME WHEN I GOT PULLED INTO THE WHOLE YOU KNOW SITUATION, I DON'T KNOW IF HE HAD SAID ANYTHING TO ANYBODY ELSE BEFORE THEN. WELL WHEN I GOT--WHEN I GOT CLUED INTO IT, IT WAS AT THE APARTMENT.

GS: BUT IT WASN'T TO SCARE HER, IT WAS TO WHACK HER.

JS: IT WAS--HE ACTUALLY WANTED US TO KIDNAP THE CHICK, PUT HER IN THE CAR AND LET HIM DO WHATEVER HE WANTED TO DO WITH HER, AND THAT'S WHAT WE WERE GETTING PAID FOR.

GS: OKAY. ALRIGHT. WHY DON'T YOU SEND UH--WHO'S LEFT? LEO.

JS: LEO.

GS: DID SHE SAY YOU HAD WARRANTS OR NOT.

JS: I'M NOT SURE.

GS: ONE SECOND.

Interview of Leo Sancraft, dated 05/29/08, by Officer Lanford:

SUSPECT/DEFENDANT NAME: MARK SHAYKIN

INTERVIEW WITH DET. WILLIE JOHNSON, SGT. GREG SMITH, AND LEO SANCRAFT.

py ght (c) 199 -2008 by DDP Police Services, Inc.

Defendant's Exhibit 22, page 7

Adrian Police Department

E. Church Street, Adrian, MI 49221 U.S.A

Incident No: 07-007081

Page No:   71

view of Leo Sancraft, dated 05/29/08, by Officer Lanford (continued):

E PAPERWORK, THE CD, ALL THAT SHIT, THE TAPE RECORDER AND YOU KNOW--WE DID TEN TO IT. SOMETHING ABOUT MONEY EXTORTION AND ALL OF THAT.

: DID HE SAY SOMETHING TO YOU GUYS ABOUT BREAKING INTO A UH--UH.

YES A WARE--OLD ABANDONED WAREHOUSE OR SOMETHING.

: WHAT WAS SUPPOSED TO BE IN THE WAREHOUSE?

LIKE CARS AND A WHOLE BUNCH OF OTHER STUFF.

: DID YOU GO TAKE A LOOK AT THE WAREHOUSE ON FOOT FOR ANYTHING? WALK OUND?

YEAH ME AND JOSH WALKED AROUND, BUT WE WEREN'T GONNA GO IN.

: KEEP GOING. KEEP GOING.

: OKAY UHM--AND UH AFTER THE APARTMENT, WE LEFT AND CAME BACK DOWN TO LEDO. HE CAME BY THIS MORNING AND UH HE WANTED US TO GO DO THAT AND WE MET WITH YOU.

: TO DO WHAT?

TO GO KILL THE CHICK.

: DID HE SAY THAT?

YEAH, HE--WITH THAT KNIFE THAT WE GAVE YOU GUYS, HE SAID HE WANTED HER HEAD OFF AND HER TO BE PUT IN THE CAR AND HE'LL TAKE CARE OF THE REST.

: THAT'S WHAT HE SAID. THAT'S WHAT HE-THAT CAME OUT OF HIS MOUTH.

YES, AND WE GOT--WE GOT HIM SAYING A FEW THINGS ON A TAPE RECORDER TOO. IT'S T THAT GOOD, BUT I'M SURE YOU--

: YOU HEARD IT?

YEAH. I WAS IN THE ROOM WITH HIM WHEN HE SAID THAT. MY BROTHER ALLEN WAS CRETLY RECORDING IT AND UH.

WJ: OKAY, WHAT UH--WHEN YOU SAID WHEN YOU FIRST SAID HE SAID SOME DUMB SHIT, WHAT WAS HE SAYING THEN, THE DUMB SHIT?

LS: WELL--

WJ: AS MUCH AS YOU CAN REMEMBER, JUST TELL ME. WHAT WAS THE DUMB SHIT?

1993-2008 by DDP Police Services, Inc.

Defendant's Exhibit 22, page 8

Interview of Leo Sancraft, dated 05/29/2008, by Officer Lanford, completed 05/29/2008 (continued):

WJ: OF--OF--OF THIS GIRL'S HOUSE. OF WHERE SHE WAS LIVING?

LS: OVER THERE ON COLBURN. YEAH WE MET WITH YOU GUYS.

WJ: HE HAD ALL THAT ON HIS COMPUTER?

LS: HE SEARCHED IT UP ON GOOGLES.

WJ: HAVE YOU EVER HAD ANY PROBLEMS WITH HIM BEFORE?

LS: NEVER. NO THAT'S THE FIRST TIME I MET HIM.

WJ: WHAT ABOUT HIS SON?

LS: HIS SON. UHM I MET HIM PROBABLY ABOUT TWO MONTHS BACK.

GS: (UNABLE TO TRANSCRIBE)

LS: YEAH.

GS: IS HIS SON A BAD ASS OR WHAT?

LS: HE--HE'S LIKE THE-THE LOW LIFE GHETTO TYPE YOU KNOW, I MEAN HE'S NEVER DONE ME WRONG, SO I THOUGHT HE WAS COOL.

WJ: OKAY, ANYTHING ELSE?

GS: NO.

WJ: YOU CAN GO BACK ON OUT HERE. I'LL TELL YOU WHAT. GIVE THAT TO YOUR BROTHER AND TELL HIM TO FIND THIS (UNABLE TO TRANSCRIBE).

GS: WE'LL BE RIGHT BACK.

Defendant's Exhibit 22, page 9

Interview - Stryker Correctional- Allen Oliver, dated 06/03/2008, by Officer Lanford, completed 06/03/2008:

On Monday, 06/02/08, D/Sgt Courington and I (Lanford) made contact with Allen Oliver at Stryker Correctional Facility where he is being held for an unrelated offense. We introduced ourselves and explained the purpose of our visit was to discuss his involvement in the planning and subsequent attempted abduction of Ashley Clark. D/Sgt Courington recited Miranda to Oliver and asked if he would talk with us. He agreed to do so.

Oliver advised that he met suspect Mark Shaykin through Shaykin's son, Mark Jr, approx two weeks prior to the kidnapping incident. He says that he was approached by Shaykin two days prior to the incident date (06/15/07) and was asked if he would help Shaykin with a "problem" he had. Oliver says that he agreed to help Shaykin but was not given any details at the time and did not know that it would involve the kidnapping of a female. Oliver says that he accompanied Shaykin on a road trip to an to an apartment complex in an unknown area of Michigan. He says that the appearance of the subjects he saw

Copyright (c) 1986-2009 by DDP Police Services, Inc.

Adrian Police Department
E. Church Street, Adrian, MI 49221 U.S.A

Incident No: 07-007081

Page No:    75

Interview - Stryker Correctional- Allen Oliver, dated 06/03/2008, by Officer Lanford, completed 06/03/2008 (continued):

in and around this apartment complex caused him to fear for his safety.

The following day, (06/16/07), Mark Shaykin again approached Oliver and wanted to talk about the help he needed to take care of his "problem". Shakin described a plan he had devised for kidnapping a female that he claimed was trying to extort money from him. He again asked Oliver to take a road trip with him, but remembering his experience the previous night, Oliver says that he asked that his brotherm Leo Sancraft, and friend, Josh Snoderly, be able to tag along. Oliver says that during the entire trip, Shaykin talked about the girl, that he seemed obsessed with her and the possibility of her sleeping with guys in Toledo.

During this trip, they went to a different part of Michigan. Oliver says that he did not know the name of the town but that it was small. Oliver says that they also went to an overgrown lot that contained several nice cars. Oliver says that Shaykin broke into one of the vehicles and stole several speakers that he later sold to one of his son's friends.  Oliver says they visited an apartment building and described it as being white or of a light color and says that they went to an upstairs apartment. Oliver says that the apartment itself was very small and as you entered, the kitchen area was on the left. I showed Oliver several pictures of the apartment building located at 409 College Ave where Shaykin was known to be renting an apartment. Oliver advised that the picture I showed him are of the buiding that he, Sancraft, and Snoderly visited with Shaykin.

Oliver says while in the apartment, Shaykin showed them nude pictures of the female, satelite images of the home on Colburn St (Toledo) where she was supposed to be living, and gave them a large knife or machette, that Shaykin said was going to be used to "gut" the girl. I then showed Oliver a picture of Clark at which time he identified her as being their intended victim. I also showed him a picture of Virginia Gonzales ("Nina") who was the primary resident at the Colburn St residence that they were targeting and asked if he recognised her. He advised that he did and that she (Gonzales) was the one that he spoke to when he first approached the Colburn St residence looking for Clark. Oliver says that they were at Shaykin's apartment for "quite a while" and while they were there, they decided that they were going to turn Shaykin in to police but that they were going to get as much as they could from him prior to doing so. Oliver says that without Shaykin knowing, they stole a few of the pictures of the girl and a tape recorder, so that they would have evidence of Shaykins intentions when the time came to reported him (to police). They even eventually tried to record a conversation with Shaykin while he was talking about what he was going to do to V/Clark but the recording did not turn out.

The following day, somtime in the A.M., Oliver says that Shaykin again came to his home. He told Oliver that he had just seen the girl walking down the street and she had gotten away. He wanted to go right then Oliver said, to the Colburn St residence in an attempt to get her. Oliver says that he stalled Shaykin by saying that he was going to go next door first and score some pot. Oliver says that what he actually did was to alert Toledo Police to what was happening as it was becoming increasingly clear that Shaykin was going to kill the girl.

Status:
    Open-Copy To Pros.

Copyright (c) 1988-2009 by DDP Police Services, Inc.

Defendant's Exhibit 22, page 10

of Adrian Police Department

00 E. Church Street, Adrian, MI 49221 U.S.A

| | |
|---|---|
| Incident No: | 07-007081 |
| Page No: | 76 |

Contact with Leo Sancrant, dated 06/04/2008, by Officer Lanford, completed 06/04/2008:

On Tuesday, 06/03/08, D/Sgt Courington and I (Lanford) located and made contact with Leo Sancrant Jr in front of his sister's home on Walbridge St.  We explained to Sancrant our reason for contacting him and asked if he would speak with us. He agreed to do so.

Sancrant says that he met Mark Shaykin through Shaykin's son, approximately 1 week prior to this incident at his old home on Western Ave in Toledo. The day before Shaykin was arrested, Sancrant says that he, Josh Snoderly, and his brother Allen Oliver, accompanied Shaykin to Michigan to his apartment (in Adrian). Sancrant says that on the way to to the apartment they stopped at a warehouse type facility where some cars were stored. Sancrant says that Shaykin broke into one of the vehicles and stole 2 speakers. After arriving at the apartment, Shaykin showed them some nude pictures of a girl, a video of the girl, and some aerial photos of a house on Colburn St in Toledo. Sancrant says that Shaykin tells them how he wants them to help him kidnap this girl. Shaykin then gives them a "gothic" style large knife and says "This is to cut that bitch".  Sancrant says that Shaykin asked that a chair be put in an old abandoned home behind his residence on Western so that the girl could be taken there after she was kidnapped. Sancrant says that Shaykin also asked for a rope to be there so she could be tied up. Sancrant says that because Shaykin wanted a rope and chair, and by the way Shaykin was talking and the look in his eyes, he believes that Shaykin was going to do something to the girl while she was still alive, such as rape her. Sancrant says that Shaykin talked about throwing the girls body in the river, or putting her body in a bag. Sancrant says that Shaykin was constantly talking about how he was going to hurt the girl. He says that Shaykin talked so much about hurting the girl, he can't remember half of what was said.

Sancrant says that at first, he didn't believe Shaykin was serious as he has heard allot of bullshit from people, but after seeing all the supplies that Shaykin had to help in kidnapping this girl, he knew that this was "way serious". Sancrant says that Shaykin showed them gloves, masks, etc in his dark colored Neon.

We asked that Sancrant show us the house on Western Dr as well as the vacant home nearby. I photographed each one and their surroundings. Sancrant then showed us Swan creek that runs through the wooded area nearby his old Western Dr residence. I photographed it from a nearby bridge. Sancrant then took us to 883 Colburn, the home of Virginia Gonzalez, where V/Ashley Clark had been living. Photgraphs were taken of the home and the corner of Colburn and Chapin Sts where Sancrant says that Shaykin waited in his vehicle while Oliver and Snoderly approached the Gonzalez residence.

Sancrant explained that on the date that Shaykin was arrested by Toledo police (06/17/07), he, Oliver, and Snoderly had accompanied Shaykin to the area of 883 Colburn where Snoderly and Oliver had gotten out of the vehicle and approached the residence. Sancrant says that he remained in the vehicle with Shaykin and that they then parked on Chapin St at the corner of Colburn and waited. Sancrant stated that while he and Shaykin sat in the vehicle, Shaykin told him several times to "cut that bitch". A short time elapsed at which time Snoderly and Oliver returned to the vehicle. They then told Shaykin that it was safe to drive to the house. After Snoderly, Oliver, and Sancrant entered the Colburn residence, Police surrounded Shaykins vehicle and took him into custody.

Status:
  Open- Copy to Pros

Copyright (c) 1988-2009 by DDP Police Services, Inc.

Defendant's Exhibit 22, page 11

of Adrian Police Department

0 E. Church Street, Adrian, MI 49221 U.S.A

Incident No: 07-007081

Page No:   77

Contact with  Josh Snoderly, dated 06/09/2008, by Officer Lanford, completed 06/09/2008:

On Tuesday, 06/03/08, D/Sgt Courington and I (Lanford), accompanied by Leo Sancrant, made contact with Josh Snoderly at his father's 1307 Colburn St home. We explained the reason for our contact and asked snoderly if he would cooperate. He advised that he would.

Snoderly says that he met S/Mark Shaykin through Shaykin's son, Mark Jr. He says that Shaykin asked for assistance in taking care of a problem he was having with a girl. I showed Snoderly a picture of Ashley Clark and asked him if this was the girl Shaykin had been reffering to. He advised that it was. Snoderly says that Shaykin transported Oliver, Sancrant, and him to a town in Michigan where Shaykin broke into a car and stole some things. Shaykin then took them to his apartment. Snoderly was asked to describe the apartment building. He said that it was on a hill near some type of factory. I then showed him several photographs of the apartment building where Shaykin was living at the time. Snoderly advised that the pictures I was showing him were of the building that Shaykin took them to.

Snoderly says that Shaykin showed them photographs of Clark, areal photographs of a home in Toledo where the girl (Clark)  was living, and gave them a large knife. Shaykin them that he wanted them to "take her out". Snoderly says that while they were at Shaykins apartment, Shaykin explained to them that he wanted the girl kidnapped and he also told them that he was going to use the knife on her. Shaykin asked that the girl be put in his car and he would do the rest. She would then be taken to an abandoned home near Western. Snoderly says that Shaykin talked about throwing the girls body in the creek. Snoderly says that Shaykin agreed to pay them $10,000. Snoderly says that at first, they though Shaykin was kidding, but they soon realized that he was serious. The following day, he and oliver contacted the police and told them of Shaykins plot.

Status:
    Open- Copy to Pros.

Evidence Recieved from Toledo P.D., dated 06/09/2008, by Officer Lanford, completed 06/09/2008:

On Friday, 06/06/08, Det Judkins and I (Lanford) traveled to the Toledo Police Department (525 N Erie St, Toledo, Oh 43604) and met with Sgt. Phil Toney reference taking possession of evidence that had been collected by the Toledo Police Dept that would be relevant to this case. Sgt. Toney provided me with the following items: 1] a large, curved blade knife with a decorated handle (Toledo PD bar code # 442903)   2] a sealed brown bag containing a knit cap, a pair of blue gloves, and a bandana (Toledo PD bar code # 442723)   3] a sealed brown bag containing duct tape, 3 purple gloves, 4 white gloves, a knit cap, 2 red shoe strings, a club, and a bag with assorted gloves (Toledo PD bar code # 442724   4] a clear plastic bag containing a Sony micro cassette recorder, two cassettes, and 2 AAA batteries (Toledo PD bar code # 462872).  All items will be inspected, photograped,  and placed into the Adrian PD property room.

Status:
    Open

Contact with Joseph Roan, dated 06/09/2008, by Officer Lanford, completed 06/09/2008:

On Friday, 06/06/08, I (lanford) made contact with W/Joseph Roan (517-673-6151) by tx reference reference nude pictures of V/Ashley Clark. Roan advised that approximately one year ago, sometime in May, he photographed Ashley Clark nude. He says that it was just the two of them and he can not remember where they were when he took the pictures. He says that they used two different cameras, one of which he believed was digital. Roan says that most of the photos were taken on or around what he

Copyright (c) 1986-2009 by DDP Police Services, Inc.



F:\DDPWIN\PICTURES\ASHLEYCLARK2 008.JPG

## Contents of 442673-Toledo PD

Case 2:14-cv-13399-LJM-DRG   ECF No. 1-1, PageID.153   Filed 09/03/14   Page 53 of 91





DSC_0508.JPG     039117-07     DSC_0509.JPG



DSC_0510.JPG

99363678

Defendant's Exhibit 24, page 1

## TOLEDO POLICE DEPARTMENT
## SUPPLEMENTAL CRIME REPORT
Rev. 4/95(e)

2007 JUL 2 16:17

| 3 APPROVED DISPOSITION | | TPD 38.3 | | 2 Records Section No. |
|---|---|---|---|---|
| ☐ Unfounded | ☐ Cleared - No A | 1 VICTIM Person Reporting Offense | | 039117-07 |
| ☒ Cleared by Arrest | ☐ Adjusted | Clark, Ashley | | 7 Date & Time of this Report |
| ☐ Investigation Continues | ☐ Inactive Case | 6 Victim's Race,Sex,Age,D.O.B. | | 06-25-07/1855 |

4 Location of Occurrence
**883 Colburn**

5 Type of Premises or Name of Business Where Offense was Committed
**Single Family Dwelling**

Victim's Race,Sex,Age,D.O.B.: **W/F, (18), 09-07-88**

10 Address of Victim/Person Reporting
**105 Spring  Hudson, MI.**  R.R.E.

11 Phone

13 Further Police Action Req'd. ☐ YES  ☒ NO

8 Date & Time Occurred  **06-17-07/1730**
9 Date & Time Reported  **06-17-07 1730**

12 Form Used As:
☐ CONTINUATION SHEET
☐ FOR CURRENT REPORT

SUPPLEMENTAL ☐ FOLLOW-UP  ☐ INVESTIGATION  ☐ DISPOSITION
☐ INFORMATION

15 Offense Reported as: **Conspire to Kidnap**

16 Change to: ☐ TMC  ☐ ORC

14 Type of Report Continued:
☐ CRIME  ☐ JUVENILE  ☐ FOLLOW
☐ TMC  ☐ ORC

17 (To Be Completed By Officer Preparing Felony Packet)

| IDENTIFICATION | STATEMENT | SEARCH | |
|---|---|---|---|
| ☒ On View | ☐ None | ☐ Incident to Arrest | Arrest Date: ____ ☐ YES  ☐ NO |
| ☐ One on One | ☒ Oral | ☐ Waiver of Search | Criminal History: ☐ YES  ☐ NO |
| ☐ Line Up | ☒ Taped | ☐ Search Warrant | Pintout Enclosed: |
| ☐ Photo | ☐ Waiver of Rights | ☐ Written  P.R. Number | Investigator(s): **Det. W. Johnson #1914** |

Prelim. Date: ____
Duty Hrs **1530x2330**  Phone: **245-3142**

18

## DISPOSITION:
Cleared by Arrest

## SYNOPSIS:
This report will show that Shaykin had attempted to hire Oliver, Snoderly and Sancrant to kidnap Clark from 883 Colburn. It will also show that Oliver, Snoderly and Sancrant were told to put Clark into Shaykin's vehicle and that he would take care of the rest. This report will show that Shaykin was arrested with several items inside his vehicle indicating his intent. This investigation is cleared by arrest.

## ARRESTED:
Shaykin, Mark
411 Springbrook Ave.
Adrian, MI. 49221

W.M., (43), DOB/01-28-64, 5'10/230 LBS, BRN/BRN
SS# 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
R# 48396116

## CHARGES:
Conspiracy

## VEHICLE INVOLVED:
Green, Dodge, Neon, M3942 (MI)

## WITNESSES:
| | | | |
|---|---|---|---|
| Lt. Ramirez #1696 | 321 Nebraska | TPD | PH# 936-2000 |
| Sgt. Smith #1549 | 525 N. Erie | TPD | PH# 245-3142 |
| Det. Culpert #1582 | 525 N. Erie | TPD | PH# 245-3268 |
| Sgt. Nichols #2106 | 301 Nebraska | TPD | PH# 936-2000 |
| Off Onstead # 2262 | 301 Nebraska | TPD | PH# 936-2000 |
| Off Vogt #2269 | 301 Nebraska | TPD | PH# 936-2000 |
| Oliver, Allen | 3740 Cavalear | Toledo, OH | |
| Snoderly, Josh | 807 Colburn | Toledo, OH | |

| 19 Officer Reporting - I.D. No. | 20 Typed by: Date/Time | 21 Supervisor's Approval | Date | Time |
|---|---|---|---|---|
| Det. W. Johnson #1914 | 06-25-07/1855 | WW 1724 | 7/1/07 | |

2

63678

RB# 039117-07   Cont.

Sancrant, Leo              1502 Western        Toledo, OH       PH# 243-3611
Rosales, Virginia          883 Colburn         Toledo, OH       PH# 243-3611
Miller, Stacy              883 Colburn         Toledo, OH

## EVIDENCE:
DVD of Interviews
Blue bandana
Black knit stocking cap
Roll of duct tape
Numerous latex gloves
Two pair of shoestrings
Half of a rolling pin wrapped in duct tape
One black belt
Ten packets of Seroquel tablets
Large bladed knife
Pink handkerchief
Paper map of area of 883 Colburn
Waiver of Search Warrant

## NARRATIVE:
On 06-17-07, at 1700 hours, Smith received a phone call from Oliver. Oliver had told Smith he, Snoderly and Sancrant had been hired to snatch a girl off the street. Oliver had told Smith the girl's name was "Ashley" and that she was supposed to be at 883 Colburn. Oliver told Smith that "Ashley" might be with a girl named "Stacy". Oliver told Smith that he and the others did not want to do it and that they were scarred of the person who had hired them. Oliver had gone to 883 Colburn and told the resident (Rosales) of what was happening and she did not believe Oliver. Oliver told Smith that he was to return to 883 Colburn in an hour and take "Ashley" and "Stacy" by force if they had to. Oliver told Smith that once they had the girl they were to take her to the alley and put her in a green Neon that would be waiting. Smith called for the assistance of additional units and had them to check the area for a green Neon. Smith went to 883 Colburn and was attempting to locate Rosales when Oliver, Snoderly and Sancrant arrived and told Smith that the person who had hired them was down the street in a green Neon. Units observed the vehicle and stopped the vehicle that was being driven by Shaykin. Smith asked Shaykin why did he send the three kids to 883 Colburn. Shaykin told them that they were there to get a girl for him. Shaykin told Smith that "Ashley" was extorting money from him. Shaykin was transported to the Safety Building and this detective was notified of the incident. Numerous attempts were made to locate Clark, all without success.

Unit #720 (Vogt/Onstead) transported Shaykin to the Safety Building when he told the officers that he had dropped off the males at his niece's house and they were to scare her. Oliver, Snoderly and Sancrant gave Nichols a large knife and other items. Oliver, Snoderly and Sancrant were transported to the Safety Building.

Once at the building, this detective and Smith interviewed Oliver, Snoderly and Sancrant separately. Each gave similar accounts on the incident. ** See DVD for complete interview**

Oliver gave this detective a cassette recording; he stated had Shaykin was talking about the plot. Oliver was told to find Shakyin's voice on the tape. Oliver left the building with the tape.

## SUMMARY OF INTERVIEW WITH SHAYKIN, 06-17-07, 1930 HOURS, SAFETY BUILDING:
Shaykin was shown and read a waiver of rights form that he read and signed. Shaykin denied any plot to kidnap Clark. Shaykin stated Clark was attempting to extort money from him for her drug usage. Shaykin also

Defendant's Exhibit 24, page 2

RB# 039117-07   Cont.                              3

admitted he had physically assaulted Clark because of her drug habit.  ** See DVD for complete interview**

Shaykin signed a waiver of search warrant and allowed Culpert to search his vehicle.  Culpert completed the search and recovered additional evidence that was booked into the property room.

Smith contacted Lucas County Prosecutor Weglian and was told that conspiracy was the correct charge-to-charge Shaykin with.   Shaykin was booked into LCJ.

On 06-25-07, this detective spoke with Clark.  Clark informed this detective that she was aware of what had happened.  Clark stated she has been afraid of Shaykin since he had beaten her on Mothers Day.  Clark stated she had come to Toledo and that Shaykin had been following her and attempting to find her.  Clark also stated that Shaykin had told her he was going to give her $400.00.  Clark stated she got the "run around" and told him "forget it".  Clark stated she wanted to proceed with charges against Shaykin.

This investigation is being considered cleared by arrest.

Defendant's Exhibit 24, page 3

**Adrian Police Department -- (517) 264-4808**
**155 E. Maumee Street, Adrian, MI 49221**

| Incident No: | 07-007081 |
|---|---|
| Status: | Closed |

| Date Reported: | Mon 08/06/2007 11:43 | Occurred Between: | 00:00 | and | 00:00 |
|---|---|---|---|---|---|

| Dispatch Time: | 12:16 | Arrival Time: | 12:23 | Clear Time: | 13:00 |
|---|---|---|---|---|---|

| Officers: | RINEY | Detective: | |
|---|---|---|---|

| Classification: | SEXUAL PENETR'N PENIS/VAGINA CSC3 -- (11002) |
|---|---|
| Classification: | KIDNAPPING/ABDUCTION -- (10001) |
| Classification: | AGGRAVATED/FELONIOUS ASSAULT -- (13002) |
| Classification: | FAMILY - OTHER -- (38003) |

| Location: | 405 COLLEGE AVE APT E,ADRIAN | Section / Nbh: | / |
|---|---|---|---|

| Description: | CSC -- CRIM SEX C | Entered: | DDP |
|---|---|---|---|

**Informational: (10001 KIDNAPPING/ABDUCTION)**
COURINGTON, SGT
Phone:
Race: White     Sex: Male

**Witness: (10001 KIDNAPPING/ABDUCTION)**
ROSALEZ, VIRGINIA, ALEXANDERA     Born:     Soc. Sec:
Ops:
Race: White     Sex: Female     Hair: Black     Eyes: Brown     Ethnicity: Hispanic
Height: 5'05"     Weight: 290 lbs.     Build: Large     Complex: Medium     Resident: of Community

**Arrested: (10001 KIDNAPPING/ABDUCTION)**
**Suspect: (11002 SEXUAL PENETR'N PENIS/VAGINA CSC3)**
**Suspect: (10001 KIDNAPPING/ABDUCTION)**
SHAYKIN, MARK, RONALD     Born:     Soc. Sec:
Phone:
Ops:     FBI No: 487994X7     SID No: 1209067M
Race: White     Sex: Male     Hair: Brown     Eyes: Brown     Ethnicity: Other Ethnicity/National Origin
Height: 5'10"     Weight: 234 lbs.     Build: Large     Complex: Light     Resident: of Community

Arrest Information:

| No | Date | Code | Description | Disposition Date | Disposition of Case |
|---|---|---|---|---|---|
| 1 | 01/28/2009 | 1099 | KIDNAPPING (OTHER) | 12/10/2009 | |

**Witness: (10001 KIDNAPPING/ABDUCTION)**
CARPENTER, MATTHEW, MARTIN     Born:     Soc. Sec:
Phone:
Race: White     Sex: Male     Hair: Brown     Eyes: Blue     Ethnicity: Other Ethnicity/National Origin
Height: 6'03"     Weight: 175 lbs.     Build: Medium     Complex: Light     Resident: of Community

**Informational: (10001 KIDNAPPING/ABDUCTION)**
LANFORD, DET., GREG
Phone:
Race: White     Sex: Male     Hair: Brown     Eyes: Brown
Height: 6'00"     Weight: 206 lbs.     Build: Medium     Complex: Fair     Resident: in the State

**Complainant: (10001 KIDNAPPING/ABDUCTION)**
**Victim: (13002 AGGRAVATED/FELONIOUS ASSAULT)**
**Victim: (11002 SEXUAL PENETR'N PENIS/VAGINA CSC3)**
**Victim: (10001 KIDNAPPING/ABDUCTION)**
CLARK, ASHLEY, NICOLE     Born:     Soc. Sec:

| Page: 1 Reported By: | Reviewed By: | Date Printed: 06/29/2011 |
|---|---|---|

Defendant's Exhibit 25, page 1

Incident No: 07-007081



Phone: ███████████

Race: White   Sex: Female   Hair: Brown
Height: 5'06"   Weight: 115 lbs.   Build: Small     Resident: in County

**Witness: (10001 KIDNAPPING/ABDUCTION)**

JOHNSON, DET., WILLIE

Phone: ███████████

Race: Black   Sex: Male

**Witness: (10001 KIDNAPPING/ABDUCTION)**

SMITH, SGT., GREG

Phone: ███████████
Phone:

Race: White   Sex: Male

**Witness: (10001 KIDNAPPING/ABDUCTION)**

OLIVER, ALLEN     Born: ███████████

Race: White   Sex: Male   Hair: Brown

**Witness: (10001 KIDNAPPING/ABDUCTION)**

SANCRANT, LEO, JOSEPH     Born:
Phone:
Phone:
Phone:

Race: White   Sex: Male   Hair: Blond

**Witness: (10001 KIDNAPPING/ABDUCTION)**

SNODERLY, JOSH, ALAN     Born:
Phone:
Phone:

Race: White   Sex: Male   Hair: Brown   Eyes: Brown   Ethnicity: Unknown
Height: 5'09"   Weight: 145 lbs.   Build: Average   Complex: Medium   Resident: Out of State

**Witness: (10001 KIDNAPPING/ABDUCTION)**

ROAN, JOSEPH

Phone: ███████████

Race: White   Sex: Male

**Informational: (10001 KIDNAPPING/ABDUCTION)**

TONEY, SGT, PHIL

Phone:
Phone:

Race: White   Sex: Male

**Property:**

1) Audiotaped copy of S/Shaykins Interview
   Item Num: 07-007081-001   Class: Recordings Audio/Visual
       Loss Type: None     Qty: 1

   Type: General Property
   Notes: Conducted at Toledo PD
2) Audio Tape - Interviews
   Item Num: 07-007081-002   Class: Recordings Audio/Visual
       Loss Type: None     Qty: 1

   Type: General Property
   Notes: Oliver, Snoderly, Sancraft- Conducted by Toledo PD
3) Audio Tape -Interview
   Item Num: 07-007081-003   Class: Recordings Audio/Visual

Defendant's Exhibit 25, page 2

Incident No:   07-007081

roperty:

| | Loss Type: | None | | Qty: | 1 |

Type:      General Property
4) Box- All evidence from Toledo PD
Item Num: 07-007081-004   Class:   Other
                          Loss Type:   None          Qty:   1

Type:      General Property
5) Pictures (nude) of V/A. Clark
Item Num: 07-007081-005   Class:   Other
                          Loss Type:   None          Qty:   1

Type:      General Property
Notes:      Pictures given to me (Lanford) by lois Komarynski
6) Custom computer tower-Black
Item Num: 07-007081-006   Class:   Computer Hardware/Software
                          Loss Type:   None          Qty:   1

Type:      General Property
Notes:      clear plastic side- Lois says that unit belongs to S/Shaykin
7) Lexmark printer/scanner
Item Num: 07-007081-007   Class:   Computer Hardware/Software
                          Loss Type:   None          Qty:   1

Type:      General Property
Notes:      taken in search of garage-411 Springbrook Ave
8) Bible, misc pictures, yellow folder, white folder
Item Num: 07-007081-008   Class:   Other
                          Loss Type:   None          Qty:   1

Type:      General Property
Notes:      taken during search of garage-411 Springbrook Ave
9) 1 apd evidence envelope containing 6 DVDs in cases
Item Num: 07-007081-009   Class:   Computer Hardware/Software
                          Loss Type:   None          Qty:   1

Type:      General Property
Notes:      Forensic Images of Shaykin computer and Copy of Forensic Report on DVD
10) CD-Phone recordings-Rec from Toledo PD
Item Num: 07-007081-010   Class:   Recordings Audio/Visual
                          Loss Type:   None          Qty:   1

Type:      General Property
11) 2 CDS-TOLEDO INTERVIEW AND VICTIM'S PHOTOS
Item Num: 07-007081-011   Class:   Recordings Audio/Visual
                          Loss Type:   Seized         Qty:   1

Type:      General Property
12) CDS- TOLEDO INTERVIEW AND PHOTOS OF VICTIM
Item Num: 07-007081-012   Class:   Recordings Audio/Visual
                          Loss Type:   Seized         Qty:   1

Type:      General Property
Original Narrative

SYNOPSIS: Ashley Clark reporting she was sexually assaulted by Mark Shaykin.

DEMEANOR OF:

VICTIM: Appeared to be normal.

Page: 3    Reported By:          Reviewed By:          Date Printed:   06/29/2011

Defendant's Exhibit 25, page 3

Incident No:   07-007081

VICTIM INTERVIEW: I made contact with Ashley Clark at the Lenawee County Sheriffs office. Clark wanted to report that on 5/13/2007 she was sexually assaulted by Mark Shaykin. Clark advised that she had been living with Shaykin for approximately one month. Shaykin is Clarks aunts ex-husband. Clark reported that they were just friends and that they had not had a romantic relationship. Clark advised that on 5/13/2007 she and Shaykin had got into an argument about her wanting to use the car to go an she her mother on mothers day. Clark told Shaykin that it was to late to see her mother but she wanted to go to a friends house. Shaykin told Clark that he wanted to go with her to the friends house. Clark agreed and they went to her friends house. Clark told Shaykin that she would only be a couple of minutes. Clark stated that she went into her friends house and smoked a marijuana joint. Clark advised that she was then relaxed and not mad at Shaykin for the earlier events. Clark advised that they went back 405 College apt E. Clark told Shaykin that she was going to get a shower. Clark entered the bathroom and shout the door.

Clark reported that Shaykin soon after entered the bathroom and shout off the lights. Clark reported that they just stood there in the dark. Clark advised that Shaykin did not say anything but was just looking at her. Clark was still fully clothed. Clark stated Shaykin then grabbed her and they began wrestling. Clark advised that Shaykin got her to the ground and pulled her blue jean pants and underware off. Shaykin also took Clarks t-shirt off. Clark reported Shaykin pinned to the ground with one hand around her neck choking her. Shaykin stuck his tongue in her mouth and said "you have been smoking crack I can taste it." Clark advised Shaykin then put his penis in her vagina and began having sex with her. Clark advised she told Shaykin that she had to go to the bathroom. Shaykin allowed her to get up and go to the bathroom. Clark reported that when she was done Shaykin grabbed her and pulled back to the floor and pinned her against the bathtub. Clark stated Shaykin again placed his penis in her vagina and began having sex with her. Clark advised Shaykin rolled to his back and made her sit on top of him with his penis in her vagina. Clark reported that she was telling Shaykin that he did not want to do this because he was going to be in trouble. Clark stated when Shaykin was done he would not let her leave the bathroom. Clark reported that she was pleading with Shaykin to let her leave the bathroom. Shaykin told Clark that she could leave when he fell asleep. Clark stated they went into the bedroom and layed in the bed. Clark reported when Shaykin fell asleep she left the residence and never returned.

NOTES: Clark advised that she went to Toledo, OH to get away from Shaykin. Clark advised while down there Shaykin had someone assault her and hold her against her will. Clark advised that Shaykin is currently in Jail in Ohio.

PRIOR HISTORY: Shaykin is on the sex offender registry.

CCH ATTACHED: A LEIN generated copy of the suspect's CCH was given to the prosecutor.

DETAIL LETHALITY ASSESSMENT: SUSPECT HAS FORCED SEX ON VICTIM

VICTIM'S RIGHTS PROVIDED: Clark was given a victims rights brochure.

STATUS OF COMPLAINT: Open.

COMPLAINT ROUTING: TOT Det. Lanford.

Defendant's Exhibit 25, page 4

Page: 4   Reported By:              Reviewed By:                    Date Printed:  06/29/2011

RS#039117-07

# Toledo Police Department

## Scientific Investigations Unit

Sergeant Keefe Snyder

(419) 245-3147



**Detectives:**

Chad Culpert
William Goetz
Scott Smith
Terry Cousino
Jerry Schriefer

(419) 245-3268
(419) 245-3269
Fax (419) 936-3678

## Evidence Technician Report

| Record Section number | 039117-07 | Victim | |
|---|---|---|---|
| Location | (00 Colburn | Victim Address | |
| Date of Offense | 6-17-07 | Offense | **Complicity To Commit Kidnapping** |
| Date of this Report | 6-17-07 | Requesting Detective | **Sgt. G. Smith** |

On 6-17-07 at approximately 2045 hours, Sgt. G. Smith requested that I accompany him to the 900 block of Colburn to photograph and collect evidence from a suspect vehicle. The vehicle is a green Plymouth Neon, 4 door with MI handicapped plate, M3942.

A number of digital photographs were taken of the vehicle, as it appeared parked in the 900 block of Colburn. Also photographed were a number of items collected from the vehicle and retained as potential evidence. The items collected are listed below with the location of their recovery.

Items from back seat of vehicle:

- A blue bandana
- A "Garage Fever" black knit stocking cap
- A pair of black gloves

Items from trunk of vehicle:

- One roll of duct tape
- Three purple colored latex gloves
- Four white latex gloves
- One black knit cap
- Two pair of red shoestrings
- One half of rolling pin partial wrapped with duct tape
- One black belt
- A tied closed plastic bag containing a number of assorted gloves
- Ten packaged Seroquel tablets

Respectfully,

Det. Chad Culpert  1582

Defendant's Exhibit 26

TOLEDO POLICE DEPARTMENT
SUPPLEMENTAL CRIME REPORT

ED DISPOSITION

☐ nfounded    ☐ Cleared - No Arrest
☐ Cleared by Arrest    ☐ Adjusted
☐ Investigation Continues    ☐ Inactive Case

| TPD 38.3 | | Rev. 4/95(e) |
| --- | --- | --- |
| 1 VICTIM Person Reporting Offense | | 2 Records Section No. |
| *State of Ohio* | | 039117-07 |

4 Location of Occurrence

**883 Colburn**

5 Type of Premises or Name of Business Where Offense Was Committed

**Street**

| 8 Date & Time Occurred  6-17-07 1730 | 9 Date & Time Reported  6-17-07 1730 |
| --- | --- |

6 Victim's Race,Sex,Age,D.O.B.

7 Date & Time of this Report  6-17-07 1830

10 Address of Victim/Person Reporting

11 Phone

| 12 Form Used As:  CONTINUATION SHEET    SUPPLEMENTAL    FOLLOW-UP    R.R.E. | 13 Further Police Action Req'd. |
| --- | --- |
| ☐ FOR CURRENT REPORT    ☒ INFORMATION    ☐ INVESTIGATION    ☐ DISPOSITION | ☐ YES    ☐ NO |

14 Type of Report Continued:
☒ CRIME    ☐ JUVENILE    ☐ FOLLOW-UP

15 Offense Reported as: ☐ TMC ☐ ORC *Conspiracy to Kidnap*

16 Change to: ☐ TMC ☐ ORC

17 (To Be Completed By Officer Preparing Felony Package)

| IDENTIFICATION | STATEMENT | SEARCH | Arrest Date: _____ | Prelim. Date: _____ |
| --- | --- | --- | --- | --- |
| ☐ On View | ☐ None | ☐ Incident to Arrest | Criminal History: ☐ YES | ☐ NO |
| ☐ One on One | ☐ Oral | ☐ Waiver of Search | Pintout Enclosed: ☐ YES | ☐ NO |
| ☐ Line Up | ☐ Taped ☐ Written | ☐ Search Warrant | Investigator(s): _____ | |
| ☐ Photo | ☐ Waiver of Rights    P.R. Number | | Duty Hrs. | Phone: |

18

This Sergeant assisted Unit 911 (Smith) in a possible abduction investigation. This Sergeant took three witnesses, Joshua Snoderoy, Leo Sancraft and Allen Oliver to 1502 Western. The witnesses gave this Sergeant a large knife, a cell phone and a recorded tape of conversations with Mark Shaykin. Mark Shaykin allegedly asked the witnesses to assist him in a kidnapping of his ex-girlfriend Ashley at 883 Colburn. This Sergeant escorted the witnesses to the Safety building.

Defendant's Exhibit 27

| 19 Officer Reporting - I.D. No. | 20 Typed by: Date/Time | 21 Supervisor's Approval | Date | Time |
| --- | --- | --- | --- | --- |
| NICHOLS, A.R #2106 | 6-17-07 1830 | | | |

| DISPOSITION | | TOLEDO POLICE DEPARTMENT SUPPLEMENTAL CRIME REPORT | |
|---|---|---|---|

☐ nfounded ☐ Cleared - No Arrest
☐ Cleared by Arrest ☐ Adjusted
☐ Investigation Continues ☐ Inactive Case

TPD 38.3     Rev. 4/95(e)

| 1 VICTIM Person Reporting Offense | 2 Records Section No. |
|---|---|
| | **039117-07** |

**4** Location of Occurrence
**883 Colburn**

| 6 Victim's Race,Sex,Age,D.O.B. | 7 Date & Time of this Report |
|---|---|

**5** Type of Premises or Name of Business Where Offense Was Committed
**Street**

| 8 Date & Time Occurred | 9 Date & Time Reported | 10 Address of Victim/Person Reporting | 11 Phone |
|---|---|---|---|

| 12 Form Used As: CONTINUATION SHEET ☐ FOR CURRENT REPORT | SUPPLEMENTAL ☒ INFORMATION | FOLLOW-UP ☐ INVESTIGATION | R.R.E. ☐ DISPOSITION | 13 Further Police Action Req'd. ☐ YES ☐ NO |
|---|---|---|---|---|

| 14 Type of Report Continued: ☒ CRIME ☐ JUVENILE ☐ FOLLOW-UP | 15 Offense Reported as: ☐ TMC ☐ ORC | 16 Change to: ☐ TMC ☐ ORC |
|---|---|---|

**17** (To Be Completed By Officer Preparing Felony Package)

| IDENTIFICATION | STATEMENT | SEARCH | Arrest Date: _____ | Prelim. Date: _____ |
|---|---|---|---|---|
| ☐ On View | ☐ None | ☐ Incident to Arrest | Criminal History: ☐ YES | ☐ NO |
| ☐ One on One | ☐ Oral | ☐ Waiver of Search | Pintout Enclosed: ☐ YES | ☐ NO |
| ☐ Line Up | ☐ Taped ☐ Written | ☐ Search Warrant | Investigator(s): _____ | |
| ☐ Photo | ☐ Waiver of Rights P.R. Number _____ | | Duty Hrs. | Phone: |

Defendant's Exhibit 28

**18**

THIS UNIT (722 W/OFFICER VOGT#2269) WAS ADVISED BY UNIT 505 OF AN INVESTIGATION BEING CONDUCTED BY UNIT 911 (SGT. SMITH) AT 883 COLBURN. THIS UNIT WENT TO LOCATION TO ASSIST WITH THE INVESTIGATION WHEN NOTIFIED THAT UNIT 301 (LT. RAMIREZ) HAD SUSPECT DETAINED IN THE 900 BLOCK OF COLBURN...DRIVING A GREEN DODGE NEON MI M3942. UPON ARRIVAL THE SUSPECT SHAYKIN, MARK DOB 1/28/64 WAS PLACED INTO CUSTODY AND TRANSPORTED TO THE SAFETY BUILDING REPORT ROOM, PRIOR TO TRANSPORTATION MR. SHAYKIN MADE A STATEMENT OF DROPPING OFF A COUPLE OF MALES AT HIS "NIECES" HOME TO SCARE HER. A SEARCH OF MR. SHAYKIN REVEALED A SMALL PLASTIC BAGGY OF SUSPECTED MARIJUANA IN HIS FRONT LEFT SHORTS POCKET-- BOOKED INTO CENTRAL PROPERTY ROOM BY #2269. A CELLULAR PHONE (NOKIA) AND A MICROCASSETTE-CORDER (SONY) BELONGING TO MR. SHAYKIN WERE TRANSPORTED WITH HIM...AND BOOKED IN CENTRAL PROPERTY ROOM BY #2269. MR. SHATKIN WAS SUBSEQUENTLY TRANSPORTED TO THE LUCAS COUNTY JAIL BY THIS UNIT AND BOOKED.

| 19 Officer Reporting - I.D. No. tpd02262, J. ONSTEAD | 20 Typed by: Date/Time JO, 6-17-07, 1930 | 21 Supervisor's Approval | Date | Time |
|---|---|---|---|---|

Case 2:14-cv-13399-LJM-DRG ECF No. 1-1, PageID.164 Filed 09/03/14 Page 64 of 91

# PROPERTY RECEIPT

Records Section No. 039 17-07

Date 6-17-07          Time 2/00

The listed property and/or money was obtained from:

Name MARK SHAYKIN

Address 405 College #E, ADRIAN MI 49221

☐ FOUND PROPERTY          ☒ EVIDENCE

☐ SAFEKEEPING          ☐ CONFISCATED

☐ OTHER _____

Description of Property:

26. INDIVIDUALLY SEALED PILLS (DEPAKOTE 500mg)
105 TABLETS OF DEPAKOTE IN WHITE PLASTIC
BOTTLE.
(1) SMALL BAG MARIJUANA
(2) CELL PHONES
(1) PINK HANKERCHIEF
(1) PAPER MAP

NOTE: ALL PROPERTY MAY BE DESTROYED AFTER 30 DAYS
IF NOT CLAIMED BY THE LAWFUL OWNER!

_____Refused_____
Signature of person listed above, from whom property was obtained

By Officer(s) VOGT / ONSTEAD

I.D. No./Rank 2269 / 2262   PTLM

This receipt is to be made in duplicate. One copy is to be given to the person
the property was obtained from, and one copy is to be turned in with the
appropriate Crime Report or Supplemental Report.

Defendant's Exhibit 29

TPD Form No. 23.12
Revised 9/97



# JULIA R. BATES
## LUCAS COUNTY PROSECUTING ATTORNEY

LUCAS COUNTY COURTHOUSE, SUITE 250, TOLEDO, OHIO 43604-1680
TELEPHONE (419) 213-4700 FACSIMILE (419) 213-4595

LUCAS COUNTY

ORIGINAL

2008 MAY 20 P 2: 11

### TO BE PICKED UP AT RECEPTIONIST DESK

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

May 20, 2008

Jack P. Viren, Jr., Esq.
1018 Adams Street
Toledo, Ohio 43624

> Re:   State of Ohio v. Mark Shaykin
> Case No.: CR 07-2344
> SUPPLEMENTAL DISCOVERY RESPONSE

Dear Mr. Viren:

In compliance with the State's continuing duty to supplement discovery, enclosed please find:

- DVD of a taped interviews of Allen Oliver, Leo Soncrant and Joshua Snoderly, as well as Mark Shaykin conducted on June 17, 2007; and

- CD of recordings taken from two micro-cassette tapes referenced in the above interviews

The interview of Allen Oliver, Leo Soncrant and Joshua Snoderly was recorded on the same surveillance tape at Toledo Police Investigative Services on June 17, 2007 as was the interview of your client Mark Shaykin. However, when initially copied for our office, Shaykin's interview was placed on a separate DVD from that of his co-conspirators. Please check to see which DVD had already been provided to you.

In addition, please be advised that the knife is going to be checked for Defendant's fingerprints. I will advise as soon as the results are in.

I have had copies of the DVD and CD I received today made for you and they are available to be picked up at the receptionist desk in our office. Kindly provide this office with a blank DVD and CD.

Sincerely,

Claudia A. Ford
Assistant Prosecuting Attorney

/caf

Defendant's Exhibit 30

IN THE COURT OF COMMON PLEAS

LUCAS COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | ) |
| Plaintiff, | ) |
| vs. | ) Case Nos. CR08-2214 |
| | CR07-2344 |
| MARK SHAYKIN, | ) |
| Defendant. | ) |

- - -

TRANSCRIPT OF PROCEEDINGS

BE IT REMEMBERED, That in the Information, Plea, and Sentencing Hearing of the above-entitled cause on May 28, 2008, before the Honorable Gene A. Zmuda, in the Lucas County Court of Common Pleas, the following proceedings were had, to wit:

APPEARANCES:

    Robert Miller, Assistant Prosecutor
       On Behalf of the Plaintiff;

    Jack Viren
       On Behalf of the Defendant.

- - -

PENGAD • 1-800-631-6989 • www.pengad.com   LASER BOND FORM A

THE COURT:  State of Ohio versus Mark Shaykin.  Court has before it an information that would appear to be a plea. I would look to the prosecutor for recitation of the plea agreement.

MR. MILLER:  Yes, Judge. Apparently there was a plea offer and then acceptance to a plea offer made between Claudia Ford, our office, and Mr. Viren through his client.  The State is going to nolle CR07-2344 in exchange for an Alford plea to the information in CR08-2214, attempt to commit abduction, a felony of the fourth degree.

THE COURT:  As well as, I believe, all pending motions in CR07-2344 to be withdrawn.

MR. VIREN:  Correct, Your Honor.

THE COURT:  And that both the State of Ohio and the defendant agree to a cap of 16 months pursuant to Ohio Revised Code 2953.08.

MR. VIREN:  That's correct, Your

PENGAD • 1-800-631-6989 • www.pengad.com   LASER BOND FORM A

Defendant's Exhibit 31, page 2

Honor.

THE COURT:  All right.  So that's a -- that is an accurate recitation of the plea agreement?

MR. VIREN:  That's correct, Judge.

THE COURT:  Have you discussed this plea agreement with your client?

MR. VIREN:  Yes, I have, Your Honor.

THE COURT:  And he is accepting of it?

MR. VIREN:  Yes, Your Honor.

THE COURT:  Mr. Shaykin, raise your right hand to be sworn, please.

- - -

MARK SHAYKIN,

having been previously sworn, was examined and testified as follows:

- - -

MR. VIREN:  Your Honor, I think we have to arraign him on the information.

THE COURT:  We have to have the information brought before us before I can

Defendant's Exhibit 31, page 3

arraign him. And I always place defendants under oath before I talk to them about waiver of prosecution.

MR. VIREN: Okay. Thank you, Your Honor. Sorry.

THE COURT: That's all right, Mr. Viren. Mr. Shaykin, as you well know, you have been before this Court on numerous occasions in 07-2344. That case was brought against you by way of indictment, which is the State of Ohio's process by which felony charges can be filed against individuals. The Court has before it 08-2214, which is a bill of information. That is a matter that was not presented to the grand jury. Under Ohio law the only way this Court can entertain a plea agreement to this bill of information is if you waive your affirmative right to have the matter presented to the grand jury. Do you understand that?

THE DEFENDANT: Yes, Your Honor, sir.

THE COURT: Okay. I can't order,

Defendant's Exhibit 31, page 4

nor is the prosecutor allowed to just file any bill of information. You as a defendant have the right to have it waived and then agree to be prosecuted by information. Have you reviewed this waiver of indictment document?

THE DEFENDANT: Yes, Your Honor, sir.

THE COURT: Do you have any questions about what it says?

THE DEFENDANT: No, Your Honor, sir.

THE COURT: As you well know, it says exactly what I told you; correct?

THE DEFENDANT: Yes, Your Honor, sir.

THE COURT: It also says one more thing, which is that with this bill of information, the costs associated with the indicted case 07-2344 would be transferred to this information case; you understand that?

THE DEFENDANT: Yes, Your Honor, sir.

PENGAD • 1-800-631-6989 • www.pengad.com  LASER BOND FORM A

Defendant's Exhibit 31, page 5

THE COURT:  Are you willing to waive your right to presentment of the charge to the grand jury and agree to be prosecuted by way of information to one count of attempt to commit abduction?

THE DEFENDANT:  Yes, Your Honor, sir.

THE COURT:  Mr. Viren, if you would approach, please.

Mr. Shaykin, I want you to review this document.  If you have any questions about the waiver document, ask the Court, otherwise sign where indicated.

THE DEFENDANT:  Yes, Your Honor, sir.

THE COURT:  Record should reflect Mr. Shaykin, after consultation with his attorney, has in fact executed the waiver of prosecution.  His signature has been witnessed by his attorney, and Court has now affixed its signature as a witness thereto. Based on the representations of Mr. Shaykin in open court, this Court finds that this

Defendant's Exhibit 31, page 6

defendant in open court and in writing has waived his prosecution by indictment, has consented to be prosecuted by way of information which has been filed by the prosecuting attorney, as well as consenting to transfer of court costs in 07-2344 to case 08-2214, and the Court has now signed journal entry authorizing that waiver. Now, case 08-2214 is properly before the Court for arraignment.

MR. VIREN: Yes. Thank you, Your Honor. On behalf of Mr. Shaykin, at this time, we would acknowledge receipt of a copy of the information, waive its reading in open court, waive any defects as to time, place, manner of service, enter a plea of guilty pursuant to North Carolina versus Alford to the sole count set forth in the information.

THE COURT: Let the record reflect the defendant through his counsel has acknowledged receipt of a copy of the information, waived its reading in open court, waived defects as to time, place,

Carolina v Alford is as follows. If the Alford plea is accepted by this Court, you will be found guilty of the charge and be sentenced as if in fact you are guilty of that charge. There is no lesser penalty because you've not plead guilty. Do you understand that?

THE DEFENDANT: Yes, Your Honor, sir.

THE COURT: All right. Do you further understand by entering this plea today you are waiving your right to trial?

THE DEFENDANT: Yes, Your Honor, sir.

THE COURT: As you well know, today was the scheduled trial date. And by entering this plea there won't be a trial in this matter. Do you understand that?

THE DEFENDANT: Yes, Your Honor, sir.

THE COURT: Because there's not a trial, you also are waiving a number of rights that would have occurred had the case

19

sir.

THE COURT:   Mr. Viren, if you approach one more time.   Mr. Shaykin, I want you to review the document one more time.   If you have any questions, please sign where indicated.   I'm sorry.   If you have any questions, ask the Court; otherwise, please sign where indicated.

Record should reflect that Mr. Shaykin in open court has executed the plea of guilty to lesser offense pursuant to North Carolina v Alford, that his signature has been witnessed by his attorney, by prosecutor Miller, and my very capable and ever present court reporter hop-a-long Shindorf.   At this time, I'd look to Mr. Viren because it's a guilty plea pursuant --

MR. VIREN:   Yes, Your Honor, by agreement between defendant, defendant's counsel, and the State, I will ask Mr. Shaykin certain questions regarding the information and his plea pursuant to --

THE COURT:   Very good.   One minute.

Defendant's Exhibit 31, page 15

*Alford Plea*

IN THE COURT OF COMMON PLEAS OF LUCAS COUNTY, OHIO

FILED
LUCAS COUNTY  Case No. _____ G-4801-CR-  200802214 _____

State of Ohio,

Plaintiff

2008 JUN -5 P 2: 18

vs.

\* **Plea of Guilty to Lesser Offense**
LUCAS COURT: **North Carolina v. Alford**
BERNIE QUILTER

MARK SHAYKIN
CLERK OF COURTS  Hon. ____ GENE A ZMUDA ____

Defendant

I withdraw my former not guilty plea and enter a **plea of Guilty pursuant to North Carolina v. Alford** to the lesser offense of (count, offense, R.C. section, and degree of felony/misdemeanor):

| COUNT | OFFENSE & R.C. SECTION & DEGREE | BASIC PRISON TERM | POSSIBLE FINE |
|---|---|---|---|
| CT. 1 | ATTEMPT TO COMMIT ABDUCTION, in | 6 - 18 months | up to $5,000.00 |
| | violation of R.C. 2923.02(A) & 2905.02(A)(2)&(B) | ( in monthly | |
| | a felony of the 4th degree | increments) | |

I understand the MAXIMUM penalty COULD be: a maximum basic prison term of ____ 18 months ____ of which ____ no time ____ is mandatory, during which I am NOT eligible for judicial release or community control. The maximum fine possible is $ ____ 5,000.00 ____ of which $ ____ -0- ____ is mandatory. Restitution, other financial costs and _____ is possible in my case.

If I am now on felony probation, parole, or community control, this plea may result in revocation proceedings and any new felony sentence shall be imposed consecutively.

I know any prison term stated will be the term served without good time credit. If I am sentenced to prison, for a felony 1 or a felony sex offense, after my prison release I will have 5 years of post-release control under conditions determined by the parole board. If I am sentenced to prison for a felony 2 or a felony 3 which involved causing or threatening physical harm , I will have mandatory post release control of 3 years. If I receive prison for a felony 3, 4, or 5, I may be given up to 3 years of post release control. If I violate conditions of supervision while under post release control, the parole board could return me to prison for up to nine months for each violation, for a total of 50% of my originally stated term. If the violation is a new felony, I could receive the greater of one year or the time remaining on post release control plus a prison term for the new c_____

E-JOURNALIZED

JUN - 5 2008

_____ Date _____

Signature of Defendant

Defendant's Exhibit 31.A, page 1

*Alford Plea*

If I am eligible and am granted community control at any point in my sentence, and if I violate any of the conditions imposed, I could be given a longer period under court control, greater restrictions, or a prison term from the basic range. Community control could last five years. I understand R.C. 2901.07 may require upon conviction, that I submit a DNA sample.

I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice, counsel and competence. I am not now under the influence of drugs or alcohol. No threats have been made to me. No promises have been made except as part of this plea agreement, stated entirely as follows:

All pending motions in case CR200702344 are withdrawn. Case CR200702344 is to be nolled at the time of sentence.

Both State of Ohio and Defendant agree to a cap of 16 months pursuant to R.C. 2953.08.

I understand by entering this plea I give up my right to a jury trial or court trial, where I could see and have my attorney question witnesses against me, and where I could use the power of the court to call witnesses to testify for me. I know at trial I would not have to take the witness stand and could not be forced to testify against myself and that no one could comment if I chose not to testify. I understand I waive my right to have the prosecutor prove my guilt beyond a reasonable doubt on every element of each charge.

By this plea of guilty, I DO NOT admit committing the offense, but I enter this plea only to avoid the risk of conviction on a more serious offense if I went to trial on the original charge and the possibility of a higher penalty as a result. I know the judge may either sentence me today or refer my case for a presentence report. I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence. I understand that under federal law, as a result of a felony conviction, I may never be able to use, receive, purchase, own, transport, or otherwise possess a firearm and violation is punishable as a felony offense. I understand that if I am not a U.S. citizen, conviction may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. I enter this plea voluntarily.

Signed and Dated: _____

_____
Attorney for Defendant

_____
Assistant County Prosecutor

_____
Court Reporter

_____
Signature of Defendant

FILED
LUCAS COUNTY
COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS
2008 JUN -5 P 2:18

**JUDGMENT ENTRY OF GUILTY**

The Court finds the defendant was advised of all constitutional rights, understanding nature of charge, effect of plea, maximum penalty involved, and made a knowing, intelligent, and voluntary waiver of those rights pursuant to Crim. R. 11. The plea is accepted and ordered filed. The Court finds defendant GUILTY of each offense to which defendant has entered this plea. A sentencing hearing is scheduled on _____ at _____. Bond is

_____
Date

_____
Judge

Defendant's Exhibit 31.A, page 2

STATE OF MICHIGAN     **ORIGINAL**

2-A JUDICIAL DISTRICT COURT, LENAWEE COUNTY

THE PEOPLE OF THE STATE OF MICHIGAN,

Circuit Court
File No. 09-14329-FH

v

District Court
File No. 09-0411

MARK DONALD SHAYKIN,

Defendant

FILED
39TH CIRCUIT COURT
SEP 1 4 2009
Lenawee County Clerk
Adrian, Michigan

PRELIMINARY EXAMINATION

BEFORE THE HONORABLE JAMES E. SHERIDAN, DISTRICT JUDGE

Adrian, Michigan - July 29, 2009

APPEARANCES:

| | |
|---|---|
| For the People: | RODNEY J. LEON (P69437)<br>Assistant Prosecuting Attorney<br>425 North Main Street<br>Adrian, Michigan 49221<br>517-264-4640 |
| For the Defendant: | ROBERT E. JAMESON (P56469)<br>Attorney at Law<br>526 North Main Street<br>Adrian, Michigan 49221<br>517-264-2999 |
| RECORDED BY: | Linda Rider, CER-7424<br>Certified Electronic Reporter |

Defendant's Exhibit 32, page 1

fraud, lying to a court?

A   Never been convicted of lying to a court.

Q   Burglary, robbery?

A   Burglary was--I was locked up when I was a juvenile.

Q   Okay.  What about as an adult?  Were you ever convicted of a theft offense of any nature?

A   No theft.  I got a--a drug abuse, does that count?

Q   No, a fraud offense.  No, listen to me.  I'm askin' about dishonesty, not--not your criminal record.

A   No.

MR. LEON:  Your Honor, I'm gonna object to this.

THE WITNESS:  No, I've never been--

MR. LEON:  I'm gonna--I'm gonna object to this whole line, Your Honor.  He asked if they--you'd been convicted of any dishonesty crimes, he says no, doesn't recall, then he tries to recount but we're gonna say that that's not relevant here and we're gonna--we're gonna ask that that be stricken.

THE COURT:  I think--I think we're gonna move forward anyway and the reason is, is that you might say the philosophical bent of the--of the witnesses, I think, have been set as far as--

MR. JAMESON:  Mmm-hmm.

THE COURT:  --what you might call ethical standards are concerned.  The--The witness has been incredibly candid about that--

LINDA RIDER, CER-7424
Certified Electronic Reporter
(517) 264-4656

157

MR. JAMESON: Mmm-hmm.

THE COURT: --and I mean bluntly candid and I, you know, to say that he's tryin' to cover up his philosophy of life, I think, would be ridiculous. He--He's been wildly open about that. I--I'm not sure that anything would be added at this point even if we did have convictions or no convictions. There's really nothing to add at this point. You can take that up in discovery in Circuit Court, if we get there. You may proceed.

MR. JAMESON: Oh, okay. I'm sorry.

BY MR. JAMESON:

Q Sir, did you receive any money for reporting this, like to Crime Stoppers or anything like that?

A No.

Q Did you have warrants quashed because of your cooperation in regard to this offense?

A Nope.

Q Did you have any--any legal--

A I haven't gained anything but inconvenience from doing this.

Q Thank you.

A They stick me in freezing cold holding cells and feed me bologna sandwiches for two days in a row. I got nothin'. They even took me outa prison, where I was smokin' and I had coffee and commissary and put me in CCNO one of the crappiest kinda jails in the State of Ohio, where I willingly stayed for

Defendant's Exhibit 32, page 3

get in the car and drive away and good luck catchin' me.

MR. LEON:  Nothing further.

REDIRECT EXAMINATION

BY MR. JAMESON:

Q    Allen, do you suffer from any mental dis--disorders?

A    Mental disorders?

Q    Yes, sir.

A    Let me see, manic depression.

Q    Have you been--have you ever been ruled--how about this.  In the year 2007 were you ever ruled incompetent to stand trial?

A    I got convicted.

Q    In July of `07, were--were you found incompetent to stand trial in--in--in Toledo?

MR. LEON:  Your Honor, objection.  He answered the question.

THE WITNESS:  I was convicted.  I--They dropped the incompetency thing.  I got sent to prison.  I'm not-- otherwise, I'd be in a mental hospital right now.

BY MR. JAMESON:

Q    Now, if--you're saying that Mr. Shaykin wants to, you know, this is way beyond killing, this is gonna be something more than that, you're sayin'?  He wasn't askin' you to do that, he wanted that pleasure for himself, right?

A    Hey, I mean, if that's what he thought, you know?

Q    Right.  He would--He would want that pleasure for himself,

Defendant's Exhibit 32, page 4

## LUCAS COUNTY SHERIFF'S OFFICE
### BOOKING SUMMARY

# 0706564

| Name (Last, First, Middle) | | | DOB | Age |
|---|---|---|---|---|
| SNODERLY, JOSH ALAN | | | 01/04/1989 | 19 |

**Address (Street, City, State)**
957 WILLOW
TOLEDO, OH, 43605

| Sex | Race | Height | Weight | Hair | Eye |
|---|---|---|---|---|---|
| M | W | 5'7" | 152 | BRO | BRO |

**Marital Status**
Single

| Birth Country | Birth State | Citizen |
|---|---|---|
| US | OH | |

Aliases: Name          DOB

**Behavior at Time of Booking**
A

Defendant's Exhibit 33, page 1

| Department | Arresting Officer 1 | | Arresting Officer 2 | | DT/TM Booked | DT/TM Arrested |
|---|---|---|---|---|---|---|
| TOLPOL | 2387 | MUSSERY | 2392 | FREELS | 03/15/2008 22:11 | 03/15/2008 21:30 |

| Location Of Arrest (Street, City, State) | | Arrest Type |
|---|---|---|
| COLBURN & HIETT | TOLEDO, OHIO | OV;BW |

| Advised of Miranda Rights | Claim Right to Counsel | Inmate Tased | NO |
|---|---|---|---|
| NO | | | |

Hospital Treated at Prior to Booking
1st
2nd

Treatment Refused

**Scars/Marks/Tattoos**
HISPANIC FEMALE BACK

Victims To Notify

| Release Date/Time | Signature of Releasing Officer | Disposition |
|---|---|---|
| 03/26/2008 10:35 | | |

| Out of Facility | Pretrial Activity | Notes |
|---|---|---|
| | Bed Owner/Agency: TOLMCT/TOLMCT<br>In: 03/15/2008 22:11 Out: 03/26/2008 10:35 | **Fingerprints Required** |

LUCAS COUNTY SHERIFF'S OFFICE
*BOOKING SUMMARY*

# 0706564

*st, First Middle)*
RLY, JOSH ALAN

*Clothing Worn*
**BLU PANTS(1);M/C SHIRTS(2);BLK HAT(1)**

| *Property Description* | | *Bin #* | *Tagging Bulk Property (Y/N)* |
|---|---|---|---|
| **M/C LIGHTERS(2);GRY CELL(1);OH ID(1)** | | | **No** |

BILLS

| *Transport Officer* | *Inventory* | | *Search By* | |
|---|---|---|---|---|
| | **3466** | **JOHNSON** | **3466** | **JOHNSON** |

*All Property and Finances Correct At Booking*      *All Property and Finances Correct At Release*

| *Agent Taking Holder Custody* | *Signature* | *Title* | *Agency* |
|---|---|---|---|

*Booked By*
**2296**

The undersigned a prisoner at the Lucas County Corrections Center, hereby acknowledges receipt of the Lucas County Corrections Center Handbook, and that while in custody is responsible for any damage to County Property until the time of release. The undersigned prisoner hereby authorizes the jailer to receive for the undersigned all mail addressed to him or her, to open and inspect such mail, and to deliver to him or her all mail which does not contain matter prejudicial to the safety or discipline of the Center.

*Signature Of Inmate At Booking*      *Signature Of Inmate At Release*

| *Right Thumb* | *Right Thumb* |
|---|---|

Defendant's Exhibit 33, page 2

LUCAS COUNTY SHERIFF'S OFFICE
BOOKING SUMMARY

**0706564**

(, First Middle)
RLY, JOSH ALAN

## Charges:

| Chrg/Cnt # | Court/Case No. | | Charge | Source | Code No. | RB No. |
|---|---|---|---|---|---|---|
| 1-1 | TOLMCT | TRD-XX-XXXXX-XXXX | LICENSE REQ;DRIVING WITHO | TMC | 335.01A1 | |

| Bound Over | Indicted | Arrest Type | Severity | Judge | Charge Date/Time |
|---|---|---|---|---|---|
| | | OV | M | MISDEMEANOR | 03/15/2008 22:11 |

| Disposition | Disp. Date/Time | Facility | Sentence | Out Date | Bond Type | Bond Amt |
|---|---|---|---|---|---|---|
| NO FILE | 03/18/2008 12:00 | | | | | |

| Chrg/Cnt # | Court/Case No. | | Charge | Source | Code No. | RB No. |
|---|---|---|---|---|---|---|
| 2-1 | TOLMCT | TRD-XX-XXXXX-XXXX | SEAT BELT REQ;OPERATE WIT | TMC | 337.35B1 | |

| Bound Over | Indicted | Arrest Type | Severity | Judge | Charge Date/Time |
|---|---|---|---|---|---|
| | | OV | M | MISDEMEANOR | 03/15/2008 22:11 |

| Disposition | Disp. Date/Time | Facility | Sentence | Out Date | Bond Type | Bond Amt |
|---|---|---|---|---|---|---|
| NO FILE | 03/18/2008 12:00 | | | | | |

| Chrg/Cnt # | Court/Case No. | | Charge | Source | Code No. | RB No. |
|---|---|---|---|---|---|---|
| 3-1 | TOLMCT | TRD-XX-XXXXX-XXXX | LICENSE PLATE ILLUMINATIO | TMC | 337.04B | |

| Bound Over | Indicted | Arrest Type | Severity | Judge | Charge Date/Time |
|---|---|---|---|---|---|
| | | OV | M | MISDEMEANOR | 03/15/2008 22:11 |

| Disposition | Disp. Date/Time | Facility | Sentence | Out Date | Bond Type | Bond Amt |
|---|---|---|---|---|---|---|
| NO FILE | 03/18/2008 12:00 | | | | | |

| Chrg/Cnt # | Court/Case No. | | Charge | Source | Code No. | RB No. |
|---|---|---|---|---|---|---|
| 4-1 | TOLMCT | TRD-07-08261-0103 | LICENSE REQ;DRIVING WITHO | TMC | 335.01A1 | 194129 |

| Bound Over | Indicted | Arrest Type | Severity | Judge | Charge Date/Time |
|---|---|---|---|---|---|
| | | BW | M | MCCONNELL | 03/15/2008 22:11 |

| Disposition | Disp. Date/Time | Facility | Sentence | Out Date | Bond Type | Bond Amt |
|---|---|---|---|---|---|---|
| FCO-42 | 03/26/2008 10:35 | | | | FB | 1,000.00 |

| Chrg/Cnt # | Court/Case No. | | Charge | Source | Code No. | RB No. |
|---|---|---|---|---|---|---|
| 5-1 | TOLMCT | TRD-07-08261-0203 | GLASS;BROKEN/CRACKED/D ISC | TMC | 337.31A | 194129A |

| Bound Over | Indicted | Arrest Type | Severity | Judge | Charge Date/Time |
|---|---|---|---|---|---|
| | | BW | M | MCCONNELL | 03/15/2008 22:11 |

| Disposition | Disp. Date/Time | Facility | Sentence | Out Date | Bond Type | Bond Amt |
|---|---|---|---|---|---|---|
| FCO-42 | 03/26/2008 10:35 | | | | FB | 300.00 |

| Chrg/Cnt # | Court/Case No. | | Charge | Source | Code No. | RB No. |
|---|---|---|---|---|---|---|
| 6-1 | TOLMCT | TRD-07-08261-0303 | SEAT BELT REQ;OPERATE WIT | TMC | 337.35B1 | 194129B |

| Bound Over | Indicted | Arrest Type | Severity | Judge | Charge Date/Time |
|---|---|---|---|---|---|
| | | BW | M | MCCONNELL | 03/15/2008 22:11 |

| Disposition | Disp. Date/Time | Facility | Sentence | Out Date | Bond Type | Bond Amt |
|---|---|---|---|---|---|---|
| FCO-42 | 03/26/2008 10:35 | | | | FB | 100.00 |

| Chrg/Cnt # | Court/Case No. | | Charge | Source | Code No. | RB No. |
|---|---|---|---|---|---|---|
| 7-1 | TOLMCT | TRD-07-24888-0101 | LICENSE REQ;DRIVING WITHO | TMC | 335.01A1 | 172966 |

| Bound Over | Indicted | Arrest Type | Severity | Judge | Charge Date/Time |
|---|---|---|---|---|---|
| | | BW | M | MCCONNELL | 03/15/2008 22:11 |

| Disposition | Disp. Date/Time | Facility | Sentence | Out Date | Bond Type | Bond Amt |
|---|---|---|---|---|---|---|
| FCO-42 | 03/26/2008 10:35 | | | | FB | 1,000.00 |

See next page for additional charges

Defendant's Exhibit 33, page 3

LUCAS COUNTY SHERIFF'S OFFICE

BOOKING SUMMARY

**0706564**

*, First Middle)*
RLY, JOSH ALAN

| Chrg/Cnt # | Court/Case No. | | Charge | | Source | Code No. | RB No. |
|---|---|---|---|---|---|---|---|
| 8-1 | TOLMCT CRB-07-15814-0102 | | CARRYING CONCEALED WEAPON | | TMC | 549.02 | 04535407 |
| *Bound Over* | *Indicted* | *Arrest Type* BW | *Severity* M1 | *Judge* SCHAEFFER | | | *Charge Date/Time* 03/15/2008 22:11 |
| *Disposition* FCO-42 | *Disp. Date/Time* 03/26/2008 10:35 | *Facility* | Sentence | Out Date | | *Bond Type* FB | *Bond Amt* 1,000.00 |

| Chrg/Cnt # | Court/Case No. | | Charge | | Source | Code No. | RB No. |
|---|---|---|---|---|---|---|---|
| 9-1 | TOLMCT TRD-07-29016-0101 | | DRIVING UNDER SUSPENSION/ | | TMC | 335.07A1 | 186319 |
| *Bound Over* | *Indicted* | *Arrest Type* BW | *Severity* M1 | *Judge* MCCONNELL | | | *Charge Date/Time* 03/15/2008 22:11 |
| *Disposition* FCO-42 | *Disp. Date/Time* 03/26/2008 10:35 | *Facility* | Sentence | Out Date | | *Bond Type* FB | *Bond Amt* 1,000.00 |

| Chrg/Cnt # | Court/Case No. | | Charge | | Source | Code No. | RB No. |
|---|---|---|---|---|---|---|---|
| 10-1 | TOLMCT CRB-07-24564-0101 | | OBSTRUCTING OFFICIAL BUSI | | ORC | 2921.31 | 118-811-07 |
| *Bound Over* | *Indicted* | *Arrest Type* BW | *Severity* M2 | *Judge* MCCONNELL | | | *Charge Date/Time* 03/15/2008 22:11 |
| *Disposition* FCO-42 | *Disp. Date/Time* 03/26/2008 10:35 | *Facility* | Sentence | Out Date | | *Bond Type* FB | *Bond Amt* 250.00 |

| Chrg/Cnt # | Court/Case No. | | Charge | | Source | Code No. | RB No. |
|---|---|---|---|---|---|---|---|
| 11-1 | TOLMCT CRB-07-15814-0202 | | OBSTRUCTING OFFICIAL BUSI | | TMC | 525.07A | 04534507 |
| *Bound Over* | *Indicted* | *Arrest Type* BW | *Severity* M2 | *Judge* SCHAEFFER | | | *Charge Date/Time* 03/15/2008 22:11 |
| *Disposition* FCO-42 | *Disp. Date/Time* 03/26/2008 10:35 | *Facility* | Sentence | Out Date | | *Bond Type* FB | *Bond Amt* 750.00 |

| Chrg/Cnt # | Court/Case No. | | Charge | | Source | Code No. | RB No. |
|---|---|---|---|---|---|---|---|
| 12-1 | TOLMCT CRB-07-21466-0101 | | OBSTRUCTING OFFICIAL BUSI | | TMC | 525.07 | 06201807 |
| *Bound Over* | *Indicted* | *Arrest Type* BW | *Severity* M2 | *Judge* MCCONNELL | | | *Charge Date/Time* 03/15/2008 22:11 |
| *Disposition* FCO-42 | *Disp. Date/Time* 03/26/2008 10:35 | *Facility* | Sentence | Out Date | | *Bond Type* FB | *Bond Amt* 250.00 |

| Chrg/Cnt # | Court/Case No. | | Charge | | Source | Code No. | RB No. |
|---|---|---|---|---|---|---|---|
| 13-1 | TOLMCT CRB-07-22482-0101 | | OBSTRUCTING OFFICIAL BUSI | | TMC | 525.07 | 06507907 |
| *Bound Over* | *Indicted* | *Arrest Type* BW | *Severity* M2 | *Judge* MCCONNELL | | | *Charge Date/Time* 03/15/2008 22:11 |
| *Disposition* FCO-42 | *Disp. Date/Time* 03/26/2008 10:35 | *Facility* | Sentence | Out Date | | *Bond Type* FB | *Bond Amt* 250.00 |

Defendant's Exhibit 33, page 4

## LUCAS COUNTY SHERIFF'S OFFICE
### BOOKING SUMMARY

# 0702393

| Name (Last, First, Middle) | | | DOB | | Age | |
|---|---|---|---|---|---|---|
| OLIVER, ALLEN MARK | | | 09/20/1984 | | 23 | |

**Address (Street, City, State)**
3740 CAVALEAR
TOLEDO, OH, 43610

| Sex | Race | Height | Weight | Hair | Eye |
|---|---|---|---|---|---|
| M | W | 5'11" | 180 | BRO | BRO |

**Marital Status**
Single

| Birth Country | Birth State | Citizen |
|---|---|---|
| US | OH | |

Aliases: Name          DOB

**Behavior at Time of Booking**
A

| Department | Arresting Officer 1 | | Arresting Officer 2 | DT/TM Booked | DT/TM Arrested |
|---|---|---|---|---|---|
| LUCSHR | 2102 | HOLZEMER | | 01/03/2008 11:16 | 01/03/2008 10:30 |

| Location Of Arrest (Street, City, State) | | Arrest Type |
|---|---|---|
| LUCCMP #5 | TOLEDO, OHIO | RE;BW |

| Advised of Miranda Rights | Claim Right to Counsel | Inmate Tased | NO |
|---|---|---|---|

**Hospital Treated at Prior to Booking**
1st
2nd

**Treatment Refused**

Scars/Marks/Tattoos

Victims To Notify

| Release Date/Time | Signature of Releasing Officer | Disposition |
|---|---|---|
| 02/07/2008 07:00 | | |

**Out of Facility**
Facility: LCCC
Out: 01/03/2008 21:00 In: 01/05/2008 11:43

Pretrial Activity

**Notes**
Fingerprints Required

SEE REMARKS - PAGE 2

Defendant's Exhibit 34

Case 2:14-cv-13399-LJM-DRG ECF No. 1-1, PageID.186 Filed 09/03/14 Page 86 of 91
Defendant's Exhibit 35, page 1

Close
%Open
%Save
%Print

Search Criteria

MISC 2009 0573          IN THE MATTER OF: IN THE MATTER OF ATTENDANCE OF WITNESS ALLEN OLIVE

Docket Entry                                  >      Begin Date        >    SortDescending
Images        All Dockets                            End Date          >
Participant                                    >
Display      Exclude Non Display Dockets
Option

1 Add Record
2 Delete Record
3 Long Display

4 Costs
5 Parties

6 No Ticklers

7 Image
8 Forms

9 Service Summary

10 File Tracking
11 Events

12 Docket Image
   Link
1 View Docket
   Images for the
   Case
2 Reorder Dockets

3 Docket ID
   Display
4 Print Docket

Search Results

| Docket Date | Reference | Description | Amt Owed/ Amt Dism/Credit | Amount Due |
|---|---|---|---|---|
| 9/16/2009 | 13 | ORDER IN RE:  ALLEN OLIVER'S ATTENDANCE AT CRIMINAL PROCEEDING IN LENAWEE CTY MICHIGAN FILED | 2.00 | 2.00 |
| 2009-27-2009 | | | | |
| 9/16/2009 | 12 | NOTICE TO SERVE RETURNED FILED | 0.00 | 0.00 |
| 9/16/2009 | 11 | SUBPOENA RETURNED SERVED: ALLEN OLIVER DATE: 09/15/09 FILED | 7.50 | 7.50 |
| 9/16/2009 | 10 | WARRANT FOR REMOVAL RETURNED SERVED; 09/15/09 FILED | 13.00 | 13.00 |
| 9/9/2009 | | ISSUE DATE: 9/9/09 SERVICE: WARRANT FOR REMOVAL OF MATERIAL WITNESS METHOD: PERSONAL SERVICE PROVIDER: ACSO | 0.00 | 0.00 |
| | | ALLEN OLIVER, C/O OAKWOOD CORRECTIONAL INSTITUTION | | |
| 9/9/2009 | | WARRANT FOR REMOVAL ISSUED TO SHERIFF W/ CERT. COPY OF ORDER | 7.00 | 7.00 |
| 9/9/2009 | | MAILING FEES | 8.00 | 8.00 |
| 9/9/2009 | | COPIES | 2.00 | 2.00 |

Defendant's Exhibit 35, page 2

| Date | No. | Description | | |
|------|-----|-------------|------|------|
| 9/9/2009 | | NOTICE TO SERVE  W/ CERT COPY OF SHOW CAUSE ORDER AND COPY OF REQUEST FOR ATTENDANCE OF OUT-OF-STATE WITNESS / CERTIFICATE OF JUDGE ISSUED TO ACSO FOR PERSONAL SERVICE ON;     ALLEN OLIVER, C/O OAKWOOD CORRECTIONAL INST LIMA OH | 13.00 | 13.00 |
| 9/8/2009 | 9 | SUBPOENA ISSUED TO PROSECUTOR  FOR: ALLEN OLIVER C/O OAKWOOD CI FILED | 2.00 | 2.00 |
| 9/8/2009 2009-26-2009 | 8 | ORDER TO CONVEY ALLEN OLIVER FOR MATERIAL WITNESS HEARING FILED | 2.00 | 2.00 |
| 9/8/2009 | | MAILING FEES | 8.00 | 8.00 |
| 9/8/2009 | | COPIES | 4.00 | 4.00 |
| 9/8/2009 2009-24-2009 | 7 | ORDER FOR SHOW CAUSE HEARING FILED | 4.00 | 4.00 |
| 9/8/2009 | 6 | REQUEST FOR ATTENDANCE OF OUT-OF-STATE WITNESS AND CERTIFICATE OF JUDGE (LENAWEE CTY CIRCUIT COURT - STATE OF MICHIGAN) | 0.00 | 0.00 |
| 7/29/2009 | 5 | WARRANT FOR REMOVAL  (OF ALLEN OLIVER)  RETURNED SERVED: DATE:  7/28/09 FILED | 13.00 | 13.00 |
| 7/28/2009 | | MAILING FEES | 4.00 | 4.00 |
| 7/28/2009 | | COPIES | 18.00 | 18.00 |
| 7/28/2009 | 4.1 | ORDER DIRECTING TRANSFER OF WITNESS TO APPEAR | | |

Defendant's Exhibit 35, page 3

| Date | # | Description | | |
|---|---|---|---|---|
| 2009-12-20 09 | | AND TESTIFY IN CRIMINAL PROSECUTION PENDING IN THE STATE OF MICHIGAN FILED | 18.00 | 18.0 |
| 7/28/2009 | 4 | SUMMONS RETURNED SERVED: DATE: 7/28/09 FILED | 9.50 | 9.50 |
| 7/27/2009 | | WARRANT FOR REMOVAL WITH CERTIFIED COPY OF ENTRY ISSUED TO THE ACSO FOR REMOVAL OF: ALLEN OLIVER, C/O OAKWOOD CORRECTIONAL INSTITUTION LIMA OH | 1.00 | 1.00 |
| 7/27/2009 | | SUMMONS WITH CERTIFIED COPY OF ENTRY AND COPY OF CERTIFICATE OF JUDGE ISSUED TO THE ACSO FOR PERSONAL SERVICE ON; ALLEN OLIVER, C/O OAKWOOD CORRECTIONAL INSTITUTION LIMA OH | 1.00 | 1.00 |
| 7/27/2009 | | MAILING FEES | 8.00 | 8.00 |
| 7/27/2009 | | COPIES | 2.00 | 2.00 |
| 7/27/2009 | 3 | ORDER TO CONVEY FILED | | |
| 2009-11-20 09 | | | 2.00 | 2.00 |
| 7/27/2009 | | MAILING FEES | 8.00 | 8.00 |
| 7/27/2009 | | COPIES | 2.00 | 2.00 |
| 7/27/2009 | 2 | MATERIAL WITNESS JUDGEMENT ENTRY FILED | | |
| 2009-10-20 09 | | | 2.00 | 2.00 |
| 7/27/2009 | 1 | MOTION TO FIX TIME AND PLACE FOR HEARING, FOR AN ORDER DIRECTING THE WITNESS TO APPEAR AT A TIME AND PLACE CERTAIN FOR HEARING AND FOR ISSUANCE OF A SUMMONS DIRECTING SAID WITNESS TO ATTEND AND TESTIFY IN COURT WHERE PROSECUTION IS PENDING FILED | 0.00 | 0.00 |



0508

Defendant's Exhibit 41



Priority Mail
ComBasPrice

02 1M
00042735:
MAILED FR(

Prisoner Name: *Mark Shaykin*

Prisoner Number: *314630*

~~IONIA CORRECTIONAL FACILITY~~
~~1576 W. Bluewater Hwy.~~
~~Ionia, MI 48846~~

*MACOMB CORRECTIONAL FACILITY*
*34625 26 Mile Road*
*New Haven, MI*
*48048*

RECEIVED

AUG 2 8 2014

CLERK'S OFFICE
DETROIT

*Clerk, United States District Court*
*Eastern District of Michigan*
*231 W. Lafayette Blvd*
*Detroit, MI 48226*

# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 14-13399 | Judge: Lawrence P. Zatkoff | Magistrate Judge: David R. Grand |
|---|---|---|

| **Name of 1st Listed Plaintiff/Petitioner:** | **Name of 1st Listed Defendant/Respondent:** |
|---|---|
| MARK R. SHAYKIN | KENNETH ROMANOWSKI |

| **Inmate Number:** 314630 | **Additional Information:** |
|---|---|
| **Plaintiff/Petitioner's Attorney and Address Information:** | |

**Correctional Facility:**

Macomb Correctional Facility

34625 26 Mile Road
New Haven, MI 48048
MACOMB COUNTY

**BASIS OF JURISDICTION**
 ☐ 2 U.S. Government Defendant
 ☒ 3 Federal Question

**NATURE OF SUIT**
 ☒ 530 Habeas Corpus
 ☐ 540 Mandamus
 ☐ 550 Civil Rights
 ☐ 555 Prison Conditions

**ORIGIN**
 ☒ 1 Original Proceeding
 ☐ 5 Transferred from Another District Court
 ☐ Other:

**FEE STATUS**
 ☒ IFP *In Forma Pauperis*
 ☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ Yes          ☒ No
   ➤ If yes, give the following information:

   Court: _____

   Case No: _____

   Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ Yes          ☒ No
   ➤ If yes, give the following information:

   Court: _____

   Case No: _____

   Judge: _____

MIED (Rev. 07/06) Civil Cover Sheet for Prisoner Cases