UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Mark R. Shaykin,<br><br>    Petitioner,<br><br>v.<br><br>Kenneth Romanowski,<br><br>    Respondent. | Case No. 14-cv-13399<br>Honorable Laurie J. Michelson<br>Magistrate Judge David R. Grand |

**OPINION AND ORDER DENYING
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [8]**

Petitioner Mark Shaykin, an inmate confined at the Macomb Correctional Facility in Michigan, filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Dkt. 1.) Respondent Warden Kenneth Romanowski filed a motion for summary judgment, arguing that Shaykin's petition was two days too late under the statute of limitations. (Dkt. 8.) In response, Shaykin filed a brief (Dkt. 13) and a supplemental affidavit with various exhibits (Dkt. 15). Shaykin argues, among other things, that the Court should apply the prison mailbox rule to determine when his collateral appeal in state court tolled the statute of limitations for his federal habeas petition. The Court agrees and will therefore deny Respondent's motion for summary judgment.

**I.**

On October 28, 2009, a jury in Lenawee County, Michigan, found Petitioner Mark Shaykin guilty of conspiracy to commit unlawful imprisonment (Mich. Comp. Laws §§ 750.157a and 750.349b), two counts of solicitation of unlawful imprisonment (§§ 750.157b(3) and

750.349b), and using a computer to commit solicitation of unlawful imprisonment (§ 752.797(3)(e)). (Dkt. 1, Petition at 1.) Shaykin received a life sentence. (*Id.*)

Shaykin pursued a direct appeal to the Michigan Court of Appeals, which affirmed his convictions on February 22, 2011. *See People v. Shaykin*, No. 295883, 2011 WL 668255 (Mich. Ct. App. Feb. 22, 2011). The Michigan Supreme Court denied Shaykin's application for leave to appeal on September 26, 2011. *See People v. Shaykin*, 803 N.W.2d 326 (Mich. 2011). The United States Supreme Court then denied Shaykin's petition for certiorari on February 21, 2012, *see Shaykin v. Michigan*, 132 S. Ct. 1590 (2012), and denied Shaykin's petition for rehearing on April 16, 2012, *see Shaykin v. Michigan*, 132 S. Ct. 1963 (2012). This concluded Shaykin's direct appeal.

Shaykin also pursued collateral review in Michigan state courts. About 11 months after the conclusion of his direct appeal, Shaykin filed a motion for relief from judgment with the Lenawee County Circuit Court. (Respondent's Mot., App'x C, Mot. for Relief from J.) As the timing of that motion is the critical issue here, the details are as follows: Shaykin signed the motion on March 18, 2013 (*id.* at 8), he turned the motion over to prison officials for mailing on March 19[1] (Petitioner's Resp. at 7), and the motion was stamped as filed by the Lenawee County court on March 22. (Mot. for Relief from J. at 8.) Shaykin's claims in that motion largely overlap with his claims in his federal habeas petition, including various ineffective assistance of counsel claims, a confrontation clause claim, and a claim under the fourteenth amendment. (*Id.* at 2–7; Petition at 3–4.) Though Shaykin's direct appeal did not address many of these claims, the trial court summarily denied Shaykin's motion for relief from judgment on April 24, 2013, stating, "All issues were previously raised and decided against the Defendant by the Court of Appeals."

---

[1] In Petitioner's *pro se* response, he at times uses April 2013 dates in reference to his motion for relief from judgment. The Court attributes this to typographical error.

(Petition, App'x 1.) The trial court denied his motion for reconsideration as untimely on May 16, 2013. (Petition, App'x 2.) The Michigan Court of Appeals denied Shaykin's application for leave to appeal on December 27, 2013. (Petition, App'x 6.) And the Michigan Supreme Court denied his application for leave to appeal on July 29, 2014. *People v. Shaykin*, 849 N.W.2d 372 (Mich. 2014). This concluded his collateral proceedings in state court.

Shaykin signed his petition for writ of habeas corpus under 28 U.S.C. § 2254 on August 26, 2014, (Petition at 6), and it was filed in this Court on September 3, 2014, (Dkt. 1).

## II.

Outside of a few contexts not relevant here, the Antiterrorism and Effective Death Penalty Act provides that a federal habeas petitioner must file his petition within one year from "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). However, a petitioner's "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" tolls the statute of limitations. 28 U.S.C. § 2244(d)(2).

The parties agree that the statute of limitations started to run for Shaykin on April 17, 2012, the day after his direct appeal became final when the United States Supreme Court denied Shaykin's petition for rehearing on his petition for certiorari. (Respondent's Mot. at 8; Petition at 4.) The parties also agree that *roughly* eleven months later, the one-year clock paused for Shaykin when he sought post-conviction relief by filing a motion for relief from judgment in Lenawee County Circuit Court in Michigan. (Respondent's Mot. at 8; Petition at 4.) Finally, they agree that the statute of limitations started to run again on July 29, 2014, when the Michigan Supreme Court declined to review Shaykin's motion for relief from judgment, concluding his

3

state-court collateral appeal. (Respondent's Mot. at 10; Petition at 4.) They also agree when Shaykin filed his federal habeas petition—because Shaykin filed his federal habeas petition *pro se*, his petition is considered filed the date on which he signed it under penalty of perjury, here August 26, 2014. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

But the parties disagree on when exactly Shaykin's collateral appeal in Michigan state court—his March 2013 motion for relief from judgment—paused the one-year clock. On one hand, Respondent says the statute of limitations was tolled as of the date of the motion's actual filing (March 22, 2013), which would make Shaykin's federal habeas petition two days late. (Respondent's Mot. at 10–11.) In other words, Respondent claims that the one-year statute of limitations was running from April 17, 2012 (the date after the direct appeal became final) until March 22, 2013 (the date the time was tolled because of the filing of Shaykin's collateral appeal). Shaykin therefore had 26 days remaining on the one-year clock to file his habeas petition once the tolling period ended on July 29, 2014 when the Michigan Supreme Court's ruling ended the collateral review proceedings. But he did not file his federal habeas petition until 28 days later. Thus, says Respondent, his filing was two days late.

On the other hand, Shaykin argues the statute of limitations started to toll several days earlier, March 19, 2013, the day he handed his state-court motion for relief from judgment over to prison officials to mail it. (Petitioner's Resp. at 7.) In other words, if the statute of limitations was running from April 17, 2012 until March 19, 2013, then Shaykin had 29 days remaining to timely file a habeas petition after the tolling period ended. And his August 26, 2014 filing was only 28 days after the Michigan Supreme Court's July 29, 2014 ruling, which would make his federal habeas petition timely with a day to spare. To reach this conclusion, Shaykin says that the

4

prison mailbox rule should apply to determine when his motion for relief from judgment in state court tolled AEDPA's statute of limitations. (Petitioner's Resp. at 3–7.)

Under the federal prison mailbox rule, a *pro se* prisoner's court documents are considered "filed" when he delivers them to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). But not all states apply that rule for state court filings, and under AEDPA, state procedural law generally governs whether an application for collateral review is "properly filed" for purposes of tolling the statute of limitations. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). Courts apply state procedural law in this setting because of "'the high degree of respect' and 'deference' [AEDPA] affords state courts." *Adams v. LeMaster*, 223 F.3d 1177, 1181 (10th Cir. 2000) (quoting *Webster v. Moore*, 199 F.3d 1256, 1258 (11th Cir.2000) (per curiam)).

Nevertheless, as the Seventh Circuit recently held, "the *Houston* mailbox rule operates to 'file' a pro se prisoner's state post-conviction motion under AEDPA's statutory tolling provision unless the state has clearly rejected the rule." *Ray v. Clements*, 700 F.3d 993, 1012 (7th Cir. 2012) (noting that "a majority of our sister circuits" have held that same); *see also Orpiada v. McDaniel*, 750 F.3d 1086, 1089–90 (9th Cir. 2014) (holding that the prison mailbox rule did not apply to determine filing date of Nevada state-court post-conviction petition because Nevada had "expressly rejected application of the rule" for such petitions).

This approach is not inconsistent with the little Sixth Circuit authority on this issue. Specifically, in *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003), a federal habeas petitioner challenged the Ohio state courts' conclusion that his state-court post-conviction petition was untimely. The Sixth Circuit rejected the petitioner's attempt to use the prison

5

mailbox rule to reconsider the state courts' determination because, among other things, the Ohio Supreme Court had "expressly rejected" the prison mailbox rule. *Id.* (noting that (at the time) "the majority of federal circuits to consider the issue have declined to extend the mailbox rule to the determination of filing dates for state post-conviction applications"). Thus, the Court will address whether Michigan has "expressly rejected" the prison mailbox rule for motions for relief form judgment.

Respondent relies on *Walker-Bey v. Dep't of Corr.*, 564 N.W.2d 171, 173 (Mich. Ct. App. 1997), to urge broadly that "Michigan has declined to adopt the prison mailbox-rule for filing state-court pleadings." (Resp.'s Mot. at 9.) True, in that per curiam opinion, the Michigan Court of Appeals declined to apply the prison mailbox rule to a petitioner who sought judicial review of an administrative finding, observing, "The decision to adopt the prison mailbox rule belongs to the Legislature and to the Supreme Court which, if they see fit, are empowered to rewrite the statute and the court rules, respectively." *Id.* But the court in *Walker-Bey* did not address motions for relief from judgment. And more important, Respondent fails to mention that after *Walker-Bey*, Michigan did precisely what the court in *Walker-Bey* suggested: it revised its court rules to provide for a prison mailbox rule.

In 2010, certain Michigan Court Rules were amended to give inmates the benefit of the mailbox rule: Mich. Ct. R. 7.204(A)(2)(e) (providing prison mailbox rule to an appeal of right to Michigan Court of Appeals in a criminal case); Mich. Ct. R. 7.205(A)(3) (providing prison mailbox rule to an application for leave to appeal to Michigan Court of Appeals in a criminal case); Mich. Ct. R. 7.305(C)(4) (providing prison mailbox rule to application for leave to appeal to Michigan Supreme Court in a criminal case).

Notably, none of these amended rules apply to post-conviction relief in Michigan state court, which a defendant can pursue through a motion for relief from judgment under Michigan Court Rules 6.500 *et seq*. The post-conviction relief rules themselves do not expressly address whether the prison mailbox rule applies to determine timeliness. For good reason. The Michigan rules impose no timeliness requirement for a motion for relief from judgment. *See* Staff Comment to 2006 Amendment to MCR 6.502 (Justices Corrigan, Young and Markman dissenting to decision not to adopt proposed one-year statute of limitations).

As the Second Circuit observed in *Fernandez v. Artuz*, 402 F.3d 111, 116 (2d Cir. 2005), when a federal court applies the prison mailbox rule for AEDPA purposes to a state-court filing for which there is no timeliness requirement, "[t]here is no and can be no real conflict between state law and federal law." Thus, in *Fernandez*, the Second Circuit applied the prison mailbox rule to the petitioner's filing of a New York state-court *coram nobis* petition—for which New York imposed no timeliness requirement—even though New York courts' had rejected the rule in other contexts. *Id.* The court reasoned that "because New York State prescribes no deadline for *coram nobis* petitions, New York State courts will never have occasion to decide whether the prison mailbox should apply to them." *Id.*; *but see Howland v. Quarterman,* 507 F.3d 840, 845 (5th Cir. 2007) (rejecting application of prison mailbox rule to Texas state-court habeas petition for which there was no filing deadline).

Similarly, in *Ray v. Clements*, the Seventh Circuit applied the prison mailbox rule to determine when the petitioner's Wisconsin state-court post-conviction relief tolled AEDPA's statute of limitations where the state imposed no timeliness requirement and state law provided no specific guidance on whether the mailbox rule applied. 700 F.3d at 996, 1004, 1006. Like here, the state's highest court had embraced the prison mailbox rule in another context: the

Supreme Court of Wisconsin "made its endorsement of the *Houston* mailbox rule abundantly clear" by adopting it for pro se prisoners' state certiorari petitions. *Id.* at 1005. The Seventh Circuit also reasoned that "the absence of state-imposed conditions to filing under state law does not prevent us from recognizing a document as 'properly filed' under AEDPA as a matter of federal law." *Id.* at 1006.

Consistent with the approach—and recognizing Michigan's adoption of the prison mailbox rule for prisoners' direct appeals—some judges in this district have applied the prison mailbox rule to Michigan state-court motions for relief from judgment when calculating AEDPA's statute of limitations. *See Moore v. Curley*, No. 11-13451, 2012 WL 3029779, at *1 (E.D. Mich. July 25, 2012) (noting that because Michigan "recently adopted some form of the prison mailbox rule," the Court would consider the petitioner's motion for relief from judgment filed "the date that he gave the motion to prison officials for mailing") (Lawson, J.); *see also Lindsey v. Smith*, No. 2:10-CV-14766, 2011 WL 3113110, at *1 (E.D. Mich. July 26, 2011) (Tarnow, J.) (holding that "[b]ecause the earlier date does not affect the timeliness of the petition," the Court would "deem" the motion for relief from judgment filed the "date he gave his motion for relief from judgment to prison officials for mailing.")

Still, other judges have declined to apply the prison mailbox rule in these circumstances. As one opinion explained:

> Although Michigan now recognizes a type of "prison mailbox rule," it is applicable only "[t]o appeals from administrative agencies, appeals from circuit court (both claims of appeal and applications for leave to appeal), and appeals from decisions of the Court of Appeals to the Supreme Court." *See* Staff Comment to February 25, 2010 Amendment, foll. Michigan Court Rule 7.105, 7.204, 7.205, 7.302. Michigan's post-conviction court rules do not contain a prison mailbox rule for the filing of a post-conviction motion for relief from judgment with the trial court. The federal mailbox rule cannot be applied by a federal habeas court to determine that a prisoner's state post-conviction pleading has been timely filed, where the mailbox rule has not been recognized by that

8

state's appellate courts. *See, e.g.*, *Vroman v. Brigano*, 346 F.3d 598, 603-04 (6th Cir. 2003).

*Smith v. Palmer*, No. 2:12-CV-11036, 2015 WL 5707105, at *5 (E.D. Mich. Sept. 29, 2015) (Hood, J.) (holding that petitioner was nevertheless entitled to equitable tolling); *see also Robinson v. Romanowski*, No. 2:14-CV-10617, 2014 WL 5480808, at *2 (E.D. Mich. Oct. 29, 2014) (Drain, J.) (holding that because "Michigan's post-conviction court rules do not contain a prison mailbox rule for the filing of a post-conviction motion for relief from judgment . . . [t]he federal mailbox rule cannot be applied by a federal habeas court to determine that a prisoner's state post-conviction pleading has been timely filed.").

These cases therefore apparently relied on the absence of any express prison mailbox rule in Michigan's post-conviction relief procedures to justify denying application of the rule in the federal habeas setting. But as discussed, under highly persuasive authority, the better inquiry is whether Michigan has expressly rejected the rule. And the Court sees little evidence that it has. In 2010, Michigan fully embraced the prison mailbox rule for direct appeals. And as Michigan imposes no timeliness requirement for collateral appeals, Michigan courts "will never have occasion to decide whether the prison mailbox should apply to them." *See Fernandez*, 402 F.3d at 116.

In an apparent attempt to minimize the 2010 prison mailbox rule amendments to the Michigan Court Rules, Respondent cites a summary order from the Michigan Supreme Court, which denied leave to appeal and noted the following:

> The prison mailbox rule of MCR 7.205(A)(3) applies only to applications for leave to appeal to the Court of Appeals from lower court decisions or orders rendered on or after March 1, 2010. The motion for relief from judgment in this case was denied on November 6, 2009.

*People v. Lewis*, 806 N.W.2d 311 (Mich. 2011). This is not enough to convince the Court that Michigan courts have expressly rejected the application of the prison mailbox rule to motions for relief from judgment. Accordingly, in "the absence of state-imposed conditions to filing under state law" the Court will apply the federal prison mailbox rule and can recognize Shaykin's motion for relief from judgment in Michigan state court "as 'properly filed' under AEDPA as a matter of federal law." *See Ray*, 700 F.3d at 1006.

Ample evidence supports that Shaykin turned his motion for relief from judgment over to prison officials for mailing on March 19, 2013. He signed the motion on March 18, 2013. (Mot. for Relief from J. at 8.) He produced a Michigan Department of Corrections disbursement authorization form for expedited legal mail that he signed on March 19, 2013, suggesting that he turned over the papers to prison officials that same day. (Petitioner's Resp. Ex. 3.) And he produced an account statement showing disbursement for legal postage on March 20, 2013. (Petitioner's Resp., Ex. 4.)

That being so, by the time Shaykin's pursuit of post-conviction relief in Michigan state-court concluded on July 29, 2014, Shaykin had 28 days to file his federal habeas petition. By signing his petition on August 26, he just made it.

## III.

For the reasons stated, Respondent's motion for summary judgment (Dkt. 8) is DENIED.

The Court further ORDERS Respondent to submit an answer addressing the merits of petitioner's habeas claims and any Rule 5 materials that have not already been submitted to the

Court within sixty days of this order.

        SO ORDERED.

                              s/Laurie J. Michelson
                              LAURIE J. MICHELSON
                              UNITED STATES DISTRICT JUDGE

Dated:  January 15, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 15, 2016.

                              s/Jane Johnson
                              Case Manager to
                              Honorable Laurie J. Michelson